United States District Court
Southern District of Texas
FILED

JAN 13 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAVIER ALONZO, ET AL., § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CIVIL CAUSE NO. C-00-006 | |
| § | | |
| HON. JOHN A. POPE, ARNULFO GUERRA, § | | |
| FRANK R. NYE, HORACIO P. GUERRA, III, § | | |
| AND ELDA CASTILLO § | | |
|     Defendant. § | | |

## DEFENDANTS POPE AND CASTILLO'S MOTION TO DISMISS

TO THE HONORABLE JUDGE HAYDEN W. HEAD, JR:

    COME NOW, Defendants Honorable John A. Pope and Elda Castillo, by and through their attorney of record, John Cornyn, the Attorney General of Texas and the undersigned Assistant Attorney General, and file this motion to dismiss under Federal Rule of Civil Procedure 12 (b)(6) and in doing so would show the court as follows:

### I. INTRODUCTION

    Plaintiffs Javier Alonzo, Jose Luis Alonzo, Javier Alonzo Jr., Luis Alonzo Jr., Coronado Alonzo, Gregory Castillo, Eduardo Castillo, and Rosbel Castillo ("Plaintiffs") filed their original petition in the 229th Judicial District Court in Duval County, Texas, on December 7, 1999. Plaintiffs served the Honorable John A. Pope by certified mail, return receipt requested on December 21, 1999. Plaintiffs did not obtain service on Elda Castillo, Court Coordinator for the 381st District Court in

Starr County.[1] Defendant Arnulfo Guerra removed this lawsuit to this Court on January 6, 2000, based on 28 U.S.C. §1441.[2] Defendants Pope and Castillo filed their consent to removal on January 12, 2000.

The Plaintiffs in this lawsuit are the plaintiffs in an underlying case, Cause No. 16696, *Amador, et al v. Alonzo Concrete Products Limited, et. al.,* filed in the 229th District Court, Duval County, Texas. The Presiding Administrative Law Judge, State District Judge Darrell Hester, assigned this case to Judge John Pope. *See* Plaintiffs' petition p. 3.

In this case, Plaintiffs allege that Judge Pope acted without jurisdiction on several unspecified rulings against the plaintiffs. *See* Plaintiffs' Petition p.3, ¶1. In addition, Plaintiffs complain that the District Court Court Coordinator, Elda Castillo, did not treat Plaintiff in a fair and equitable manner on certain undocumented occasions. *See* Plaintiffs' petition p.4, ¶ 2. Finally, plaintiffs allege a conspiracy between District Court Judge John Pope and the attorneys in this action based on unspecified "professional and business arrangements." *See* Plaintiffs' Petition, p.5, ¶ 3.

Defendants bring this motion to dismiss since no substantive cause of action has been alleged against the Honorable John Pope or Elda Castillo. Moreover, even if a clear set of facts upon which to base a cause of action has been presented, the claims against Judge John Pope and Elda Castillo must be dismissed because Judge Pope and Elda Castillo are entitled to absolute judicial immunity. Accordingly, Judge John Pope and Elda Castillo file this motion to dismiss pursuant to FED. R. CIV. P. 12 (b)(6).

---

[1] Although she has not been served properly in this matter, Elda Castillo waives service in this matter and joins in this motion to dismiss pursuant to FED. R. CIV. P.12(b)(6)

[2] Defendants timely file this answer pursuant to FED. R. CIV. P. 81(c) and FED. R. CIV. P. 6(a).

## II. ARGUMENTS AND AUTHORITIES

**A. Defendant Pope is immune from suit in his individual capacity.**

For over 100 years, federal courts have recognized a judge is entitled to judicial immunity from suit in his individual capacity when his actions are taken in his judicial capacity. *Bradley v. Fisher*, 13 Wall. 335, 351 (1872). The Fifth Circuit has identified a number of reasons for absolute judicial immunity: (1) a judge must be free to act on his own convictions, without fear of personal consequences to himself; (2) the competing interest of the parties appearing before the judge might make it more likely that the losing party may assert that the judge had the wrong motives; (3) judges faced with the possibility of causes of action for damages would be forced to keep rigorous records that would burden the judicial process; (4) other remedies, such as appeal and impeachment, reduce the need for rights of action against judges; (5) the ease of alleging bad faith would make qualified "good faith" immunity worthless; and (6) the need for finality of judgment. *Holloway v. Walker*, 765 F.2d 517, 522-23 (5th Cir. 1985)(citing *Bradley v. Fisher*, 13 Wall. 335(1872)).

Judicial immunity can only be overcome by two sets of circumstances: (1) a judge is not immune from liability for nonjudicial actions and (2) a judge is not immune for actions taken in absence of all jurisdiction. *Mireles v. Waco* 502 U.S. 9, 112 S.Ct. 286 (1991).

**B. Defendant Pope did not act in complete absence of all jurisdiction.**

The necessary inquiry in determining whether a judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104-1105 (1978). Because some of the most difficult questions which a judicial officer is called upon to consider and determine relate to his jurisdiction, the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of

*Defendants Pope and Castillo's Motion to Dismiss*                                                *Page 3*

the judge. *Id.* Plaintiffs allege that Judge Pope acted "completely outside of his jurisdiction" by allegedly ruling and coordinating hearings on motions in the *Amador* case while in Starr County.[3] Even if the Plaintiffs could specify the orders at issue, Judge Pope clearly maintained jurisdiction over the case under the provisions of the Texas Government Code.

The Duval county case *Amador v. Alamo Concrete* was filed in the 229th District Court in Duval County. The 229th District Court is a multi-county district court composed of Duval, Jim Hogg, and Starr counties. TEX. GOV'T CODE ANN. §24.276. Judge Pope was assigned the case by the Presiding Administrative Judge, State District Judge Darrell Hester. Plaintiffs' petition, page 3, ¶ 2. Under Texas law, a judge of a district court in a judicial district that is composed of more than one county may hear and determine all preliminary and interlocutory matters in which a jury may not be demanded, and sign all necessary orders and judgments in the case in *any* county in the district. TEX. GOV'T CODE ANN. § 24.017 (a) (emphasis added). Further, the Texas Government Code provides that a judge may sign an order or decree in any case pending for trial in any county in the district that is convenient to the judge and forward the order to the clerk for filing. TEX. GOV'T CODE ANN. § 24.017 (c). Finally, these powers are granted to judges who hear the matters as visiting judges assigned to the court. TEX. GOV'T CODE ANN. § 24.017 (d); *see also* TEX. GOV'T CODE ANN. § 74.059 (stating a judge assigned has all the powers of the judge of the court in which he is assigned).

Plaintiffs original petition alleges that these hearings were held in Starr county. Starr county

---

[3] Plaintiffs do not plead specifically which hearings and orders involving the Duval County case were allegedly conducted in Starr County. For the reasons stated in this motion, it is irrelevant what rulings were held in which county. Alternatively, Defendants respectfully request an order under FED. R. CIV. P. 7(a) requiring Plaintiff to plead "with particularity" the actions that he believes are outside the scope of immunity. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc).

is located within the 229th Judicial District. TEX. GOV'T CODE ANN. §24.276. In addition, Plaintiffs' original petition alleges that "Judge Pope was presiding under appointment as visiting judge". Plaintiffs' petition, p.3, ¶ 2. Accordingly, Judge Pope maintained proper jurisdiction over the case at all times during the events that form the basis of this complaint.

**C. Judge Pope's actions were taken in his judicial capacity.**

The alleged actions in Plaintiff's petition were clearly taken in Judge Pope's judicial capacity. The Fifth Circuit has devised a four-prong test to determine which actions are "judicial" actions:

(1) Whether the act complained of was a normal judicial function;
(2) Whether the events involved occurred in the courtroom or adjunct spaces, such as the Judge's chambers;
(3) Whether the controversy centered around a case pending before the judge; and,
(4) Whether the act arose directly and immediately out of a visit to the judge in his official capacity.

*Holloway v. Walker*, 765 F.2d 517, 524 (5th Cir. 1985).

The specific acts complained of in the instant case satisfy each of the elements of this test. First, although the petition does not state what hearings and orders are in issue, it is clear that the rulings are the basis for the complaint. Plainly, a judicial ruling is a normal judicial function. *See* TEX. R. CIV. P. 166(i), TEX. R. CIV. P. 87. Second, all of the alleged acts occurred within the courtroom or the judge chambers. *See* Plaintiffs' petition ¶ 2, page 3(stating "such hearings in the Duval County action held in Starr County"). Third, the *Amador* matter was pending before the judge at the time of the alleged acts. *Id.* (stating "Defendant John A. Pope as presiding judge in such case.") Finally, the alleged acts arose directly and immediately out of a visit with the judge in his official capacity. Specifically, Plaintiffs' petition states the judge ruled against them on several

unspecified motions. *Id.* Instead of proceeding through the appropriate appellate steps provided by the Texas Rules of Civil Procedure, Plaintiffs filed this lawsuit alleging an undocumented conspiracy.

Under federal law, when a judge's absolute immunity would protect him from liability for the performance of particular acts, mere allegations that he performed those acts pursuant to a conspiracy will not be sufficient to avoid immunity. *Holloway*, 765 F.2d at 522 (citing *Sparks v. Duval Ranch Co.* 604 F.2d 976 (5th Cir. 1979)(enbanc)), *aff'd sub nom*, *Dennis v. Sparks*, 449 U.S. 24, 101 S.Ct. 183 (1980). The federal civil rights laws do not provide a vehicle to attack state court judges for actions taken within the scope of their judicial authority. *Bogney v. Jones*, 904 F.2d 272, 274 (5th Cir. 1990). Judge Pope was acting in his judicial capacity and maintained jurisdiction of the Duval County case during the events that gave rise to this lawsuit. Accordingly, Plaintiffs' claims against Defendant Judge John Pope should be dismissed in their entirety.

**D. Defendant Elda Castillo as Court Coordinator for the 381st District Court shares in Judicial Immunity**

Defendant Elda Castillo is the Court Coordinator for the 381st Judicial District Court. *See* Plaintiff's Petition p.2, ¶ 5. "Offices of the court who are integral parts of the judicial process, such as court clerks, law clerks, bailiffs, constables issuing writs, and court appointed receivers and trustees are entitled to judicial immunity if they function as an arm of the court." *Delcourt v. Silverman*, 919 S.W.2d 777, 781 (Tex. App-Houston [14th Dist.] 1996, writ denied); *Balcock v. Tyler*, 884 F.2d 497 (9th Cir. 1989) *cert. denied*, 493 U.S. 1072, 110 S. Ct. 1118 (1990); *see also Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991). This type of immunity is referred to as "derived judicial immunity" because it protects participants in judicial and other adjudicatory

positions. *See Clements v Bornes,* 834 S.W. 2d 45, 46 (Tex 1992). The underlying policy of this type of immunity prevents "the harassment and intimidation that might otherwise result if disgruntled litigants could vent their anger by suing either the person who presented the decision maker with adverse information, or the person or persons who rendered an adverse opinion." *See Mitchell,* 944 F.2d at 230 (citing *Delenbach v. Letsinger,* 889 F.2d 755 at 763(7th Cir. 1989)), *cert. denied,* 494 U.S. 1085, 110 S.Ct. 1821 (1990), *Johnson v. Kegans,* 870 F.2d 992, 996-997 (5th Cir. 1989).

At all times relevant to this complaint, Elda Castillo was acting as the Court Coordinator for the 381st District Court and is thus entitled to derived judicial immunity. Plaintiffs do not allege any facts in their complaint that overcome Defendant Castillo's entitlement to derived judicial immunity. Accordingly, Plaintiffs' claims against Defendant Castillo should be dismissed under FED. R. CIV. P. 12(b)(6).

E.  **Plaintiffs' allegations fail to state a claim for which relief can be granted.**

Plaintiffs state "for further cause of action," that Judge Pope "was involved in professional and business arrangements" with the co-defendants in this action. *See* Plaintiffs' petition, p.5, ¶3. Plaintiffs assert that Judge Pope and these attorneys "conspired" against the Plaintiffs. *Id.*

Without more, Plaintiffs have failed to state a cause of action under federal or state law. "A complaint must contain either direct allegations on every material point necessary to sustain a recovery or . . . contain allegations from which an inference can fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975(5th Cir. 1995). Conclusory allegations or legal conclusions masquerading as factual conclusions will not survive a motion to dismiss. *Fernandez- Montes v. Allied Pilot's Ass'n,* 987 F.2d 278, 284

(5th Cir. 1993).

Even if the Plaintiffs' claims were true, they have utterly failed to state a claim. Texas law does not contemplate filing a document disclosing real property owned by a judge. Neither do the Texas Rules of Civil Procedure contemplate recusal for any of the allegations stated in Plaintiffs' original petition. *See* TEX. R. CIV. P. 18b(2). Plaintiffs' counsel does not and cannot cite any statutory authority for the proposition that any of the acts plead, if true, would violate any duty owed by the Honorable John Pope. Accordingly, Plaintiffs' claims must be dismissed in their entirety.

### III. CONCLUSION

Plaintiffs' have failed to state a claim for which relief can be granted. In addition, the Honorable John Pope was acting in his judicial capacity and within his jurisdiction during all events that form the basis of Plaintiffs' petition. Accordingly, the Honorable John Pope is entitled to absolute judicial immunity, barring all Plaintiffs' claims against Pope. In addition, Plaintiffs' claims against Elda Castillo are barred by derived judicial immunity, as she was working as an arm of the court during all events that form the basis of Plaintiffs' petition. For these reasons, Plaintiffs' claims against Defendants Pope and Castillo must be dismissed in their entirety.

### IV. PRAYER.

WHEREFORE PREMISES CONSIDERED Defendants pray that this Courts deny all relief requested by the Plaintiff. Further, Defendants request that this court grant Defendants' Motion to Dismiss, dismiss Plaintiffs' claims against Defendants in their entirety and grant Defendants all further relief at law and in equity to which Defendants may be entitled.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

LINDA S. EADS
Deputy Attorney General for Litigation

TONI HUNTER
Chief, General Litigation Division

_____
BRYAN GANTT
Southern District of Texas Bar No. 23810
Texas Bar No. 24007219
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

ATTORNEYS FOR THE HONORABLE JOHN A. POPE AND ELDA CASTILLO

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent via certified mail, return receipt requested on this the __12th__ day of January, 2000, to:

Hector P. Gonzalez
3884 E. Hwy 44
P.O. Box 3728
Alice, Texas   78333

Mr. John Skaggs
Skaggs and Garza
710 Laurel Ave.

*Defendants Pope and Castillo's Motion to Dismiss*                                                   Page 9

P.O. Drawer 2285
McAllen, Texas  78502

Mr. Carl Hamilton
Atlas & Hall
P.O. Drawer 3725
McAllen, Texas  78502

Mr. Roger Reed
Reed, Carrera & McLain
P.O. Box 9702
McAllen, Texas  78502-9702

_____
BRYAN GANTT
Assistant Attorney General



IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAVIER ALONZO, ET AL., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CAUSE NO. C-00-006 |
| | § | |
| HON. JOHN A. POPE, ARNULFO GUERRA, | § | |
| FRANK R. NYE, HORACIO P. GUERRA, III, | § | |
| AND ELDA CASTILLO | § | |
|     Defendant. | § | |

## ORDER

Before this Court is the Defendants' Motion to Dismiss. The Court is of the opinion that the motion is meritorious and should be GRANTED.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is hereby granted. Plaintiffs' claims against Defendants John A. Pope and Elda Castillo are hereby dismissed with prejudice.

SIGNED this the ____ day of _____, 1999.

_____
HONORABLE HAYDEN W. HEAD, JR.
UNITED STATES DISTRICT JUDGE