UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISI DIVISION

| | | |
|---|---|---|
| JAVIER ALONZO, ET AL | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. C-00-006 |
| | § | |
| HON. JOHN A. POPE, ET AL | § | |

## ARNULFO GUERRA'S MOTION TO DISMISS

Arnulfo Guerra, one of the defendants in the above styled and numbered cause files this motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, and says:

1. The basis for this motion is that the plaintiffs have failed to state a claim upon which any relief can be granted against this defendant.

2. The legal basis for plaintiffs' alleged cause of action is that conduct and a conspiracy under color of state law deprived plaintiffs of due process of law in violation of 42 U.S.C. §1983. The factual basis for the alleged cause of action is various acts of judicial conduct on the part of State District Judge John Pope for which there can be no liability because of judicial immunity, all as pointed out in his motion to dismiss. The only allegations of any conduct on the part of this defendant are:

   a. that defendants provided utilities for an office used by the defendant judge for conduct of his personal business;

   b. prior to becoming a judge, John Pope was involved in professional and business arrangements with defendant lawyers where they shared fees, held title to land and were partners in various business ventures. After John Pope became a judge the defendant lawyers "...continued to work together and conspire under color of law to aid Judge Pope in concealing his relationship with them and withholding information that should have been available to plaintiffs herein and his counsel.";

   c. defendants' purpose was to conceal information that the judge shared an office space with one of the defendants; that one such defendant was paying for the lighting, heating and air conditioning of the judge's private office; that two

defendants were partners in a land transaction and continued to own real property together;

      d.    that the result of all such conduct was to conceal from plaintiffs the bias and prejudice of the defendant judge;

      e.    that by reason of such conspiracy under color of law, plaintiffs' right to due process of law has been completely subverted and denied.

      3.    Defendant Arnulfo Guerra, a licensed, practicing attorney practicing in Judge Pope's court, does not act under color of law by reason of his capacity as a representative of a client and by virtue of being an officer of the court. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445 (1981). Hence, for this defendant to be liable there must be allegations that the state actor (Judge Pope) committed some act that deprived the plaintiffs of their constitutional or legal rights and that this defendant (Arnulfo Guerra) conspired with Judge Pope to deprive the plaintiffs of their constitutional or legal rights.

      4.    As pointed out in Judge Pope's motion to dismiss, the allegations against Judge Pope do not state a cause of action under federal or state law and hence do not state a claim upon which relief can be granted. In addition, plaintiffs have failed to plead that the alleged unauthorized conduct of Judge Pope was part of state procedure (as distinguished from a random and unauthorized act) and that post deprivation procedures, to wit, rights of appeal, were constitutionally inadequate. *Parrat v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981); *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194 (1984); *Collins v. King*, 743 F2d 248 (5th Cir. 1984). Such inadequate pleading makes the pleading fail to state a claim upon which relief can be granted and warrants dismissal.

      5.    There are no factual allegations to support the conclusory pleading of conspiracy. To support a conspiracy claim, the pleading must allege facts that suggest an agreement between the defendants herein and Judge Pope to commit an illegal act and there must be allegations of an actual deprivation of constitutional or legal rights. As pointed out in *Cinel v. Connick*, 15 F3d 1338 (5th Cir. 1994), without an agreement between the private actors (defendants herein) and the state actor (Judge Pope) joint action involving private parties is not actionable under §1983. There are no allegations in the petition of any agreement between this defendant and Judge Pope. The

allegations are mere recitals of relationships between the defendants and the judge before he became a judge and activities which have occurred in the judge's courtroom.

      6.     Plaintiffs have not alleged wherein they have been denied due process and indeed they cannot make such allegations. Whatever rulings Judge Pope has made in the case of *Amador v. Alamo Concrete Products, Ltd.* pending in the 229th Judicial District Court of Duval County, Texas are subject to review on appeal by the appellate courts. Section 22.201, Government Code of Texas, §51.012, Civil Practice & Remedies Code of Texas, and Texas Rules of Appellate Procedure. Plaintiffs have not alleged and indeed they cannot allege that the appellate procedures of Texas are inadequate and therefore deprive them of due process.

      7.     Plaintiffs have no allegations to support any damages except a conclusory allegation that they have been damaged. As of the filing of this motion, the case of *Amador v. Alamo Concrete Products, Ltd.* is still pending before the 229th Judicial Court in Duval County, Texas, and until the case is finally disposed of, plaintiffs have suffered no damage as a matter of law. There are no allegations that plaintiffs have been deprived of any liberty or of any property.

      WHEREFORE PREMISES CONSIDERED and based upon the authorities above cited this defendant prays that the court grant this motion and dismiss the plaintiffs' suit against this defendant, Arnulfo Guerra.

                                   Respectfully submitted,

                                     _____
                                     O. Carl Hamilton, Jr.
                                     Texas State Bar No. 08847000
                                     USDC No. 2253
                                     P.O. Box 3725
                                     McAllen, Texas 78502-3725
                                     Telephone: (956) 632-8299
                                     Facsimile: (956) 686-6109
                                     Attorney for Defendant Arnulfo Guerra

Of counsel:
Atlas & Hall, L.L.P.
PO Box 3725
McAllen, Texas 78502-3725
Telephone: (956) 682-5501
Facsimile: (956) 686-6109

## CERTIFICATE OF SERVICE

I do hereby certify that I have mailed a true and correct copy of the foregoing document to the following on this the 21st day of January, 2000:

Hector P. Gonzalez
LAW OFFICES OF HECTOR P. GONZALEZ
P.O. Box 3728
Alice, Texas  78333

John Skaggs
SKAGGS & GARZA, LLP
P.O. Drawer 2285
710 Laurel
McAllen, Texas 78502-2285

Bryan Gantt
Attorney General's Office of Texas
PO Box 12548
Austin, Texas 78711-2548

Roger Reed
Reed, Carrera & McLain
P.O. Box 9702
McAllen, Texas 78502

_____
O. C. Hamilton, Jr.