United States District Court
Southern District of Texas
FILED

JAN 26 2000

Michael N. Milby, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| **Javier ALONZO**, *et al.*,<br>  *plaintiffs*,<br><br>*v.*<br><br>**Hon. John A. POPE, III, Arnulfo GUERRA, Frank R. NYE, Horacio P. GUERRA, III,** and **Elda CASTILLO,**<br>  *defendants* | § § § § § § § § § § § CIVIL ACTION NO. C-00-006 |

# ANSWER OF DEFENDANT H.P. GUERRA, III

Subject to his Rule 12(b)(6) motion to dismiss for failure to state a cause of action, defendant **H.P. GUERRA, III,** hereby answers **"PLAINTIFF'S ORIGINAL PETITION"** as follows:

1. Paragraph I(1) is admitted.

2. Paragraph I(2) is admitted on information and belief.

3. Paragraph I(3) is admitted on information and belief.

4. Paragraph I(4) is admitted.

5. Paragraph I(5) is admitted.

6. Paragraph I(6) is admitted on information and belief.

7. Paragraph II is denied.

---

*Alonzo v. Pope*, Answer of H.P. Guerra -- p. 1 of 5 pgs.



8. Paragraph III(1) [pp. 2-3] is admitted, except for the allegations as to the identity and status of the plaintiffs, which are admitted based only on this defendant's information and belief.

9. The first two sentences of Paragraph III(2) [p. 3] are admitted, except for the allegation that hearings were held in Starr County (as opposed to Duval County) "at the Court direction," which is denied. This defendant has insufficient information to admit or deny the final sentence of Paragraph III(2) [p. 3] because defendant does not know which "Defendant attorneys," "very same points," and "ruling" plaintiffs make reference.

10. Paragraph III(3) [p. 3] is denied.

11. Paragraph III(1) [pp. 3-4] is denied.

12. The first two sentences of Paragraph III(2) [p. 4] are admitted. This defendant has insufficient information to admit or deny the fourth sentence of that paragraph. The fifth sentence of the paragraph is denied. With respect to the sixth sentence of the paragraph, this defendant denies that he owned property with Judge Pope or had an "arrangement" with him "respecting the business of acting as local counsel for defendants," but he has insufficient information to admit or deny whether Judge Pope owned property with any of the other defendants. This defendant admits that he paid for the utilities (there being but one set of meters) at the building where Judge Pope formerly practiced law and to which Judge Pope occasionally returned to collect mail sent to his former address and to use the law library,

---

*Alonzo v. Pope*, Answer of H.P. Guerra -- p. 2 of 5 pgs.

inasmuch as Starr County has none. This defendant has insufficient information to admit or deny the remainder of Paragraph III(2) [p. 5].

13. With respect to Paragraph III(3) [pp. 5-6], this defendant admits that, prior to Judge Pope becoming Judge of the 381st District Court of Starr County, he was involved in "professional and business arrangements" with Judge Pope and that he now represents some former clients of Judge Pope. This defendant denies the remainder of the paragraph, except that he has insufficient information to admit or deny the allegations that, prior to Judge Pope taking the bench, the other defendant lawyers were involved with Judge Pope in professional or business arrangements, that they shared fees, that they held joint title to land, that they were partners in various business ventures, and that they continued to represent former clients of Judge Pope after he took the bench.

14. Paragraph IV(1) is denied, to the extent that it may contain allegations of fact.

15. The final (unnumbered) paragraph of the plaintiffs' petition is denied, to the extent that it may contain allegations of fact.

### REQUEST FOR RELIEF

Defendant H.P. Guerra, III, requests that the plaintiffs' claims be dismissed with prejudice, or, in the alternative, that a final, take-nothing judgment be entered against plaintiffs and, in either event, that costs of court and monetary sanctions under FED. R. CIV. P. 11(c) be assessed against the plaintiffs and their attorney-of-record in this action.

---

*Alonzo v. Pope*, Answer of H.P. Guerra -- p. 3 of 5 pgs.

Respectfully submitted,

*[signature: Roger Reed]*

Roger Reed
State Bar of Texas No. 16687200
U.S. District Court No. 6407

**REED, CARRERA & MCLAIN, L.L.P.**
1 Paseo del Prado, Bldg. 101
Edinburg, TX 78539

----------

P.O. Box 9702
McAllen, TX 78502-9702
Tel.: (956) 631-5444
Fax: (956) 631-9187

**ATTORNEY-IN-CHARGE FOR DEFENDANT H.P. GUERRA, III**

---

*Alonzo v. Pope*, Answer of H.P. Guerra -- p. 4 of 5 pgs.

## CERTIFICATE OF SERVICE

I certify that on January 24, 2000, a copy of the foregoing instrument was sent via postage-prepaid, first-class U.S. mail to:

| | |
|---|---|
| Mr. Hector P. Gonzalez<br>P.O. Box 3728<br>Alice, TX 78333 | **ATTORNEY FOR PLAINTIFFS** |
| Mr. Bryan Gantt<br>**ASSISTANT ATTORNEY GENERAL**<br>P.O. Box 12548<br>Austin, TX 78711-2584 | **ATTORNEY FOR DEFENDANTS**<br>**JOHN A. POPE, III,** and **ELDA CASTILLO** |
| Mr. O. Carl Hamilton, Jr.<br>**ATLAS & HALL, L.L.P.**<br>P.O. Box 3725<br>McAllen, TX 78502-3725 | **ATTORNEY FOR DEFENDANT**<br>**FRANK R. NYE** |
| Mr. John Skaggs<br>**SKAGGS & GARZA, L.L.P.**<br>P.O. Drawer 2285<br>McAllen, TX 78502-2285 | **ATTORNEY FOR DEFENDANT**<br>**ARNULFO GUERRA, JR.** |

*/s/ Roger Reed*
_____
**Roger Reed**

---

*Alonzo v. Pope*, Answer of H.P. Guerra -- p. 5 of 5 pgs.