UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

JAN 26 2000

Michael N. Milby, Clerk

| | |
|---|---|
| **Javier ALONZO**, *et al.*, § | |
| *plaintiffs,* § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. C-00-006 |
| **Hon. John A. POPE, III, Arnulfo** § | |
| **GUERRA, Frank R. NYE, Horacio P.** § | |
| **GUERRA, III,** and **Elda CASTILLO,** § | |
| *defendants* § | |

## MOTION TO DISMISS OF H.P. GUERRA, III

1. **H.P. GUERRA, III,** one of the defendants in this action, moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that the plaintiffs have failed to state a claim upon which relief can be granted.

2. The alleged factual basis for all of the claims of the plaintiffs is a purported conspiracy between the defendant Texas State District Judge, Hon. John A. Pope, III, Judge Pope's court coordinator, Elda Castillo, and the three other defendants (H.P. Guerra, III, Arnulfo Guerra, and Frank Randall Nye, Jr.), each of whom is an attorney in private practice. According to the plaintiffs' original petition, this supposed conspiracy resulted in Judge Pope making rulings adverse to these plaintiffs in a pending civil case, *Amador v. Alamo concrete Products, Ltd.,* wherein they also are plaintiffs and in which three of the present defendants, H.P. Guerra, III, Arnulfo Guerra, and Frank Randall Nye, Jr., represent

---

*Alonzo v. Pope,* Motion to Dismiss of H.P. Guerra -- p. 1 of 6 pgs.

16.

various defendants. The alleged legal basis for the plaintiffs' claims in this case is a violation of 42 U.S.C. §1983.

3. As set forth in the motion to dismiss of defendants Pope and Castillo, they are immune from suit under the doctrine of judicial immunity. With respect to H.P. Guerra, III, and the other two defendants, the only conduct alleged is:

a. That these defendants provided utilities for an office used by the defendant Judge Pope for conduct of his personal business;

b. That, prior to becoming a judge, John A. Pope, III, was involved in professional and business arrangements with these defendant lawyers where they shared fees, jointly held title to land, and were partners in various business ventures;

c. That, after John A. Pope, III, became a judge, the defendant lawyers ". . . continued to work together and conspire under color of law to aid Judge Pope in concealing his relationship with them and withholding information that should have been available to plaintiffs herein and his counsel"; and

d. That these defendants did conceal the foregoing alleged information about themselves and Judge Pope from the plaintiffs and their counsel.

4. Defendant H.P. Guerra, III, a licensed attorney practicing in Judge Pope's court, does not act under color of law by reason of his capacity as a representative of a client and by virtue of being an officer of the court. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct.

---

*Alonzo v. Pope*, Motion to Dismiss of H.P. Guerra -- p. 2 of 6 pgs.

445 (1981). Hence, for H.P. Guerra, III, to be liable, there must be allegations that the state actors (Judge Pope and Elda Castillo) conspired with him to deprive the plaintiffs of their constitutional or legal rights and that, in furtherance of such conspiracy, one or both of the state actors (Judge Pope and/or court coordinator Castillo) did in fact deprive the plaintiffs of their constitutional or legal rights.

5. As pointed out in the Texas Attorney General's motion to dismiss on behalf of Judge Pope and Elda Castillo, the allegations against them do not state a cause of action under federal or state law and hence do not state a claim upon which relief can be granted. In addition, the plaintiffs have failed to plead that the available post-deprivation procedures, *to wit*, appellate review, was constitutionally inadequate. *Parrat v. Taylor*, 451 U.S. 527 (1981); *Hudson v. Palmer*, 468 U.S. 517 (1984); *Collins v. King*, 743 F.2d 248 (5th Cir. 1984).

6. There are no factual allegations to support the plaintiffs' purely conclusory pleading of conspiracy. To adequately state a conspiracy claim, the pleading must allege *facts* that suggest an agreement between private defendants and state officials to commit an illegal act, and there must be allegations of an actual deprivation of constitutional or legal rights. As pointed out in *Cinel v. Connick*, 15 F.3d 1338 (5th Cir. 1994), without an agreement between the private actors (defendants H.P. Guerra, III, Arnulfo Guerra, and Frank R. Nye, Jr.) and the state actors (Judge Pope and Elda Castillo), joint action involving private parties is not actionable under Section 1983. The plaintiffs' pleadings consist merely

---

*Alonzo v. Pope*, Motion to Dismiss of H.P. Guerra -- p. 3 of 6 pgs.

of recitals of alleged relationships between the three lawyer-defendants and the defendant judge before he became a judge and of unspecified improper judicial activities which have occurred in the judge's courtroom or chambers.

7. The plaintiffs have not alleged wherein they have been denied due process. Whatever pretrial rulings Judge Pope has made in *Amador v. Alamo Concrete Products, Ltd.*, pending in the 229th Judicial District Court of Duval County, Texas, such rulings are subject to review by appeal or, in appropriate instances, by mandamus, in the appellate courts. Section 22.201, Government Code of Texas, §51.012, Civil Practice & Remedies Code of Texas, and Texas Rules of Appellate Procedure. The plaintiffs have not alleged and, indeed, they cannot truthfully allege, that the appellate procedures of Texas are inadequate and therefore deprive them of due process.

8. The plaintiffs have no allegations to support any damages except a conclusory allegation that they have been damaged. As of the filing of this motion, the case of *Amador v. Alamo Concrete Products, Ltd.*, is pending before the 229th Judicial District Court in Duval County, Texas. Until that case is concluded by a final, non-appleable judgement, the plaintiffs have suffered no damage as a matter of law. In short, there are no allegations that plaintiffs have been deprived of any liberty or of any property.

## REQUEST FOR RELIEF

Defendant, H.P. Guerra, III, requests that he be dismissed as a defendant on the ground that the plaintiffs have failed to state a claim upon which relief can be granted. Such

---

*Alonzo v. Pope*, Motion to Dismiss of H.P. Guerra -- p. 4 of 6 pgs.

ClibPDF - www.fastio.com

defendant further requests that, if he is dismissed as a defendant in this action, the claims against him be severed, unless the action is dismissed as to all of the defendants. Finally, reserving his right to seek by separate motion his reasonably attorney's fees and other sanctions against the plaintiffs and their attorney pursuant to FED.R.CIV.P.11(c), defendant H.P. Guerra, III, requests that all costs of court be taxed to the plaintiffs.

Respectfully submitted,

_____
Roger Reed
State Bar of Texas No. 16687200
U.S. District Court No. 6407

**REED, CARRERA & MCLAIN, L.L.P.**
1 Paseo del Prado, Bldg. 101
Edinburg, TX 78539

----------

P.O. Box 9702
McAllen, TX 78502-9702
Tel.: (956) 631-5444
Fax: (956) 631-9187

**ATTORNEY-IN-CHARGE FOR
DEFENDANT H.P. GUERRA, III**

---

*Alonzo v. Pope*, Motion to Dismiss of H.P. Guerra -- p. 5 of 6 pgs.

## CERTIFICATE OF SERVICE

      I certify that on January 24, 2000, a copy of the foregoing instrument was sent via postage-prepaid, first-class U.S. mail to:

| | |
|---|---|
| Mr. Hector P. Gonzalez<br>P.O. Box 3728<br>Alice, TX 78333 | **ATTORNEY FOR PLAINTIFFS** |
| Mr. Bryan Gantt<br>**ASSISTANT ATTORNEY GENERAL**<br>P.O. Box 12548<br>Austin, TX 78711-2584 | **ATTORNEY FOR DEFENDANTS**<br>**JOHN A. POPE, III,** and **ELDA CASTILLO** |
| Mr. O. Carl Hamilton, Jr.<br>**ATLAS & HALL, L.L.P.**<br>P.O. Box 3725<br>McAllen, TX 78502-3725 | **ATTORNEY FOR DEFENDANT**<br>**FRANK R. NYE** |
| Mr. John Skaggs<br>**SKAGGS & GARZA, L.L.P.**<br>P.O. Drawer 2285<br>McAllen, TX 78502-2285 | **ATTORNEY FOR DEFENDANT**<br>**ARNULFO GUERRA, JR.** |

_____
**Roger Reed**

---

*Alonzo v. Pope,* Motion to Dismiss of H.P. Guerra -- p. 6 of 6 pgs.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| **Javier ALONZO,** *et al.*,  *plaintiffs*, | § § § |
| *v.* | § § |
| **Hon. John A. POPE, III, Arnulfo GUERRA, Frank R. NYE, Horacio P. GUERRA, III,** and **Elda CASTILLO,**  *defendants* | § § § § § |

CIVIL ACTION NO. C-00-006

## ORDER OF DISMISSAL

Upon motion to dismiss by defendant H.P. Guerra, III, for failure to state a cause of action, it hereby is:

**ORDERED** that the plaintiffs' claims against defendant H.P. Guerra, III, be dismissed for failure to state a claim upon which relief can be granted.

The claims against defendant H.P. Guerra, III, hereby are **SEVERED** from this action and are given the civil action number: _____.

Costs are taxed jointly to the plaintiffs and to their attorney of record, Hector P. Gonzalez.

**DONE** at Corpus Christi, Texas on _____, 2000.

_____
U.S. DISTRICT JUDGE