United States District Court
Southern District of Texas
FILED

FEB 08 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAVIER ALONZO, | § | |
| JOSE LUIS ALONZO, | § | |
| JAVIER ALONZO, JR., | § | |
| JOSE LUIS ALONZO, JR., | § | |
| CORANDO ALONZO | § | |
| GREGORIO CASTILLO, | § | |
| EDUARDO CASTILLO AND | § | |
| ROSBEL CASTILLO | § | |
| | § | |
| VS. | § | C.A. NO. C-00-006 |
| | § | |
| HON. JOHN A. POPE, | § | JURY REQUESTED |
| ARNULFO GUERRA, | § | |
| FRANK R. NYE, | § | |
| HORACIO G. GUERRA III, AND | § | |
| ELDA CASTILLO | § | |

## PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Javier Alonzo, Jose Luis Alonzo, Javier Alonzo, Jr., Jose Luis Alonzo, Jr., Corando Alonzo, Gregorio Castillo, Eduardo Castillo, and Rosbel Castillo, Plaintiffs in the above-styled and numbered cause, complaining of John A. Pope, Arnulfo Guerra, Frank R. Nye, Horacio P. Guerra, III, and Elda Castillo, and for cause of action would respectfully show the Court the following:

-1-

19.

## PARTIES

1. Plaintiffs are natural persons and party plaintiffs to litigation pending in the 229th Judicial District Court of Duval County, Texas. Plaintiffs are residents of the State of Texas.

2. Defendant John A. Pope is Judge of the 381st Judicial District Court in Starr County, Texas, and has already been served with process. Said Defendant is being served with this amended pleading by and through his counsel of record. No further service is necessary at this time.

3. Defendant Arnulfo Guerra is an attorney duly licensed to practice law in the State of Texas, and has already been served with process. Said Defendant is being served with this amended pleading by and through his counsel of record. No further service is necessary at this time.

4. Defendant Frank R. Nye is an attorney duly licensed to practice law in the State of Texas, and has already been served with process. Said Defendant is being served with this amended pleading by and through his counsel of record. No further service is necessary at this time.

5. Defendant Horacio P. Guerra, III is an attorney duly licensed to practice law in the State of Texas, and has already been served with process. Said Defendant is being served with this amended pleading by and through his counsel of record. No further service is necessary at this time.

6. Defendant Elda Castillo is a natural person, an employee of Starr County, Texas, and has already been served with process. Said Defendant is being served with this amended pleading by and through her counsel of record. No further service is necessary at this time.

## JURISDICTION

7. The United States District Court has jurisdiction over this matter because this case involves a federal question which arises under 42 United States Code § 1983

## FACTS AND BACKGROUND

8. Plaintiffs herein joined other persons, all of whom are natural persons, as Plaintiffs in another suit styled *Librado Amador, et al v. Alamo Concrete Products Limited, et al*, Cause No. 16696, which is pending in the 229th Judicial District Court of Duval County, Texas. Such case alleges that all plaintiffs therein had sustained injuries to their person

as a result of certain acts and omissions of the defendants in such suit. Defendant John A. Pope was, at that time and now is, sitting as District Judge of the 381st District Court of Starr County, Texas. Defendant Pope was assigned to preside over said Duval County case by District Judge Darrell Hester, Presiding Administrative Judge. Defendants Arnulfo Guerra, Frank R. Nye, and Horacio Guerra, III all were retained as defense counsel by various defendants in the Duval County case.

9. The Duval County case has been on file since August of 1996, and multiple hearings have been had thereon in front of Defendant John A. Pope as the presiding judge in such case. Regardless of the fact that the case was pending in Duval County, Texas, and the fact that Judge Pope was presiding under appointment as a visiting judge, many such hearings were held in Starr County at Judge Pope's direction, in direct violation of Article 5 § 7 of the Texas Constitution and the case law which controlled at that time. Said constitutional provision states that a visiting judge is required to hold all hearings in the case to which he is assigned in the county seat of the county in which the case is pending. Judge Pope had no jurisdiction to conduct proceedings outside of Duval County, but did so any way, damaging the Plaintiffs and unjustifiably and illegally taking away their rights as guaranteed by law. In doing so, Judge Pope was acting totally and completely outside his jurisdiction and contrary to the Constitution and laws of the State of Texas.

10. Defendant John A. Pope, in addition to his judicial duties as a visiting judge, has certain administrative duties which require his attention and the attention of his court staff, for whom he is responsible. Among such responsibilities is that of requiring such administrative staff to be of reasonable assistance to all parties to any case with which such staff is working under the direction of the judge. Such assistance should be free of partiality, bias, or prejudice as to any and all parties. Despite such duty, Defendant Pope, in his administrative capacity, ordered the plaintiffs in the Duval County case, including the Plaintiffs herein and their counsel, not to contact his staff to seek information concerning trial dates, hearing dates, and subjects of hearings. At the same time, the defendants' lawyers, business partners and associates, in their capacity as defense counsel, were permitted full access not only to the Court's administrative staff, but also to Defendant Pope, in his chambers and elsewhere, to discuss the pending case, matters to be heard, and the scheduling thereof. Defendant Elda Castillo is Defendant Pope's administrative assistant, and participated in this unacceptable and illegal conduct toward Plaintiffs. This conduct on the part of Defendant Pope and Defendant Castillo damaged the Plaintiffs, as set forth in more detail below.

11. In further disregard of Defendant Pope's administrative duties, he intentionally failed to make required and appropriate disclosures to inform the parties to the Duval

County suit that he and certain defense counsel in the case, the attorney Defendants herein, owned property together. Defendant Pope should have filed a correct listing of his real estate holdings, which would have revealed his joint and undivided holding of real estate in Jim Wells County with Defendants Arnulfo Guerra and Frank R. Nye, among other lawyers. This economic and profit involvement with defense counsel in the Duval County case should have been disclosed, and Defendant Pope should have recused himself for that reason. Defendant Pope did not recuse himself, even after proper motion by the Duval County plaintiffs, but proceeded to make improper and unfair rulings. Further, Defendant Pope and the other attorney Defendants had, or have, an arrangement between them respecting the business of acting as local counsel for certain defendants in the Duval County case which, in practical effect, made them partners in such businesses. Further, such Defendants provided utilities for an office used by Defendant Pope for the conduct of his personal business. All of these factors indicate that Defendant Pope was acting in conspiracy with the other Defendants herein to conceal their close financial and business relationships, and to deprive the Plaintiffs herein, and the other plaintiffs in the Duval County case, of their rights under the law. This conspiracy was under the color of law due to Defendant Pope's position as presiding judge over the underlying case. Upon information and belief, the conspiratorial secrets shared by the Defendants go as far back in time as the *Porcion*

litigation, and continue to this day, as evidenced by their conduct with regard to Plaintiffs.

### 42 U.S.C. § 1983

12. The Defendants' conduct has deprived Plaintiffs of numerous rights in violation of 42 United States Code § 1983. Every person who, under color of any statute, ordinance, regulation, custom, or usage subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. *42 U.S.C. § 1983*. Defendant Pope, as the state district court judge presiding over the Duval County case, was acting under color of law with regard to Plaintiffs. The other Defendants, who were acting in conspiracy with Defendant Pope with regard to the Plaintiffs, were likewise acting under the color of law due to their relationship with Defendant Pope. This conspiratorial conduct on the part of the Defendants deprived Plaintiffs of various rights, including the right to due process and the right to equal protection under the law. Some of the specific rights Defendants violated and deprived Plaintiffs of include the right for all proceedings to be held in the county where the suit was pending, the right to a fair and impartial judge, the right to be free from

improper ex parte communications between the judge and defense counsel, the right of equal access to court personnel, the right to fair enforcement of discovery rules, and the right to fair notice of hearing dates and subjects as per the rules of civil procedure.

13. As stated above, numerous hearings were held, at Defendant Pope's order, in Starr County, Texas when they should have been held in Duval County. These hearings include the first hearing over which Defendant Pope presided on the subject case, as well as several other hearing dates (including May 9, 1997, January 8, 1998, August 21, 1998, and September 17, 1998). Critical and prejudicial orders were entered by Defendant Pope at the first hearing, which he held in the wrong county, which affected the entire outcome of all matters to follow in said case. Since that first hearing, and any rulings and orders to arise out of said hearing, was void as a matter of law, then all of the subsequent actions based on those first rulings and orders are void as well. These rulings and orders, and the others made by Defendant Pope as a result of the other void hearings in Starr County, operated to deprive Plaintiffs of the constitutionally protected rights of due process and equal protection under the law.

14. Plaintiffs would further show the Court and jury that Defendant Pope, in concert with the other conspirator Defendants, has also engaged in misconduct by intentionally violating the applicable rules of procedure in the Duval County case with

the intent and effect of depriving Plaintiffs of their rights under said laws. Defendant Pope has granted motions to transfer in favor of defendants which were not timely filed, has ordered Plaintiffs to produce records that did not exist (i.e. they had to be created - not provided for under the applicable rules of procedure), has forced Plaintiffs to file thousands of pages of materials at their own expense while not requiring the same of defendants, and most recently by dismissing all the plaintiffs claims in the Duval County case based on a summary judgement filed by one (1) defendant after allowing Plaintiff's former counsel of record to withdraw five minutes before said ruling and without allowing Plaintiffs time to obtain other counsel. Further, as noted above, Defendant Pope has held numerous hearings on various defense motions, including the above-referenced motion for summary judgement, without the required notice to Plaintiffs, and ruled adversely to Plaintiffs on said motions.

15. The improper and illegal acts of Judge Pope were engaged in as part of a state procedure, namely the conduct of state district court business. Further, postdeprivation procedures and remedies available to Plaintiffs in the state court appellate process are inadequate to remedy the wrongs committed by Defendants. Upon information and belief, there was an underlying conspiratorial agreement between Defendant Pope and the other Defendants to deprive Plaintiffs of the rights described above.

## DAMAGES

16. As a direct and proximate result the wrongful conduct of the Defendants, as alleged hereinabove, Plaintiffs have been deprived of their constitutional rights of due process and equal protection under the law. Plaintiffs' right to redress in state district court for the wrongful conduct of the defendants in the Duval County case has been deprived and prejudiced by Defendants herein. Plaintiffs, therefore, seek equitable and monetary damages and relief from the United States District Court for the Defendants' illegal activities.

17. The Plaintiffs would further show the Court and jury that the conduct of the Defendants as described hereinabove was willful, wanton, intentional, and done with conscious disregard for the rights and welfare of the Plaintiffs. As such, Plaintiffs seek punitive or exemplary damages from the Defendants to punish them for their wrongful and illegal conduct.

## JURY DEMAND

18. Plaintiffs hereby demand a trial by jury.

# PRAYER

19. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants herein be cited to appear and answer, and that upon final trial of this matter Plaintiffs be awarded reasonable monetary and equitable relief for their actual damages, punitive or exemplary damages, costs of court, prejudgement and postjudgment interest as allowed by law, attorneys fees, and such other and further relief to which they may show themselves justly entitled, both at law and in equity.

Respectfully submitted,

WOOLSEY & SCHMIDT, L.L.P.
500 N. Shoreline Blvd., Suite 1000
Corpus Christi, Texas 78471
Telephone (361) 884-8183
Telecopier (361) 884-7998

By: _____
William N. Woolsey
Texas State Bar No. 21990000
S.D. Bar No. 5675

ATTORNEY-IN-CHARGE
 FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT was sent to all counsel of record indicated below via certified mail return receipt requested on this the 8th day of February, 2000.

_____
William N. Woolsey

Mr. Bryan Gantt
Attorney General's Office of Texas
P.O. Box 12548
Austin, Texas 78711-2548

Mr. O.C. Hamilton, Jr.
ATLAS & HALL
P.O. Box 3725
818 Pecan
McAllen, Texas 78502-3725

Mr. Roger Reed
REED, CARRERA & McLAIN
P.O. Box 9702
McAllen, Texas 78502

Mr. John Skaggs
SKAGGS & GARZA
P.O. Drawer 2285
710 Laurel
McAllen, Texas 78502-2285