United States District Court
Southern District of Texas
FILED

FEB 08 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAVIER ALONZO, ET AL., | § | |
| | § | |
| | § | |
| v. | § | CIVIL CAUSE NO. C-00-006 |
| | § | |
| | § | |
| HONORABLE JOHN A. POPE, III, | § | |
| ARNULFO GUERRA, FRANK R. NYE, | § | |
| HORACIO P. GUERRA, III, | § | |
| AND ELDA CASTILLO | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS POPE AND CASTILLO'S MOTION TO DISMISS**

TO THE HONORABLE JUDGE HAYDEN W. HEAD, JR:

COME NOW, Plaintiffs Javier Alonzo, Jose Luis Alonzo, Javier Alonzo, Jr., Luis Alonzo, Jr., Coronado Alonzo, Gregory Castillo, Eduardo Castillo, and Rosbel Castillo file this response to defendants motion to dismiss and in doing so asks this court to deny defendant Honorable John A. Pope's et al. (Defendant Pope) motion to dismiss for failure to state a claim.

## INTRODUCTION

1. Plaintiffs sued Defendant Pope, on December 7, 1999, for acting totally and completely outside the jurisdiction for which he was assigned contrary to Articles 5, § 7 of the Texas Constitution and established case law. *See Mellon Service Co. v. Touche Ross & Co.*, 946 S.W.2d 862 (Civ. App.–Houston [14th Dist.] 1997, no writ). To fully understand the thrust of Plaintiffs' cause of action one must be at all times cognizant of the fact that Pope was a visiting judge to the 229th District Court of Duval County, Texas, as a result of an assignment made by the

Page 1 of 17

administrative judge of the Fifth Administrative Judicial Region, Honorable Judge Darrell Hester (Judge Hester), under the provisions of Government Code §74.052. TEXAS. GOV'T CODE ANN. §74.052 (Vernon 1999). Judge Hester assigned Defendant Pope to the case of *Librado Amador et al. vs. Alamo Concrete Products Limited et al.*, Cause No. 16696, pending in the 229th Judicial District, Duval County, Texas. A copy of this assignment has been marked "Exhibit A" and is attached hereto and incorporated herein for all purposes. An example of when a presiding judge seeks to extend the jurisdiction of his assignment is an order drafted like that of "Exhibit A". In contrast, an example of an order giving broader jurisdictional powers to a visiting judge is shown by an order of assignment similar to the one in "Exhibit B ", which is attached hereto and incorporated herein for all purposes. The difference between the two assignments clearly demonstrate that when a presiding judge assigns a visiting judge to hear matters in multiple counties, the multi-county jurisdiction is plainly and boldly stated.

2. Defendant's filed a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). In their motion defendants argue that Defendant Pope is immune from suit in his individual capacity and did not act in complete absence of all jurisdiction. *See* Defendants' motion, p.3, ¶1,2. Similarly, defendants argue that Defendant Pope's actions were taken in his judicial capacity. *See* Defendants' motion, p.5, ¶1. Additionally, defendants argue that Defendant Castillo shares in Defendant Pope's judicial immunity. *See* Defendants' motion, p.6, ¶2. Finally, defendants argue that plaintiffs allegations fail to state a claim for which relief can be granted. *See* Defendants' motion, p.7, ¶3.

3. Plaintiffs file this response asking the court to deny defendant's motion on the grounds that Defendant Pope violated Article 5, § 7 of the Texas Constitution and ignored controlling case

law by holding hearings on *Amador, et al. v. Alamo Concrete Products Limited, et al.,* (filed in the 229th District Court, Duval County, Texas), in Starr County, Texas. *See* Plaintiffs' Original Petition, p.4, ¶1. Additionally, Defendant Pope and Defendant Castillo routinely and deliberately denied Plaintiffs access and reasonable assistance free of impartiality to the court concerning trial dates, hearing dates, motions to be heard and court records. *See* Plaintiffs' Original Petition, p.4, ¶2. Finally, Defendant Pope's impartiality has been impaired by the Defendant Pope's close financial dealings with defense counsel. *See* Plaintiffs' Original Petition, p.5, ¶3.

4. Respecting the time limitations of this honorable court, plaintiffs will respond to each of the defendants arguments in the order that defendants have submitted them in their motion to dismiss.

## RESPONSE TO DEFENDANT'S ARGUMENTS

5. When considering defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to plaintiff. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996); *Doe v. Hillsboro ISD*, 81 F.3d 1395, 1401 (5th Cir. 1996). Only if no possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendant's motion. *Hishon v. King Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-56 (1957). If the factual allegations in plaintiff's complaint support any legal theory that entitles plaintiff to some relief, the court should overrule defendant's motion.

**A. Defendant Pope is not immune from suit in his individual capacity.**

6. The issue correctly stated in this case is whether Defendant Pope acted in his judicial capacity as visiting Judge to the 229th Judicial District Court, Duval County over Cause No. 16696, *Librado Amador, et al. v. Alamo Concrete Products Limited, et. al.*, when he ruled

Page 3 of 17

adversely to the plaintiffs in such case in Starr County. The 229th District Court is a multi-county district court composed of Duval, Jim Wells, and Starr Counties. TEX. GOV'T. CODE ANN. §24.276. Defendant Pope's jurisdictional authority in Duval County is by assignment to Duval County and not to the entire district. Additionally, Defendant Pope's jurisdictional authority in Duval County court is not derived either by appointment or by election. Defendant Pope is not the elected judge of the 229th District Court. The Texas Constitution requires that a judge be elected to a district to have jurisdictional authority. *See Manry v. McCall*, 22 S.W.2d 348 (Civ.App–Beaumont 1929). As stated in *Manry*:

> "[i]t is provided by section 7 of article 5 of the Texas state Constitution that: [t]he state shall be divided into as many judicial districts as may now or hereafter be provided by law, which may be increased or diminished by law. For each district there shall be **elected** by the qualified voters thereof, at a general election, a judge, who shall be a citizen...who shall hold his office for a period of four years...."

*Manry v. McCall*, 22 S.W.2d 348, 351 (Civ.App–Beaumont 1929).

Likewise, Defendant Pope is not the appointed judge of the 229th District Court. The Texas Supreme Court ruled in *Lytle v. Halff & Bro.* that the only way a judge can have concurrent jurisdiction in two counties is to be either appointed or elected. 12 S.W. 610 (1889). Defendant Pope is the Judge "assigned" to the 229th Court to hear the case of these Plaintiffs in Duval County. He is, therefore, a visiting judge. Therefore, absent the assignment of Defendant Pope by Judge to hear the *Amador* case, Defendant Pope would not have jurisdiction to conduct hearings, hold proceedings or issue orders in the *Amador* case. *See* Exhibit A. The express terms and language of his assignment "[t]o the 229th District Court of Duval County, Texas" limited Defendant Pope's judicial conduct to Duval County, Texas. *See* Exhibit A. This assignment is

Page 4 of 17

similar to the limitations imposed on the district judges of Nueces County, Texas; a county where, in some instances, there is only one court not sitting in a multi-county district. In these courts the judges are limited by the fact that they are elected to be judges of a district court in Nueces County, Texas. Likewise, in the *Amador* case, Defendant Pope was not elected or appointed to the district but rather he was assigned to Duval County, Texas; he was not assigned to the district as a whole. Defendant Pope had no authority to rule in Starr County on a matter filed in Duval County and, therefore, acted in his individual capacity and in complete absence of all jurisdiction.

7. Judicial immunity is not an absolute right of the judiciary. *See Mireles v. Waco*, 502 U.S. 9 (1991). The Defendants asserts that the *Mireles* court establishes "judicial immunity can only be overcome by two sets of circumstances: (1) a judge is not immune from liability for non-judicial actions and (2) a judge is not immune for actions taken in absence of all jurisdiction." Defendants' motion, p.3, ¶2. Interestingly, the defendants left out important wording in the second prong when they stated the law established in *Mireles*. Correctly quoted, the court in *Mireles* states "[s]econd, a judge is not immune for actions, <u>though judicial in nature,</u> (underlining added) taken in the complete absence of all jurisdiction". *Mireles v. Waco*, 502 U.S. 9, 12 (1991). This is important because the defendants argument hinges on a four prong test which a judge must meet to establish "judicial actions" for purposes of immunity. *See* Defendants' motion, p.5, ¶1. The first prong of the test is whether the act complained of was a "normal judicial function". *Halloway v. Walker*, 765 F.2d 517, 524 (5th Cir. 1985). Even if Defendant Pope's actions were judicial in nature, the defendants argument falls apart because *Mireles* is controlling and the United States Supreme Court, in that case, plainly states that a judges actions "though judicial in nature...taken in the complete absence of all jurisdiction" is not immune from

Page 5 of 17

suit in his individual capacity. *Id.* at 12. Four crucial words left out of defendants motion, as a statement of the controlling law, makes their subsequent argument without merit and their initial argument suspect.

**B. Defendant Pope acted in complete absence of all jurisdiction.**

8. The Tyler court ruled in *Duncan v. Texas* that "[i]n order for a court to act, it is a fundamental principal that it must first have jurisdiction to do so." 6 S.W.3d 756, 758 (Tex. App.–Tyler 1999). Subject matter jurisdiction is a fundamental principal of our court system. *See In re Buckles et al.*, 53 S.W.2d 1055 (Mo. 1932). The Supreme Court of Missouri declared "[i]t is a universal principle as old as the law that the proceedings of a court without jurisdiction are a nullity and its judgment without effect either on the person or property". *Id.* at 1057. The United States Supreme Court concurs with the Missouri court and states that "[w]here there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible". *See Stump et al. v. Sparkman et vir.*, 435 U.S. 349, 356 (1978). Similarly, the *Duncan* court ruled "subject matter jurisdiction relates to the portion of the judicial power assigned to a tribunal...which it is authorized to consider and determine." *Duncan*, 6 S.W.3d at 758. In a recent Texas case out of the 14th District Court of Appeals in Houston, the appellate court held that a visiting trial judge who conducted a hearing in a different county other than the one where the case was pending violated Article 5, § 7 of the Texas Constitution and ruled the judge's order in the case void. *Mellon Service Co. v. Touche Ross & Co.*, 946 S.W.2d 862 (Civ.App.–Houston [14th Dist.] 1997, no writ). While not binding, the Missouri Supreme Court stated that "[w]ith the exception of certain inherent powers which of right belong to all courts

Page 6 of 17

unless the power or authority of a court to perform a contemplated act can be found in the constitution [of the state] or the law enacted thereunder, it is without jurisdiction and its acts are without validity". *Buckles,* 53 S.W.2d at 1057. The court in *Duncan* stated that judicial power to consider and determine controversies is "allocated by the Constitution [Texas] and by statutes enacted pursuant to it." *Duncan,* S.W.3d at 758; TEX. CONST. Art. V, §§ 1, 8, 16,19. The Texas Constitution states, in part, "[t]he court shall conduct its proceedings at the county seat of the county in which the case is pending, except otherwise provided by law." Texas Constitution, Art. 5, § 7. This article of the Constitution requires the district court to conduct proceedings only at the county seat of the county in which the case is pending. See *Howell v. Mauzy,* 899 S.W.2d 690 (Civ.App.–Austin 1994, error denied, rehearing overruled). The term "county seat" for the purposes of this article, means the place where the county courthouse is located. *Id.* A district court has no jurisdiction to conduct proceedings outside the county in which suit is pending and such a judgment or order is void. See *Id.* This defect in jurisdiction may not be remedied by consent or agreement of the parties. See *Id.* Furthermore, the constitutional provision is mandatory and non-waivable so that no harm analysis need be done. See *Stine v. Texas,* 908 S.W.2d 429 (Crim.App. 1995, rehearing denied). Defendant Pope conducted hearings and issued orders regarding *Librado Amador, et al. v. Alamo Concrete Products, Limited, et al.,* Cause No. 16696, (filed in the 229[th] Judicial District of Duval County, Texas), in Starr County, Texas on May 9, 1997, January 8, 1998, August 21, 1998, and September 17, 1998. As the weight of authority states, these rulings and orders are void because the hearings in question were required to be held in San Diego, Duval County, Texas, pursuant to the provisions of Article 5, § 7 of the Texas Constitution. Therefore, Defendant Pope acted in his individual capacity and in complete

Page 7 of 17

absence of all jurisdiction.

**1. New Texas Law Directly on Point**

9. Recently, the 1999 Texas State 76th Legislature amended Government Code §74.094, with Senate Bill 1436, to allow "[a] visiting judge who has jurisdiction over a suit pending in one county may, unless objected to by any party, conduct any of the judicial proceedings except the trial on the merits in a different county." TX. GOV. CODE ANN. §74.094(e) (Vernon 1999). This statute took effect on September 1, 1999. *Id.* Additionally, this act only applies to a suit filed on or after the September 1, 1999 date and therefore does not apply to the *Amador* case. *Id.* As this statute plainly illustrates, a visiting judge of multiple counties <u>did not previously</u> [emphasis added] have statutory authority to conduct any judicial proceedings in a county in which the case was not pending. Emphatically, the proviso that "unless objected to by any party" indicates that this statute is not all inclusive and that consent from the parties involved is required. Plaintiffs in *Amador* repeatedly objected to Defendant Pope's actions of conducting judicial proceedings in Starr County on the Duval County case. As a result, this new statute confirms our argument that Defendant Pope acted in complete absence of all jurisdiction and even if it applied to the *Amador* case it would not be a safe harbor for Defendant Pope's actions because plaintiffs objected to the proceedings.

**C. Judge Pope's actions were not taken in his judicial capacity.**

10. Judicial immunity attaches only to actions undertaken in a judicial capacity. *See Forrester v. White,* 484 U.S. 218, 227-229 (1988). Moreover, even if the act is *judicial*, immunity does not attach if the judge is acting in the *clear absence of all jurisdiction. See Stump v. Sparkman*, 435 U.S. 719, 736-7 (1980). The issue of judges acting outside their judicial

capacity has been with our common law judiciary since the Queen's Bench of England. *See Bradley v. Fisher*, 80 U.S. 335, 349 (1871). The court in that decision noted that judicial immunity has been a problem for the courts extending all the way back to the time of Lord Coke of England. Lord Coke was one of the great proponents of judicial immunity and "established the general proposition that no action will lie against a judge for any acts done or words spoken in his judicial capacity in a court of justice." *Id.* at 349. Continuing their analysis, though, the court ruled "that with reference to judges of limited...authority...that they were protected only when they acted within their jurisdiction...." *Id.* at 350. Furthermore, the court stated that "where there is clearly no jurisdiction...any authority exercised is a usurped authority...when the want of jurisdiction is known...no excuse is permissible." *Id.* at 352. The court explicitly delineates between a court acting in excess of jurisdiction and in the absence of jurisdiction by saying that excess of jurisdiction is when a court has subject matter jurisdiction but exceeds jurisdiction in some procedural manner unknown to the court and that absence of jurisdiction is when the court knew that it had no subject matter jurisdiction from the outset. *Id.* at 353-4. The court gave an example to illustrate the difference by saying that a probate court that rules on criminal matters would be without subject matter jurisdiction and would not be immune from liability for his action but on the other hand if a criminal court convicted a person of a non-existent crime then it would be acting in excess of its jurisdiction and would therefore be acting in it's judicial capacity and immune from suit. *Id.* at 352. Similarly, the El Paso Court of Appeals decided that when a State officials commit ultra vires acts or "exceeds the authority conferred on him by statute on his own volition...that the plaintiff's suit had to be brought against the individual officials who had allegedly violated his [plaintiff] rights. *Camacho, et al. v. Samaniego*, 954 S.W.2d 811, 818

Page 9 of 17

(Civ.App.–El Paso 1997 *rehearing overruled*) The *Camacho* court reasoned that this was necessary because "an official who takes actions outside his legal authority does not act on behalf of the State". *Id.* at 818-9. This very Court stated that "[a] judge, of whatever status in the judicial hierarchy, is immune for suit for damages resulting from any act performed in the judicial role...and shields judges unless they act either in 'the clear absence of all jurisdiction over the subject matter' or in a nonjudicial capacity." *Brewer, et al. v. Blackwell*, 692 F.2d 387, 397 (5th Cir. 1982).

11. In the present instance, Defendant Pope was acting in complete absence of jurisdiction. The Defendants claim that Defendant Pope had jurisdiction under Government Code §24.017. *See* Defendants motion p.4, ¶ 2. This is an erroneous assertion because §24.017 applies only to the replacement of an elected judge of a multi-county judicial district by an assigned judge to the entire district. TEX. GOV'T. CODE ANN. §24.017. Defendant Pope's assignment was not general in nature to replace an elected judge of a multi-county district, rather it was merely an assignment to Duval County to hear the *Amador* case only. *See* "Exhibit A". It logically follows that an assigned judge to a specific case would not have jurisdiction over all other cases filed in the district court for which he was not assigned. Likewise, as a result of this limited assignment it would be equally illogical to impute the authority to act as the elected judge with jurisdiction over the entire multi-county district for which he was not assigned.

12. In conclusion on this point, absent any statutory authority granting subject matter jurisdiction, Defendant Pope acted in complete absence of all jurisdiction. Absent jurisdiction, Defendant Pope could not have the judicial capacity to act and any actions taken would not be in his judicial capacity and therefore no judicial immunity exists. More importantly, public policy demands that a judge should not use a position of such complete power as to deny plaintiffs the

Page 10 of 17

opportunity to be heard by a fair and impartial justice. This is not a case of "sour grapes" by the plaintiffs to seek unfettered revenge on an honorable judge because the outcome of the case was not favorable to the plaintiffs. On the contrary, this is an honorable endeavor of the plaintiffs to seek impartial justice afforded every citizen of Texas under the Texas Constitution and the United States Constitution. Additionally, this cause of action if allowed would not open the flood gates of lawsuits against the judiciary because this is a very fact specific instance when a judge, in his haste to offend notions of fair play and justice for personal reasons, took improper actions against the plaintiffs in complete absence of all jurisdiction.

**D. Defendant Castillo's does not share in the court's judicial immunity.**

13. Defendant Castillo acted outside the scope of her duties as court employee and does not have judicial immunity. Texas courts have interpreted acts that are judicial in nature by concluding that the act is "judicial in nature by its character, not by the character of the agent performing it." *City of Houston v. Swindall*, 960 S.w.2d 413, 417 (Tex.App.–Houston [14th Dist.] 1998, writ denied). Therefore, the position of the employee does not determine whether the improper act is *judicial*, but the act itself. *Id.* at 418. The court explained that court employees are only immune when their actions entail their job description and gave the example that a municipal court clerk could not be sued for violation of a plaintiffs civil rights by signing and filing complaints if the underlying suit was based on violation of civil rights. *Id.* The court reasoned that the municipal court clerk's position was to, in fact, sign and file complaints; having no discretion in doing their duty and therefore are immune from suit as an employee of the court. *Id.* As the court in *City of Houston* stated, an employee of the court acting as an employee of the court in a duty in which the employee has no discretion will receive judicial immunity. *Id.*

However, the court clarified this by saying that the character of the act is controlling in determining whether judicial immunity extends to the actions of a court employee. *Id.*

14. In the case before the court, the alleged actions of Defendant Castillo go far beyond the duties assigned her by the State of Texas. The character of Defendant Castillo's actions are such that she denied the plaintiffs basic information concerning trial dates, hearing dates, and subjects of the hearings. At all times, Defendant Castillo was aware of the docket of the court, yet she summarily denied this information to the plaintiffs and in doing so deliberately denied the plaintiffs assistance free from partiality, bias, or prejudice. TEX. R. CIV. PRO., Rule 25. Defendant Castillo can not claim that she acted within the scope of her assigned activities as there is no statute that allows a clerk the discretion to pick and choose who the clerk wishes to assist. Rule 25 of Texas Rules of Civil Procedure has no language which intimates discretion on the part of the court clerk to assist one party and not the other. *Id.*

15. Denying plaintiffs access to basic, fundamental information needed to effectively prosecute their case is not a normal function of Defendant Castillo's position as court clerk and assistant to Defendant Pope Therefore, Defendant Castillo was not acting in a manner in which she had no discretion and is not immune from civil suit.

**E. Plaintiffs' allegations state a claim for which relief can be granted.**

16. A plaintiff may amend its complaint once, as a matter of right, before the defendant files a responsive pleading. FED. R. CIV. P., Rule 15(a). A 12(b)(6) motion to dismiss is not a responsive pleading; therefore, a plaintiff may amend its complaint subsequent to a 12(b)(6) motion. Accordingly, concurrent with this response, plaintiffs submit Plaintiffs' First Amended

Page 12 of 17

Original Complaint

17. Defendant's arguments mislead this honorable court. Defendants claim that "even if the Plaintiffs' claims were true, they have utterly failed to state a claim...[t]exas law does not contemplate filing a document disclosing real property owned by a judge." *See* Defendants motion p.8 ¶1. Due diligence would have prevented the defendants from making such an "utterly" embarrassing mistake. The Texas Government Code, Title 5 Open Government; Ethics, Subtitle B; Ethics, Chapter 572; Personal Financial Disclosure, Standards of Conduct, and Conflict of Interest, Subchapter B; Personal Financial Statement requires in part that a "state officer, a partisan or independent candidate for an office as an elected officer, and a party chairman shall file with the commission a verified financial statement complying with Sections 572.022 through 572.025. Section 572.022 states the following:

> "The individual filing the statement shall report a description of real property by the number of lots or number of acres, as applicable, in each county, the name of the county, and the names of all persons retaining an interest in the property, excluding an interest that is severed mineral rights."

§ 572.022(c), TEX. GOV'T. CODE (1999).

Furthermore, an elected official must disclose all financial activity by the individual candidate, individual's spouse and dependent children. §572.023(a), TEX. GOV'T. CODE (1999). Finally, an elected officer of the State of Texas must make the following disclosure:

> "identification by description of all beneficial interests in real property and business entities held or acquired, and if sold, the category of the amount of the net gain or loss realized from the sale."

§ 572.023(b)(6), TEX. GOV'T. CODE (1999).

18. Plaintiffs plead more fully in their amended complaint that Defendant Pope failed to make required and appropriate disclosures to inform the parties to the Duval County suit that he and certain defense counsel in the case owned property together. *See* Plaintiffs amended complaint, pgs. 5-6 ¶11. This joint ownership raises the specter of partiality toward defense counsel and the defendants. This lack of candor and impartiality ultimately lead to numerous decisions against plaintiffs denying them of their right to a fair and impartial trial on the merits of their case. Additionally, Defendant Pope conducted himself in the complete absence of all jurisdiction to the harm of the plaintiffs. The amended pleading is specific as to plaintiffs allegations. Furthermore, plaintiffs have provided the relevant statute that Defendant Pope is required to reveal real property activities. This is one of many assertions made by plaintiffs in their amended complaint filed concurrently with this response; however, on the basis of this one statute, plaintiffs have stated a claim for which relief can be granted.

**F. Fifth Circuit Abolishes Doctrine of Derivative Immunity in Case Directly on Point.**

19. Defendant Pope asserts that because Defendant Pope has judicial immunity, those in concert with him in a conspiracy to deny plaintiffs under Section 1983 are protected by judicial immunity. In a case with a fact pattern very similar to the case before this court[1] the Fifth Circuit court ruled that a "private person himself acts under color of state law and fulfills the state action requirement of section 1983 actions so long as he is involved in a conspiracy with a state official." *Sparks v. Duval County Ranch Company, Inc.*, 604 F.2d 976, 982 (5th Cir. 1979). This court

---

[1] It is interesting to note that Duval county has a long history of judges acting in a non-judicial manner all the way back to Judge Parr and "Box 13". Likewise, the *Duncan* case involved parties from Duval County.

reasoned that co-conspirators "act under color of law and can be sued for damages in a section 1983 action when they involve a judge in their plot...." *Id.* at 983. The justices declared "[t]he doctrine of a derivative immunity for private persons who conspire with judges...can thus be seen to lack foundation...[a]ccordingly, we abolish it...." *Id.* at 983.

20. Assuming arguendo this Court finds judicial immunity for Defendant Pope, judicial immunity does not extend to co-conspirators. The remaining defendants "can be sued for damages." *Id.* at 983. Concurrent with this response, Plaintiffs submit an amended complaint with sufficient specificity to establish a claim for which relief can be granted.

## CONCLUSION

21. Plaintiffs' have cited substantially to case law, government code, civil procedure and the Texas Constitution to show that Defendant Pope acted outside his judicial capacity. Judge Pope in no way had the authority under the Constitution, the governing statutes or case law to act adversely or favorably to the Plaintiffs in a county in which the case was not pending because Judge Pope's only basis of authority over the *Amador* case was that of assignment. Defendants claim to jurisdiction and authority rests in the Texas Government Cope §24.017, but the controlling law of Texas requires that before the broad authority to act in several counties can be assumed, the people of the State of Texas must either elect or appoint the judge to the entire district and a limited assignment in jurisdiction will not grant the assigned judge sufficient authority to act contrary to the assignment. Additionally, Plaintiffs have shown that Defendant Castillo is not immune to suit because she acted outside the scope of her employment as a clerk when she denied plaintiffs rudimentary information enabling plaintiffs to litigate their claim in an

informed and prepared manner. Finally, Plaintiffs have shown that a claim exists for which relief can be granted. Therefore the defendants motion to dismiss for failure to state a claim is without merit and should be denied.

## REQUEST FOR HEARING

22. The Plaintiffs hereby request an oral hearing regarding this matter.

## PRAYER

23. FOR THESE REASONS, plaintiffs ask the court to deny defendant's motion to dismiss for failure to state a claim upon which relief can be granted. In the alternative, if the court determines plaintiff has failed to state a claim, plaintiff asks the court to grant leave to amend.

Respectfully submitted,

WOOLSEY & SCHMIDT, L.L.P.
Attorneys at Law
500 N. Shoreline Blvd., Suite 1000
Corpus Christi, Texas 78471
Telephone (361) 884-8183
Telecopier (361) 884-7998

By: _____
William N. Woolsey
Texas State Bar No. 21990000

S.D. Bar No. 5675
Attorney-In-Charge for Plaintiffs

Page 16 of 17

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document was sent to all counsel of record via certified mail return receipt requested and/or facsimile transmission on this the ___8th___ day of ___February___, 2000.

_____
William N. Woolsey


FILE
Orders
Control

# THE STATE OF TEXAS
## FIFTH ADMINISTRATIVE JUDICIAL REGION
### ORDER OF ASSIGNMENT BY THE PRESIDING JUDGE

Pursuant to Section 74.056, Texas Government Code, I hereby assign the

**Honorable John A. Pope, III**
Judge of the 381st District Court

To the 229th District Court of Duval County, Texas

This assignment is for the period beginning as determined by the assigned judge and continuing thereafter so long as may be necessary for the assigned judge to complete trial of any cause begun during such period, and to pass on motions for new trial and all other matters growing out of any cause heard by the assigned judge during such period.

**CONDITION(S) OF ASSIGNMENT (IF ANY):**

This assignment shall be for purposes of presiding in Cause No. 16,696 Styled: Librado Amador, et al vs Alamo Concrete Products Limited, et al. and such other matters as may come on for hearing.

It is ordered that the District Clerk of Duval County, Texas, if it is reasonable and practicable, and if time permits, shall give notice of this assignment to each attorney representing a party to a case that is to be heard in whole or part by the assigned judge.

It is further ordered that the District Clerk upon receipt hereof shall post a copy of this Order in a public area of the Clerk's office so that attorneys and parties may be advised of this assignment.

Date: May 7, 1997.

_____
Presiding Judge, Fifth Administrative
Judicial Region

ATTEST:

_____
Administrative Assistant

Copies:
Judge Ricardo H. Garcia
Assigned Judge John A. Pope, III
Local Presiding Judge Ricardo H. Garcia
File



THE STATE OF TEXAS
FIFTH ADMINISTRATIVE JUDICIAL REGION
ORDER OF ASSIGNMENT BY THE PRESIDING JUDGE
Pursuant to Section 74.056, Texas Government Code, I hereby assign the

**Honorable Woody Densen**
Senior Judge of the 248th District Court
To the 79th District Court of **Jim Wells and Brooks** County, Texas

This assignment is for the period beginning **June 14, 1999**, and ending **June 18, 1999**, provided that it shall continue thereafter so long as may be necessary for the assigned judge to complete trial of any cause begun during such period, and to pass on motions for new trial and all other matters growing out of any cause heard by the assigned judge during such period.

CONDITION(S) OF ASSIGNMENT (IF ANY):

It is ordered that the District Clerk of Jim Wells and Brooks County, Texas, if it is reasonably practicable, and if time permits, shall give notice of this assignment to each attorney representing a party to a case that is to be heard in whole or part by the assigned judge.

It is further ordered that the District Clerk upon receipt hereof shall post a copy of this Order in a public area of the Clerk's office so that attorneys and parties may be advised of this assignment.

Date: June 9, 1999.

Presiding Judge, Fifth Administrative Judicial Region

ATTEST:
Administrative Assistant

Copies:
Judge Terry A. Canales
Assigned Judge Woody Densen
Local Presiding Judge Terry A. Canales
File



IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAVIER ALONZO, ET AL., | § | |
| | § | |
| | § | |
| v. | § | CIVIL CAUSE NO. C-00-006 |
| | § | |
| | § | |
| HONORABLE JOHN A. POPE, III, | § | |
| ARNULFO GUERRA, FRANK R. NYE, | § | |
| HORACIO P. GUERRA, III, | § | |
| AND ELDA CASTILLO | § | |

## ORDER DENYING DEFENDANTS POPE AND CASTILLO'S MOTION TO DISMISS

CAME ON TO BE CONSIDERED on this date the Defendants Pope and Castillo's Motion to Dismiss regarding the above-styled and numbered cause.

THE COURT, having considered said motion, is of the opinion that it should be DENIED.

IT IS THEREFORE, ORDERED that the Defendants' John A. Pope, III and Elda Castillo Motion To Dismiss is hereby denied.

SIGNED, ENTERED AND ORDERED on this the _____ day of _____, 2000.

_____
H.W. HEAD, JR.
UNITED STATES DISTRICT JUDGE