United States District Court
Southern District of Texas
FILED

FEB 11 2000

Michael N. Milby, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **JAVIER ALONZO, ET AL** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. C-00-006** |
| | § | |
| **HON. JOHN A. POPE, ET AL** | § | |

**ARNULFO GUERRA'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS POPE AND CASTILLO'S MOTION TO DISMISS**

Arnulfo Guerra, one of the defendants in this cause, files this reply to the Plaintiffs Response to Defendants Pope and Castillo's Motion to Dismiss and says:

1. The question of whether Judge Pope acted without jurisdiction in the case of *Librado Amador, et al v. Alamo Concrete Products Limited, et al (Amador)*, pending in the 229th Judicial District Court of Duval County is relevant to the defense of Arnulfo Guerra, hence, he replies to Plaintiff's arguments that Judge Pope had no jurisdiction to act in the *Amador* case in Starr County.

2. Judge Pope did have jurisdiction to hear matters in the *Amador* case in Starr County and sign orders in that county. None of the cases cited by the plaintiffs in their response to Judge Pope's Motion to Dismiss are helpful. The cases do not deal with multi-county districts, where the court has jurisdiction to act in any county.

3. Plaintiffs agree that §24.276 Texas Government Code creates the 229th Judicial District Court as a multi-county court which includes both Duval and Starr counties. The plaintiffs also properly cite the Texas Constitution Art. 5 §7 which says in part, "...the Court shall conduct its proceedings at the county seat of the county in which the case is pending...." but plaintiffs ignore the next clause which says, "...except as otherwise provided by law..." None of the authorities cited by the plaintiffs deal with



ClibPDF - www.fastio.com

that clause.

4. It is precisely the law that is otherwise provided which gives Judge Pope jurisdiction to act in Starr County. Judge Pope was assigned by Judge Hester to be judge of the 229th District Court of Duval County, pursuant to §74.056 Texas Government Code. Section 74.059 Texas Government Code provides that a judge assigned under the provisions of that chapter has all the powers of the judge of the court to which he is assigned. Thus, Judge Pope had all of the powers of the 229th Judicial District Court of Duval County, Texas.

5. Section 24.017 Texas Government Code provides that in Districts composed of more than one county the judge of a district court (and Judge Pope was the judge of a district court) may, in any county in his judicial district, hear and determine all preliminary and interlocutory matters, hear and determine uncontested or agreed cases, and sign all necessary orders and judgments in those matters. That statute was in existence when the *Amador* case was originally filed. Thus by statute, Judge Pope who was assigned to be judge of the 229th Judicial District Court of Duval County, had the jurisdiction to hear some matters in the *Amador* case in any county in the district which includes Starr county.

6. Plaintiffs' argument that Judge Pope was restricted to Duval County is not supported by any legal authority and is without merit. Plaintiffs' argument that a new Texas law is directly in point is unsupported by any authority and is contrary to statute. Plaintiffs argue that prior to the amendment to §74.094 Texas Government Code, the visiting judge did not have authority to conduct proceedings except in the county where



ClibPDF - www.fastio.com

the case was pending. This argument is contrary to §74.059 and §24.017 Texas Government Code. Section 74.094 (except for sub-paragraph (e) thereof) was enacted prior to the filing of the *Amador* case. That statute provided that any district or county judge could determine any matter pending in any district or statutory county court in the county. In other words, where a county has more than one district court the judge could hear a matter and sign an order in any of the courts regardless of whether the case was transferred. The purpose of the statute was to permit judges in counties having more than one court to act on matters whether or not they were actually filed in that court. Prior to the enactment of §74.094(e) Texas Government Code assigned judges had all the powers of the district judge under 24.017 and could hear the matters in any county of the judicial district except for the trial in the case which has to be where the case was filed. The addition of sub-paragraph (e) to §74.094 Texas Government Code, now gives any judge power to conduct judicial proceedings (except trials) in any county other than the county where the case is pending unless objected to by a party. This extends the power judges had under §24.017 Texas Government Code. The judge of a multi-county district can now conduct judicial proceedings (except trials) in any county (unless objected to) and is not restricted to a county within the judicial district.

Pursuant to §74.059 and §24.017, Judge Pope had jurisdiction to hear preliminary matters and sign orders in Starr County, Texas, as judge of the 229th Judicial District Court for a case pending in Duval County. The addition of subparagraph (e) to §74.094 Texas Government Code is not relevant to the jurisdiction which Judge Pope had under other statutes and plaintiffs' argument to the contrary is without merit.



ClibPDF - www.fastio.com

7. The arguments before the court assume that Judge Pope held hearings and made ruling in Starr County, Texas but such assertions have not been supported by any evidence. Arnulfo Guerra is not aware of any hearings or orders signed in the *Amador* case in Starr County except for hearings on motions to recuse and counsel for plaintiffs agreed to those hearings which were being conducted by Judge Terry Canales. If there were any hearing held on preliminary matters and orders signed in Starr County, and even though the Court had jurisdiction to do so, such preliminary matters and orders were not dispositive of the lawsuit or of any of plaintiffs' rights. The lawsuit was disposed of at a hearing in Duval County, Texas, where the court granted the defendant's motion for summary judgment to which the plaintiffs did not file a reply. Hence, any preliminary rulings in the *Amador* case have not deprived plaintiffs of any substantive rights.

8. Copies of the above-referred to statutes are attached.

WHEREFORE, PREMISES CONSIDERED, Arnulfo Guerra prays that the court find that Judge Pope had jurisdiction to consider preliminary matters and sign orders in Starr County, Texas, and was not without jurisdiction to do so.

Respectfully submitted,

O. C. Hamilton, Jr.
State Bar No. 08847000
USDC No. 2253
P.O. Box 3725
McAllen, Texas 78502-3725
Telephone: (956) 632-8299
Facsimile: (956) 686-6109
Attorney for Defendant Arnulfo Guerra

Of Counsel:
Atlas & Hall, L.L.P.
P. O. Box 3725
McAllen, Texas 78502-3725
Telephone: (956) 682-5501
Facsimile: (956) 686-6109



ClibPDF - www.fastio.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have mailed a true and correct copy of the foregoing document to the following on this the 10th day of February, 2000:

Hector P. Gonzalez
LAW OFFICES OF HECTOR P. GONZALEZ
P.O. Box 3728
Alice, Texas 78333

John Skaggs
SKAGGS & GARZA, LLP
P.O. Drawer 2285
710 Laurel
McAllen, Texas 78502-2285

Bryan Gantt
Attorney General's Office of Texas
PO Box 12548
Austin, Texas 78711-2548

Roger Reed
Reed, Carrera & McLain
PO Box 9702
McAllen, Texas 78502

O. C. Hamilton, Jr.



ClibPDF - www.fastio.com

Case 2:00-cv-00130 Document 27 Filed in TXSD on 02/11/2000 Page 6 of 22



salaries of district court judges shall be set in the General Appropriations Act. Article 6819a–19c, codified as Section 32.015, prescribes the amount of supplemental compensation each district judge in Bexar County may receive.

**Historical Note**

**Prior Law:**
Rev.Civ.St.1879, art. 17.
Rev.Civ.St.1895, art. 22.
Rev.Civ.St.1911, art. 30.
Acts 1969, 61st Leg., 2nd C.S., p. 107, ch. 6.
Vernon's Ann.Civ.St. art. 199, subd. 186, § 1.

## § 24.275. 216th Judicial District (Bandera, Gillespie, Kendall, and Kerr Counties)

(a) The 216th Judicial District is composed of Bandera, Gillespie, Kendall, and Kerr counties.

(b) The terms of the 216th District Court begin:

(1) in Bandera County on the first Mondays in February and September;

(2) in Gillespie County on the second Mondays in April and November;

(3) in Kendall County on the fourth Mondays in February and September; and

(4) in Kerr County on the first Mondays in January and June.

Acts 1985, 69th Leg., ch. 480, § 1, eff. Sept. 1, 1985.

**Revisor's Note**

(1) The revised law omits the first paragraph of V.A.C.S. Article 199(216), relating to the name change, as executed.

(2) The revised law omits the provisions in Article 199(216) relating to the duration of the district court terms and the number of permitted court sessions as unnecessary. V.A.C.S. Article 1919, codified as Section 24.012, provides that each term of a district court continues until the day fixed by law for the beginning of the next succeeding term and that the judge may hold as many court sessions as necessary.

**Historical Note**

**Prior Law:**
Rev.Civ.St.1879, art. 17.
Rev.Civ.St.1895, art. 22.
Rev.Civ.St.1911, art. 30.
Acts 1955, 54th Leg., p. 882, ch. 337, § 2.
Acts 1973, 63rd Leg., p. 732, ch. 316, § 2.
Acts 1979, 66th Leg., p. 1163, ch. 563, § 2.
Vernon's Ann.Civ.St. art. 199, subd. 216.

## § 24.276. 229th Judicial District (Duval, Jim Hogg, and Starr Counties)

(a) The 229th Judicial District is composed of Duval, Jim Hogg, and Starr counties.

(b) The terms of the 229th District Court begin:

(1) in Duval County on the first Mondays in February and August;

(2) in Jim Hogg County on the first Mondays in June and December; and

(3) in Starr County on the first Mondays in April and October.

Acts 1985, 69th Leg., ch. 480, § 1, eff. Sept. 1, 1985.

revocation may not take effect until the completion of the initial certification period under Subsection (b).

(d) If a revocation is not filed, recertification for subsequent two-year periods takes effect by operation of law.

(e) A revocation may be rescinded and a certification of willingness not to appear and plead reinstated only on written request to the presiding judge and with the consent of the presiding judge.

Added by Acts 1989, 71st Leg., ch. 646, § 9, eff. Aug. 28, 1989. Amended by Acts 1995, 74th Leg., ch. 10, § 1, eff. April 12, 1995.

### Historical and Statutory Notes

Section 23 of the 1989 Act provides:

"Notwithstanding Subsection (b), Section 74.0551, Government Code, as added by this Act, an initial certification of willingness not to appear and plead as an attorney filed under Subdivision (6), Subsection (c), Section 74.055, Government Code, as renumbered by this Act, before January 1, 1990, expires December 31, 1991. The second and subsequent certifications take effect and expire as provided by Subsections (c) through (e), Section 74.0551, Government Code, as added by this Act."

The 1995 amendment, at the beginning of the section, deleted "A retired or former judge shall make an initial certification of willingness not to appear and plead not later then the 90th day after the date the person leaves active service.", and in the first sentence of subsec. (b), inserted "of willingness not to appear and plead".

Section 2 of the 1995 amendatory act provides:

"The changes in law made by this Act relating to a retired or former judge's initial certification of willingness not to appear and serve as an attorney in court apply to a judge regardless of whether the judge left active service before, on, or after the effective date of this Act."

### Cross References

Assignment of former appellate judge, see V.T.C.A., Government Code § 75.003.
Assignment of retirees as judicial officers, see V.T.C.A., Government Code § 75.002.

## § 74.056. Assignment by Presiding Judge

(a) A presiding judge from time to time shall assign the judges of the administrative region to hold special or regular terms of court in any county of the administrative region to try cases and dispose of accumulated business.

(b) The presiding judge of one administrative region may request the presiding judge of another administrative region to furnish judges to aid in the disposition of litigation pending in a county in the administrative region of the presiding judge who makes the request.

(c) The presiding judge of an administrative region may appoint a judge in the region to serve as acting presiding judge in the absence of the presiding judge. An acting presiding judge has all the rights, duties, and powers of the presiding judge.

(d) In addition to an assignment under Sections 74.003, 75.002, and 75.003, the chief justice of the supreme court may assign a retiree or a former judge whose last judicial office before retirement was justice or judge of the supreme court, the court of criminal appeals, or a court of appeals to the administrative judicial region in which the retiree or former judge resides for reassignment by the presiding judge of that region to a district or statutory county court in the





region. The reassignment by a presiding judge is subject to the requirements of Section 74.055. The assignment of a retiree or former judge by the chief justice to the administrative region continues only during the period for which the retiree or former judge has certified a willingness to serve under Section 74.0551.

Renumbered from § 74.033 and amended by Acts 1987, 70th Leg., ch. 674, § 2.06, eff. Sept. 1, 1987. Amended by Acts 1989, 71st Leg., ch. 646, § 10, eff. Aug. 28, 1989.

### Historical and Statutory Notes

The 1987 amendment renumbered the section; throughout subsecs. (a) and (b), substituted "region" for "district"; at the beginning of subsec. (a), deleted "Under rules prescribed by the council of judges,"; and deleted a former second sentence, which had read: "The assignment may be made during or after the consultation concerning the state of the business of the court at a meeting of the district judges of the administrative district and with or without an additional meeting of the judges."; in subsec. (b), following "disposition of litigation pending" substituted "in a county" for "in a judicial district"; and added subsec. (c).

This section was also amended by Acts 1987, 70th Leg., ch. 148, § 2.93(a); pursuant to § 5.01(d) of said Act, however, the amendment did not take effect.

The 1989 amendment added subsec. (d).

**Prior Laws:**

Acts 1927, 40th Leg., p. 228, ch. 156.
Acts 1977, 65th Leg., p. 1060, ch. 389, § 1.
Vernon's Ann.Civ.St. art. 200a, §§ 4, 6.

**Derivation:**

Acts 1985, 69th Leg., ch. 480, § 1.
Acts 1985, 69th Leg., ch. 732, § 2.
Acts 1987, 70th Leg., ch. 148, § 2.93(b)(4).
Acts 1987, 70th Leg., ch. 674, §§ 1.08, 2.14.
Vernon's Ann.Civ.St. art. 200a-1, § 4.016.
V.T.C.A. Government Code, § 74.033.

### Library References

Courts ⟹70.
WESTLAW Topic No. 106.
C.J.S. Courts § 123.

### Notes of Decisions

Assignment orders 6
Inter-regional assignments 1
Judges defeated for reelection 4
Pending cases 5
Restrictions on assignment 2
Written request 3

**1. Inter-regional assignments**

A judge of one administrative judicial district may be assigned by order of presiding judge of his district to sit in another district, in which event he is subject to assignment by presiding judge of that district. Richardson v. State (Cr. App. 1950) 154 Tex.Crim. 422, 228 S.W.2d 179.

If judge of the 88th Judicial District Court was to be assigned to try contempt action which was pending in the 159th District Court, concurrent action of the presiding judge of the first administrative judicial district and the presiding judge of the second administrative district was required. Ex parte Lowery (Civ.App. 1975) 518 S.W.2d 897.

Defendant waived right to complain that judge of another district did not have right or authority to sit in his case, where defendant did not object to or challenge judge, and therefore presumption obtained that judge was either assigned to that district pursuant to Government Code provisions or had exchanged benches pursuant to State Constitution. Walker v. State (App. 12 Dist. 1989) 823 S.W.2d 302, petition for discretionary review granted, affirmed 823 S.W.2d 247, rehearing on petition for discretionary review denied, certiorari denied 112 S.Ct. 1481, 503 U.S. 939, 117 L.Ed.2d 624.

**2. Restrictions on assignment**

Assignment of judges to district court as authorized without restrictions by Vernon's Ann. Civ.St. art. 200a-1, §§ 4.016, 4.017, 5.002 (repealed; see, now, this section and §§ 74.057, 74.092) was applicable in all counties, including Harris County. Op.Atty.Gen.1986, No. JM-474.

**3. Written request**

Record did not have to affirmatively show a written request by presiding judge of adminis-







trative region asking fo trict court to preside where other judge's regi same administrative re (App. 14 Dist. 1989) 768

**4. Judges defeated for r**

A former district judge ble for assignment to the is not ineligible for as judge was defeated for re 1986, No. JM-586.

**5. Pending cases**

Visiting judge who rece and sentenced him had proceedings in case, where ing two-week period of a authorized to complete tria ing that period. Tate v.

## § 74.057. Assignm

(a) In addition to authorized by this cha administrative regions considers the assignm of justice.

(b) A judge assigned functions authorized b assigned by the presidi

Renumbered from § 74.0 eff. Sept. 1, 1987.

The 1987 amendment, to co to 4.013 and 4.015 to 8.001 of tration Act (Vernon's Ann.Civ renumbered the section, and i tuted "regions" for "district

Prior Laws:

Acts 1927, 40th Leg., p. 228,

Courts ⟹70.
WESTLAW Topic No. 106.
C.J.S. Courts § 123.

Case 2:00-cv-00006 Document 27 Filed in TXSD on 02/11/2000 Page 9 of 22



trative region asking for judge of another district court to preside over criminal action, where other judge's regular district was part of same administrative region. Cream v. State (App. 14 Dist. 1989) 768 S.W.2d 323.

#### 4. Judges defeated for reelection

A former district judge who is otherwise eligible for assignment to the district courts of Texas is not ineligible for assignment because the judge was defeated for reelection. Op.Atty.Gen. 1986, No. JM-586.

#### 5. Pending cases

Visiting judge who received defendant's plea and sentenced him had authority to conduct proceedings in case, where judge took plea during two-week period of appointment and was authorized to complete trial of cases begun during that period. Tate v. State (App. 1 Dist. 1992) 834 S.W.2d 566, petition for discretionary review refused.

#### 6. Assignment orders

Order was sufficient to assign former judge, who remained eligible for assignment, where it was signed by presiding judge of administrative district, cited controlling statutory provisions, and specifically provided that judge was assigned to hear defendant's case "to final conclusion"; additionally, no transfer order was needed for former judge, who had been assigned to one district court in county, to hear and dispose of defendant's case in another district court in same county. Hughes v. State (Cr.App. 1994) 897 S.W.2d 285, rehearing denied, certiorari denied 115 S.Ct. 1967, 514 U.S. 1112, 131 L.Ed.2d 857, habeas corpus denied 991 F.Supp. 621.

## § 74.057. Assignment by Chief Justice

(a) In addition to the assignment of judges by the presiding judges as authorized by this chapter, the chief justice may assign judges of one or more administrative regions for service in other administrative regions when he considers the assignment necessary to the prompt and efficient administration of justice.

(b) A judge assigned by the chief justice shall perform the same duties and functions authorized by this chapter that the judge would perform if he were assigned by the presiding judge.

Renumbered from § 74.034 and amended by Acts 1987, 70th Leg., ch. 148, § 2.93(a), eff. Sept. 1, 1987.

### Historical and Statutory Notes

The 1987 amendment, to conform to §§ 1.001 to 4.013 and 4.015 to 8.001 of the Court Administration Act (Vernon's Ann.Civ.St. art. 200a-1), renumbered the section, and in subsec. (a), substituted "regions" for "districts" in two places.

**Prior Laws:**

Acts 1927, 40th Leg., p. 228, ch. 156.
Acts 1961, 57th Leg., p. 975, ch. 423, § 1.
Vernon's Ann.Civ.St. art. 200a, § 2a(3).

**Derivation:**

Acts 1985, 69th Leg., ch. 480, § 1.
Acts 1985, 69th Leg., ch. 732, § 2.
Acts 1987, 70th Leg., ch. 148, § 2.93(b)(4).
Vernon's Ann.Civ.St. art. 200a-1, § 4.017.
V.T.C.A. Government Code, § 74.034.

### Library References

Courts ⇐70.
WESTLAW Topic No. 106.
C.J.S. Courts § 123.

Case 2:00-cv-00006 Document 27 Filed in TXSD on 02/11/2000 Page 10 of 22



### Notes of Decisions

Restrictions on assignment 1

**1. Restrictions on assignment**

Assignment of judges to district court as authorized without restrictions by Vernon's Ann. Civ.St. art. 200a-1, §§ 4.016, 4.017, 5.002 (repealed; see, now, this section and §§ 74.056, 74.092) was applicable in all counties, including Harris County. Op.Atty.Gen.1986, No. JM-474.

## § 74.058. Duty to Serve When Assigned

(a) Except as provided by this chapter, a judge assigned by the presiding judge to a court in the same administrative region, or to a court in another administrative region at the request of the presiding judge of the other administrative region, shall serve in the court or administrative region to which he is assigned.

(b) The presiding judge of a judge's administrative region may relieve the judge of an assignment on presentation of good cause in writing by the assigned judge to the presiding judge.

(c) If the presiding judge refuses to relieve a judge from assignment after receiving from the judge a written statement declining the assignment for good cause, the judge may, not later than the fifth day after refusal by the presiding judge, petition the chief justice for relief from the assignment for good cause. The chief justice may grant or refuse a petition for relief from assignment at his discretion.

Renumbered from § 74.035 and amended by Acts 1987, 70th Leg., ch. 148, § 2.93(a), eff. Sept. 1, 1987.

### Historical and Statutory Notes

The 1987 amendment, to conform to §§ 1.001 to 4.013 and 4.015 to 8.001 of the Court Administration Act (Vernon's Ann.Civ.St. art. 200a-1), renumbered the section; substituted "region" for "district" throughout the section; in subsec. (a), substituted "chapter" for "section"; deleted "district" preceding the first occurrence of "judge"; and in subsec. (c), deleted "district", preceding the first and third occurrence of "judge".

**Prior Laws:**

Acts 1927, 40th Leg., p. 228, ch. 156.
Acts 1957, 55th Leg., p. 1236, ch. 408, § 1.
Acts 1977, 65th Leg., p. 248, ch. 115, § 1.
Vernon's Ann.Civ.St. art. 200a, § 5a.

**Derivation:**

Acts 1985, 69th Leg., ch. 480, § 1.
Acts 1985, 69th Leg., ch. 732, § 2.
Acts 1987, 70th Leg., ch. 148, § 2.93(b)(4).
Vernon's Ann.Civ.St. art. 200a-1, § 4.018.
V.T.C.A. Government Code, § 74.035.

### Library References

Courts ⟹70.
WESTLAW Topic No. 106.
C.J.S. Courts § 123.

## § 74.059. Powers and Duties

(a) A judge assigned under the provisions of this chapter has all the powers of the judge of the court to which he is assigned.



ClibPDF - www.fastio.com

4.016, 4.017, 5.002 (re- section and §§ 74.056, n all counties, including Gen.1986, No. JM-474.

by the presiding court in another the other adminis- on to which he is

may relieve the g by the assigned

assignment after signment for good l by the presiding t for good cause. assignment at his

ch. 148, § 2.93(a),

236, ch. 408, § 1.
48, ch. 115, § 1.
200a, § 5a.

480, § 1.
732, § 2.
148, § 2.93(b)(4).
200a-1, § 4.018.
§ 74.035.

all the powers



(b) A judge shall extend the regular terms of the court, or call the special terms, that are necessary to carry out the purposes of this chapter and to dispose of pending litigation. If a term is extended, the other terms of the court may be opened and held as usual, and a term of court in that district does not fail because of the extension. By entering an order on the minutes of the court, the judge of a district court or statutory county court or a judge assigned by the presiding judge may convene a special term of the court for the trial of cases, the entry of orders, and the disposition of the business before the court.

(c) A district, statutory probate, or statutory county court judge shall:

(1) diligently discharge the administrative responsibilities of the office;

(2) rule on a case within 90 days after the case is taken under advisement;

(3) request the presiding judge to assign another judge to hear a motion relating to the recusal of the judge from a case pending in his court; and

(4) if an election contest or a suit for the removal of a local official is filed in his court, request the presiding judge to assign another judge who is not a resident of the county to hold a regular or special term of court in that county to dispose of the suit.

Renumbered from § 74.036 and amended by Acts 1987, 70th Leg., ch. 674, § 2.07, eff. Sept. 1, 1987. Amended by Acts 1995, 74th Leg., ch. 298, § 5, eff. Sept. 1, 1995.

### Historical and Statutory Notes

Acts 1985, 69th Leg., ch. 211, § 5(b), in subd. (c)(4) of former § 74.036 substituted "a" for "an election contest or" preceding "suit for the".

The 1987 amendment renumbered the section; in subsec. (a), following "all the powers of" substituted "the judge of the court to which he is assigned" for "a district judge"; in subsec. (b), near the beginning of the first sentence, succeeding "judge" deleted "district"; in the third sentence, following "the judge of a district court" inserted "or statutory county court"; following "or a judge assigned" deleted "to a district"; in subsec. (c), inserted "or statutory county court"; in subsec. (c)(2), substituted "90 days" for "three months"; in subsec. (c)(3), following "another judge" deleted "of the administrative district" and substituted "recusal of the judge" for "recusal of the district judge"; in subsec (c)(4), near the beginning, inserted "an election contest or" and following "assign another judge" deleted "of the administrative district".

This section was also amended by Acts 1987, 70th Leg., ch. 148, § 2.93(a); pursuant to § 5.01(d) of said Act, however, the amendment did not take effect.

The 1995 amendment, in subsec. (c), in the introductory language, inserted ", statutory probate,".

For application provisions of the 1995 amendatory act, see notes following V.T.C.A., Government Code § 74.054.

**Prior Laws:**

Acts 1927, 40th Leg., p. 228, ch. 156.
Acts 1957, 55th Leg., p. 1236, ch. 408, § 1.
Acts 1977, 65th Leg., p. 248, ch. 115, § 1.
Acts 1977, 65th Leg., p. 1060, ch. 389, § 1.
Vernon's Ann.Civ.St. art. 200a, §§ 5a, 6.

**Derivation:**

Acts 1985, 69th Leg., ch. 211, § 5(b).
Acts 1985, 69th Leg., ch. 480, § 1.
Acts 1985, 69th Leg., ch. 732, § 2.
Acts 1987, 70th Leg., ch. 148, § 2.93(b)(4).
Acts 1987, 70th Leg., ch. 674, §§ 1.09, 2.14.
Vernon's Ann.Civ.St. art. 200a-1, § 4.019.
V.T.C.A. Government Code, § 74.036.

### Law Review and Journal Commentaries

Disqualification and recusal of judges. William W. Kilgarlin and Jennifer Bruch, 17 St. Mary's L.J. 601 (1986).



ClibPDF - www.fastio.com

Case 2:00-cv-00006 Document 27 Filed in TXSD on 02/11/2000 Page 12 of 22



### Library References

Judges ⇐24.
WESTLAW Topic No. 227.
C.J.S. Judges §§ 35, 53 to 56, 59 to 65.

### Notes of Decisions

**Authority of assigned judge 1**
**Criminal case, recusal 7**
**Denial of motion to recuse, recusal 6**
**Duty to make request, recusal 5**
**Effect of timely motion, recusal 8**
**Election contests 9**
**Extended terms 2**
**Recusal 4-8**
  **In general 4**
  **Criminal case 7**
  **Denial of motion to recuse 6**
  **Duty to make request 5**
  **Effect of timely motion 8**
**Removal of officials 10**
**Special terms 3**

---

**1. Authority of assigned judge**

The presiding judge of the 8th administrative judicial district, who was also a retired district judge, was qualified, upon assignment, to act as "a judge of a district court" pursuant to subsec. 2(c) of Vernon's Ann.Civ.St. art. 1911a (repealed; see, now, § 21.002) which provided that when a court found an officer of court guilty of contempt and assessed its punishment for such contempt the contemner had a right to have a judge, other than the offended court, determine whether or not he was actually guilty. Ex parte Howell (Cr.App. 1972) 488 S.W.2d 123, appeal dismissed 94 S.Ct. 114, 414 U.S. 803, 38 L.Ed.2d 38, rehearing denied 94 S.Ct. 558, 414 U.S. 1052, 38 L.Ed.2d 341, rehearing denied 96 S.Ct. 1151, 424 U.S. 936, 47 L.Ed.2d 343.

Trial court was not without jurisdiction to try defendant, nor was defendant denied due process or equal protection, by virtue of fact that trial judge was assigned pursuant to Vernon's Ann.Civ.St. art. 200a (repealed; now, this subchapter), relating to judicial administrative districts. Foreman v. State (Cr.App. 1974) 505 S.W.2d 564, certiorari denied 95 S.Ct. 91, 419 U.S. 851, 42 L.Ed.2d 81.

When regularly elected district judge or duly eligible retired district judge is assigned by administrative assignment to another district court, it makes no difference if judge of court to which assignment is made is functioning and presiding over said court at same time. Herrod v. State (Cr.App. 1983) 650 S.W.2d 814.

Retired district judge, who was assigned to the 193rd District Court for purposes of concluding matters in related action arising from administration of trust, was without authority to act in action seeking removal of the trustee and a temporary restraining order, which action had been transferred from the 95th district, since the judge had not been duly appointed to the 193rd District in accordance with existing statutory law; thus, an order entered by the judge, denying a temporary restraining order, was void. Akin v. Tipps (App. 5 Dist. 1984) 668 S.W.2d 432.

Retired district judge properly presided over disbarment trial, even though another district judge signed certain pretrial orders in the case. Olivares v. State (App. 4 Dist. 1985) 693 S.W.2d 486, dismissed.

After defense counsel filed motion requesting recusal of trial court, only order which trial court had authority to enter, if it refused to recuse itself, was order of referral to presiding judge of administrative district. Crawford v. State (App. 5 Dist. 1991) 807 S.W.2d 597.

Consenting judge who had received assignment to act in the same capacity as duly elected district judge had jurisdiction to preside over defendant's case. Roy v. State (App. 5 Dist. 1991) 813 S.W.2d 532, petition for discretionary review refused.

A visiting judge's orders in support of post judgment discovery entered after expiration of the two-week assignment were authorized by language of order of assignment providing that assignment would continue after the specified period as necessary for the judge to pass on motions for new trial and all other matters growing out of cases tried by the judge. O'Connor v. Smith (App. 1 Dist. 1991) 815 S.W.2d 338, motion to file mandamus overruled.

Visiting judge from another district who was assigned courtroom had same authority to hear defendant's case as did elected judges of district courts to which he was assigned. Borders v. State (App. 5 Dist. 1991) 822 S.W.2d 661, petition for discretionary review granted, reversed



ClibPDF - www.fastio.com

me time. Herrod
.2d 814.

was assigned to
purposes of con-
tion arising from
hout authority to
of the trustee and
which action had
th district, since
appointed to the
h existing statu-
red by the judge,
ining order, was
Dist. 1984) 668

rly presided over
h another district
orders in the case.
1985) 693 S.W.2d

motion requesting
order which trial
r, if it refused to
ferral to presiding
rict. Crawford v.
S.W.2d 597.

d received assign-
city as duly elected
on to preside over
tate (App. 5 Dist.
n for discretionary

n support of post-
after expiration of
ere authorized by
ent providing that
after the specified
judge to pass on
all other matters
the judge. O'Con-
1991) 815 S.W.2d
overruled.

r district who was
e authority to hear
d judges of district
gned. Borders v.
S.W.2d 661, peti-
granted, reversed



846 S.W.2d 834, rehearing on petition for discretionary review denied.

Motion filed by defendant to disqualify judge sitting in county "drug court" from hearing matters objecting to jurisdiction of "drug court" was not motion to disqualify presiding judge from case, where motion was directed generally against any judge presiding over "drug court," and defendant did not assert that presiding judge had any interest in outcome of case, had been counsel for one of the parties, or was related to the victim or defendant. Vargas v. State (App. 13 Dist. 1994) 883 S.W.2d 256, rehearing overruled, petition for discretionary review refused.

Statutory county court judge who was properly appointed to sit on district court had authority to hear case even though amount in controversy exceeded $100,000. Taiwan Shrimp Farm Village Ass'n, Inc. v. U.S.A. Shrimp Farm Development, Inc. (App. 13 Dist. 1996) 915 S.W.2d 61, rehearing overruled, writ denied.

**2. Extended terms**

Trial by consent of parties at extended term constituted trial during special term and not in vacation; hence appeal bond filed within 20 days after expiration of term was timely. Stern v. Maxwell (Civ.App. 1931) 44 S.W.2d 482, dismissed w.o.j..

Section 6 of Vernon's Ann.Civ.St. art. 200a (repealed; now, this section), which authorized extension whether court was being held by judge assigned to hold court in district other than his own, by regular judge, by judge of another district under agreement for exchange of benches, or by any judge lawfully appointed, elected, or designated. Morse v. Hoover (Civ.App. 1937) 105 S.W.2d 682.

A district judge was authorized to extend regular term of court if necessary to dispose of pending cases, notwithstanding that such cases were being tried by judge of another district under agreement with regular judge for exchange of benches, rather than by direction of presiding judge of an administrative district. Morse v. Hoover (Civ.App. 1937) 105 S.W.2d 682.

Where right to maintain appeal depended upon whether regular term of trial court had been lawfully extended, reviewing court had duty to construe both section 6 of Vernon's Ann.Civ.St. art. 200a (repealed; now, this section) which authorized extension of term and order which made extension liberally in furtherance of right of appeal. Hamilton v. Empire Gas & Fuel Co., 1937, 134 Tex. 377, 110 S.W.2d 561.

Section 6 of Vernon's Ann.Civ.St. art. 200a (repealed; now, this section) authorized extension of terms only to certain fixed dates or for definitely specified periods. Hamilton v. Empire Gas & Fuel Co., 1937, 134 Tex. 377, 110 S.W.2d 561.

Under section 6 of Vernon's Ann.Civ.St. art. 200a (repealed; now, this section), a regular judge could have extended a term over which he had presided as trial judge for a definite period of time, generally, for the disposition of pending litigation. Bell & Graddy v. O'Brien (Civ.App. 1938) 113 S.W.2d 560.

Order of trial court providing general extension of regular term of court must have definite term or expiration date. McAdams v. Starnes (Civ.App. 1953) 262 S.W.2d 735, ref. n.r.e..

**3. Special terms**

Filing of answer in regular term rendered cause triable when called at special term ordered after regular term's adjournment, notwithstanding plaintiff was not notified of order. Hartman v. Byrd (Civ.App. 1932) 47 S.W.2d 659.

Where an order for a special term of court for a county is made and no adjourning date is fixed and it does not appear clearly from the order that the special term was intended to overlap the regular term, the special term will terminate by operation of law when the time for convening the regular term in the county arrives. Norwood v. State (Cr.App. 1938) 135 Tex.Crim. 406, 120 S.W.2d 806.

A special term of district court, and an order appointing jury commissioners to draw a grand jury for such term, and a murder indictment, returned by such grand jury, were not void for failure of order calling such term to fix an adjourning date. Norwood v. State (Cr.App. 1938) 135 Tex.Crim. 406, 120 S.W.2d 806.

**4. Recusal—In general**

Requirement of Vernon's Ann.Civ.St. art. 200a (repealed; now, this section) that a district judge "shall request the Presiding Judge to assign a judge of the Administrative District to hear any motions to recuse such district judge from a case pending in his court" was unrelated to the immediately preceding sentence regarding election contests and suits for removal of local official and the scope of the requirement was not limited to such election contests or suits. McLeod v. Harris (Sup. 1979) 582 S.W.2d 772.

Motion filed by defendant on day case was set for trial requesting judge to disqualify or recuse himself, alleging that judge was prejudiced against defendant by virtue of remark with respect to defendant's treatment in jail, was thinly disguised effort at delaying trial and did not necessitate intervention by presiding administrative judge and another district judge, since motion contained no request that another judge



ClibPDF - www.fastio.com

Case 2:00-cv-00089 Document 27 Filed in TXSD on 02/11/2000 Page 14 of 22



rule on it, trial attorney made no request that motion be referred to another judge for hearing, and defendant offered no proof of allegations in motion. Ricondo v. State (App. 4 Dist. 1983) 657 S.W.2d 439.

In order for provision of Vernon's Ann.Civ.St. art. 200a (repealed; now, this section) which dealt with assignment of a judge to hear a motion to recuse a district judge to come into play, motion had to be prima facie adequate and allege proper grounds upon which a recusal could be sought. McClenan v. State (Cr. App. 1983) 661 S.W.2d 108.

Trial court did not err in overruling defendant's second motion to recuse without referring motion for assignment of another judge to hear the motion in accordance with Vernon's Ann.Civ.St. art. 200a, § 6 (repealed; now, this section), where second motion did not raise new grounds for recusal. Chastain v. State (App. 14 Dist. 1983) 667 S.W.2d 791, petition for discretionary review refused.

On his motion to disqualify, husband did not establish enough information to warrant referral of motion to presiding judge. Gaines v. Gaines (App. 13 Dist. 1984) 677 S.W.2d 727.

District judge sitting in court to which he was elected could hear motion to recuse. Mauldin v. State (App. 12 Dist. 1993) 874 S.W.2d 692, petition for discretionary review refused.

Motion to disqualify is to be handled under same procedural requirements as is motion to recuse. Stafford v. State (App. 6 Dist. 1997) 948 S.W.2d 921, rehearing overruled, petition for discretionary review refused.

**5. —— Duty to make request, recusal**

Where motion to recuse has been filed, trial judge is under mandatory duty to make request from presiding judge of administrative district to hear motion to recuse trial judge. McInnis v. State (Civ.App. 1981) 618 S.W.2d 389, ref. n.r.e., certiorari denied 102 S.Ct. 2242, 456 U.S. 976, 72 L.Ed.2d 851.

Trial court did not err in failing to request appointment of another district judge to hear defendant's motion to recuse, since no written motion was ever filed, and Vernon's Ann.Civ.St. art. 200a, § 6 (repealed; now, this section) required that a timely written motion be filed before mandatory provision of statute concerning hearings of such motions was activated. Limon v. State (App. 14 Dist. 1982) 632 S.W.2d 812, review refused.

It is not for a judge as to whom recusal motion is filed to pass on procedural sufficiency or insufficiency thereof and the judge must either recuse or refer the matter, and issue of procedural sufficiency is for the judge to whom the matter is referred. Greenberg, Fisk & Fielder v. Howell (App. 5 Dist. 1984) 676 S.W.2d 431.

A trial judge, when presented with recusal motion, must promptly enter either a recusal order or referral order; and he does not have the option of doing nothing. Greenberg, Benson, Fisk and Fielder, P.C. v. Howell (App. 5 Dist. 1984) 685 S.W.2d 694.

District court judge has mandatory duty to request presiding judge of administrative district to assign another judge to hear a motion relating to recusal of judge of case pending in his court. Crawford v. State (App. 5 Dist. 1991) 807 S.W.2d 597.

Elected judges are not subject to requirement in Government Code section that a district or statutory county court judge against whom motion for recusal is filed must request that the presiding judge of the administrative district assign another judge to hear the motion; section applies only to former and retired judges assigned to sit as visiting judges. Bruno v. State (App. 1 Dist. 1995) 916 S.W.2d 4, rehearing en banc denied 937 S.W.2d 121, petition for discretionary review refused.

Where motion to recuse has been filed, trial judge is under mandatory duty to make request for presiding judge of administrative district to hear motion to recuse trial judge. Ross v. State (App. 6 Dist. 1997) 947 S.W.2d 672.

Where motion to disqualify was filed ten days before date set for trial and was therefore timely, judge should have immediately referred issue to appointed judge for hearing and decision. Stafford v. State (App. 6 Dist. 1997) 948 S.W.2d 921, rehearing overruled, petition for discretionary review refused.

**6. —— Denial of motion to recuse**

Failure to seek relief by mandamus did not preclude assertion on appeal of district court's error in failing to request presiding judge to assign a judge of administrative district to hear motion to recuse, where such motion was filed immediately after learning which judge case was assigned to and judge overruled the motion just before trial on the same day. Society of Separationists, Inc. v. Strobel (Civ.App. 1980) 593 S.W.2d 855.

Any error committed by trial judge in overruling defendant's motion to recuse without requesting assignment of another judge to hear the motion in accordance with Vernon's Ann.Civ.St. art. 200a, § 6 (repealed; now, this section) was harmless, where the judge later complied with defendant's request and asked presiding judge of administrative district to assign another judge for hearing on the motion and hearing was held. Chastain v. State (App. 14 Dist. 1983) 667 S.W.2d 791, petition for discretionary review refused.

Trial court's failure to refer motion to disqualify to presiding judge was error, but in view of lateness in proceeding and broad discretion in family law matters, error was harmless. Gaines v. Gaines (App. 13 Dist. 1984) 677 S.W.2d 727.

Where motion for recusal of trial judge was heard and denied by same judge as being untimely made and the record was insufficient for appeals court to decide propriety of denial, appeal of denial was abated pending hearing on motion by another judge and certification of statement of facts and order to appeals court. Morris v. State (App. 8 Dist. 1984) 692 S.W.2d 109, petition for discretionary review refused.

Trial court did not err in refusing to consider defendant's motion to recuse trial judge on basis of bias and prejudice, where motion was not filed until first day of trial, which was untimely. Thibodeaux v. State (App. 14 Dist. 1987) 726 S.W.2d 601, petition for discretionary review refused.

7. —— **Criminal case, recusal**

Vernon's Ann.Civ.St. art. 200a, § 6 (repealed; now, this section) which provided that a district judge should request the presiding judge to assign another judge of the administrative district to hear any motions to recuse applied in criminal cases. Morris v. State (App. 8 Dist. 1984) 692 S.W.2d 109, petition for discretionary review refused.

Procedures for recusal and disqualification found in the civil rules are applicable to criminal cases. Stafford v. State (App. 6 Dist. 1997) 948 S.W.2d 921, rehearing overruled, petition for discretionary review refused.

8. —— **Effect of timely motion, recusal**

Filing of a motion to recuse, in itself, does not disqualify local judge, even though Vernon's Ann.Civ.St. art. 200a, § 6 (repealed; now, this section) required that another judge be assigned to determine merits of the motion. Chastain v. State (App. 14 Dist. 1983) 667 S.W.2d 791, petition for discretionary review refused.

Any order of court, other than order of recusal or referral, entered by court after proper motion to recuse is entered is void. Crawford v. State (App. 5 Dist. 1991) 807 S.W.2d 597.

**9. Election contests**

Failure by a judge resident in the county to recuse himself from an election contest or suit for removal of a local official is not fundamental error and, hence, there was no fundamental error in failure of recusal in challenge to school bond election. Buckholts Independent School Dist. v. Glaser (Sup. 1982) 632 S.W.2d 146.

Correct procedure seeking recusal of resident judge from hearing challenge to school bond election was to file motion to recuse and objecting taxpayers waived any error in regard to recusal where it was on motion for rehearing before Court of Appeals that taxpayers first urged that trial judge was disqualified and they also failed to assert the claimed error by a point on appeal. Buckholts Independent School Dist. v. Glaser (Sup. 1982) 632 S.W.2d 146.

**10. Removal of officials**

District judge in whose court removal suit against sheriff was filed was required by Vernon's Ann.Civ.St. art. 200a (repealed; now, this section) to request presiding judge of administrative judicial district to assign a nonresident judge of district to preside at hearing on motion for temporary suspension, as well as to dispose of suit for removal. Sullivan v. Berliner (Sup. 1978) 568 S.W.2d 844.

Suit for declaratory judgment as to whether federal felony conviction against sheriff automatically vacated office was not a "suit for the removal of a local official," such as would require assignment of nonresident judge. Leo v. Mancias (App. 13 Dist. 1994) 885 S.W.2d 268.

## § 74.060. Limitation on Assignment

(a) An active judge may not, without the judge's consent, be assigned out of the judge's district or county for more than 10 calendar days in a year.

(b) An active judge or justice of the supreme court, the court of criminal appeals, or a court of appeals may not be assigned if the judge or justice has served 14 or more days as a visiting judge under this chapter in the year in which the assignment is to be made. This subsection applies only to an initial assignment to a case and does not affect a judge's or justice's continuing to sit in a particular case.

Added by Acts 1987, 70th Leg., ch. 148, § 2.93(a), eff. Sept. 1, 1987. Amended by Acts 1989, 71st Leg., ch. 726, § 2, eff. Sept. 1, 1989; Acts 1997, 75th Leg., ch. 1305, § 2, eff. Sept. 1, 1997.



ClibPDF - www.fastio.com

(3) the issuance of an order, judgment, or decree; and

(4) an appeal.

(d) A proceeding held at a special term may be appealed as if it were held at a regular term.

Acts 1985, 69th Leg., ch. 480, § 1, eff. Sept. 1, 1985.

#### Historical Note

**Prior Law:**
Acts 1879, p. 42.
G.L. vol. 8, p. 879.
Rev.Civ.St.1895, art. 1118.
Acts 1905, 29th Leg., p. 116.
Rev.Civ.St.1911, art. 1724.
Vernon's Ann.Civ.St. art. 1921.

#### Cross References

Jury for the week, summoning jurors, see §§ 62.012, 62.013.

#### Notes of Decisions

**1. Jurisdiction and power of special term**

A special term of the district court, when organized, has the same power and is governed by the same procedure as at regular term, in view of Const. Art. 5, § 8. Ex parte Holland (1922) 91 Cr.R. 339, 238 S.W. 654.

As a court acquires jurisdiction over a defendant by his voluntary appearance the same as it does by service of process, the court at special term had jurisdiction notwithstanding the cause could not have been tried at such term had it been necessary to issue ordinary process to bring in defendant. Browder v. Memphis Independent School Dist. (1916) 107 T. 535, 180 S.W. 1077.

Defendants being in court by plea of privilege and having failed to answer, default judgment could be entered at special term of court. Ruby v. Martin (Civ.App.1932) 44 S.W.2d 824.

## § 24.016. Appointed Counsel

A district judge may appoint counsel to attend to the cause of a party who makes an affidavit that he is too poor to employ counsel to attend to the cause.

Acts 1985, 69th Leg., ch. 480, § 1, eff. Sept. 1, 1985.

#### Historical Note

**Prior Law:**
Acts 1846, p. 202.
P.D. 1414.
G.L. vol. 2, p. 1509.
Rev.Civ.St.1879, art. 1125.
Rev.Civ.St.1895, art. 1109.
Rev.Civ.St.1911, art. 1716.
Vernon's Ann.Civ.St. art. 1917.

#### Cross References

Child support cases, appointment of attorney, see Vernon's Ann.Rules Civ.Proc., rule 308a.
County court, appointment of attorneys, see § 26.049.
Criminal prosecutions,
Appointment of counsel, see Vernon's Ann.C.C.P. art. 26.04.
Rights of accused, see Const. Art. 1, § 10.

## § 24.017. Proceedings in Multicounty Districts

(a) This section applies in judicial districts that are composed of more than one county.

Case 2:00-cv-00006 Document 27 Filed in TXSD on 02/11/2000 Page 17 of 22



(b) Except as provided by this section, the judge of a district court may, in any county in his judicial district:

(1) hear and determine all preliminary and interlocutory matters in which a jury may not be demanded;

(2) hear and determine uncontested or agreed cases and contests of elections pending in his district, unless a party to the suit objects; and

(3) sign all necessary orders and judgments in those matters.

(c) The judge may sign an order or decree in any case pending for trial or on trial before him in any county in his district at a place that is convenient to the judge and forward the order or decree to the clerk for filing and entry.

(d) A district judge who is assigned to preside in a court of another judicial district or is presiding in exchange or at the request of the regular judge of the court may, in the manner provided by this section for the regular judge, hear, determine, and enter the orders, judgments, and decrees in a case that is pending for trial or has been tried before the visiting judge.

(e) All contested divorce cases, all default judgments, and all cases in which any of the parties are cited by publication must be tried in the county in which the case is filed unless other law authorizes the case to be tried in another county.

Acts 1985, 69th Leg., ch. 480, § 1, eff. Sept. 1, 1985.

### Historical Note

**Prior Law:**
Rev.Civ.St.1879, art. 1127.
Rev.Civ.St.1895, art. 1111.
Rev.Civ.St.1911, art. 1718.
Acts 1951, 52nd Leg., p. 341, ch. 212.
Acts 1955, 54th Leg., p. 806, ch. 297, § 1.
Acts 1969, 61st Leg., p. 1658, ch. 523, § 1.
Vernon's Ann.Civ.St. art. 1919, § 2.

### Cross References

Transfer of cases and exchange of benches, see Const. Art. 5, § 11.
Exchange and transfer of cases and other proceedings, see Vernon's Ann.Rules Civ.Proc., rule 330.

### Notes of Decisions

**Default judgment 2**
**Divorce 1**
**Exercise of powers in different counties 3**
**Judicial notice 4**

**1. Divorce**

District court whose district comprised two counties, including the one in which the persons seeking custody and the child resided, had jurisdiction to hear evidence in other county and enter there a judgment in a nonjury case adjudging child to be a dependent and neglected child and awarding custody of child to the persons seeking custody. Hendricks v. Curry (Sup.1966) 401 S.W.2d 796.

**2. Default judgment**

District court's jurisdiction for regular judge thereof to hear evidence and render default judgment in county in judicial district other than one in which case was filed was conferred by this section, where judicial district contained more than one county, and defendant not only made no objections to hearing and determination of case in another county, but admitted plaintiff's allegations of facts setting out his cause of action. Continental Sav. Ass'n v. Gutheinz (App. 7 Dist.1986) 718 S.W.2d 377, ref. n.r.e.

Vernon's Ann.Civ.St. art. 1919, § 2 (repealed); now this section) providing that all default judgments shall be tried in county in which suit is filed, was limited in application

to situations where district judge was assigned to preside in court of another judicial district, or where district judge presided in exchange with or at request of regular judge of court. Continental Sav. Ass'n v. Gutheinz (App. 7 Dist. 1986) 718 S.W.2d 377.

**3. Exercise of powers in different counties.**

Judgment of disbarment was not invalid, even if the disbarment case was heard in Wichita County and the disbarment decree was signed in Tarrant County. Phagan v. State (Civ.App.1974) 510 S.W.2d 655, ref. n.r.e.

**4. Judicial notice**

Court would take judicial notice of fact there are many subdivisions of State known as districts, some of which are composed of single counties and some of various combinations of counties. Love v. Miller (Civ.App.1958) 316 S.W.2d 269.

## § 24.018. Certain Effect of District Reorganization

If the counties that compose a judicial district or the time or place for holding terms of a district court are changed by law:

(1) the process and writs issued from the district court and made returnable to a term of court fixed by the law at the time of the issuance are returnable to the next term of the court as fixed by the amended law and are as legal and valid as if they were made returnable to the term of the court as fixed by the amended law;

(2) the grand and petit jurors selected or drawn under the prior law in any county in the judicial district are lawfully selected or drawn for the next term of the district court of the county as fixed by the amended law; and

(3) the obligees in all appearance bonds and recognizances taken in and for the district court and the witnesses summoned to appear before the district court under the prior law are required to appear at the next term of the court as fixed by the amended law.

Acts 1985, 69th Leg., ch. 480, § 1, eff. Sept. 1, 1985.

### Historical Note

**Prior Law:**

Rev.Civ.St.1911, art. 31.
Vernon's Ann.Civ.St. art. 200.

### Cross References

Reapportionment of districts, see §§ 24.948, 24.949; Const. Art. 5, § 7A.

### Notes of Decisions

**Jurisdiction 1**
**Terms of court 2**

**1. Jurisdiction**

Notwithstanding lack of order of transfer, trial was proper in court where indictment was returned, though Legislature subsequently placed that court in new judicial district. Peddy v. State (1932) 120 Cr.R. 565, 49 S.W.2d 745.

Where suit was instituted in the "Special District Court of Smith County" and upon that court's dissolution was transferred to the "7th Judicial District Court of Smith County," citation issued out of a subsequently created "Special District Court of Smith County" was without legal effect. Thompson v. Pure Oil Co. (Civ.App.1938) 113 S.W.2d 662.

Under Acts 1935, 44th Leg., p. 3, ch. 2, as amended, 4th Judicial District Court had jurisdiction to hear and determine all matters over which Special District Court of Rusk County had jurisdiction when it ceased to exist by operation of law, including contempt proceed-

Filed in TXSD on 02/11/2000 Page 19 of 22



(1) the selection and authority of a presiding judge of the courts giving preference to a specified class of cases, such as civil, criminal, juvenile, or family law cases; and

(2) any other matter necessary to carry out this chapter or to improve the administration and management of the court system and its auxiliary services.

(d) Rules relating to the transfer of cases or proceedings shall not allow the transfer of cases from one court to another unless the cases are within the jurisdiction of the court to which it is transferred. When a case is transferred from one court to another as provided under this section, all processes, writs, bonds, recognizances, or other obligations issued from the transferring court are returnable to the court to which the case is transferred as if originally issued by that court.

Added by Acts 1987, 70th Leg., ch. 148, § 2.93(a), eff. Sept. 1, 1987. Amended by Acts 1989, 71st Leg., ch. 646, § 15, eff. Aug. 28, 1989.

### Historical and Statutory Notes

The 1989 amendment, in subsec. (a), substituted "vote" for "votes"; in subsec. (c) inserted new subd. (1), and designated subd. (2).

Acts 1987, 70th Leg., ch. 148, § 2.93(b)(4).
Vernon's Ann.Civ.St. art. 200a-1, § 5.003.

**Derivation:**
Acts 1985, 69th Leg., ch. 732, § 2.

### Cross References

Inapplicability of court provisions relating to jury procedures, see V.T.C.A., Government Code § 25.0007.

### Library References

Courts ⟹78.
WESTLAW Topic No. 106.
C.J.S. Courts §§ 7, 124 to 127.

### Notes of Decisions

Attorney fees 1
Filing systems 2

**1. Attorney fees**

Board of judges had no authority under Vernon's Ann.Civ.St. art. 200a-1, § 5.003 (repealed; now, this section) to establish fee schedule for payment of court-appointed attorney fees, and reduction of claims for court-appointed attorney fees thus could not have been authorized by local rules of administration adopted by board of judges. Smith v. Flack (Cr.App. 1987) 728 S.W.2d 784.

**2. Filing systems**

Webb County could adopt central filing system for assignment of cases under Vernon's Ann.Civ.St. art. 200a-1, § 5.003 (repealed; now, this section). Op.Atty.Gen.1986, No. JM-476.

## § 74.094. Hearing Cases

(a) A district or statutory county court judge may hear and determine a matter pending in any district or statutory county court in the county regardless of whether the matter is preliminary or final or whether there is a judgment in



ClibPDF - www.fastio.com

Case 2:00-cv-00006 Document 27 Filed in TXSD on 02/11/2000 Page 20 of 22



the matter. The judge may sign a judgment or order in any of the courts regardless of whether the case is transferred. The judgment, order, or action is valid and binding as if the case were pending in the court of the judge who acts in the matter. The authority of this subsection applies to an active, former, or retired judge assigned to a court having jurisdiction as provided by Subchapter C.[1]

(b) The judges shall try any case and hear any proceeding as assigned by the local administrative judge.

(c) The clerk shall file, docket, transfer, and assign the cases as directed by the local administrative judge in accordance with the local rules.

(d) Judges of district courts and statutory county courts may serve as masters and magistrates of courts, other than their own, subject to other provisions of law and court rules.

Added by Acts 1987, 70th Leg., ch. 674, § 2.10, eff. Sept. 1, 1987. Amended by Acts 1989, 71st Leg., ch. 2, § 8.40(a), eff. Aug. 28, 1989; Acts 1989, 71st Leg., ch. 179, § 2(d)(2), eff. Sept. 1, 1989.

[1] V.T.C.A., Government Code § 74.041 et seq.

### Historical and Statutory Notes

This section was also added by Acts 1987, 70th Leg., ch. 148, § 2.93(a); pursuant to § 5.01(d) of said Act, however, the addition did not take effect.

Acts 1989, 71st Leg., ch. 2, § 8.40(a), to conform to Acts 1985, 69th Leg., ch. 602, § 19, deleted a reference to Title 110B, Subtitle E from the end of subsec. (a).

Acts 1989, 71st Leg., ch. 2, § 1.02(b) provides:

"(b) If any provision of this Act conflicts with a statute enacted by the 71st Legislature, Regular Session, 1989, the statute controls."

Acts 1989, 71st Leg., ch. 179, § 2(d)(2), in subsec. (a) substituted references to Title 8 of the Government Code for references to Title 110B of the Revised Civil Statutes. However these changes were not executed pursuant to Acts 1989, 71st Leg., ch. 179, § 3, which provides:

"This Act is enacted under Article III, Section 43, of the Texas Constitution. This is intended as a recodification only, and no substantive change in the law is intended by this Act."

**Derivation:**

Acts 1985, 69th Leg., ch. 602, § 19.
Acts 1985, 69th Leg., ch. 732, § 2.
Acts 1987, 70th Leg., ch. 148, § 2.93(b)(4).
Acts 1987, 70th Leg., ch. 674, §§ 1.12, 2.14.
Vernon's Ann.Civ.St. art. 200a-1, § 5.004.
Acts 1989, 71st Leg., ch. 2, § 8.40(c).

### Library References

Judges ⇐24.
WESTLAW Topic No. 227.
C.J.S. Judges §§ 35, 53 to 56, 59 to 65.

### Notes of Decisions

**Subject matter jurisdiction 1**

**1. Subject matter jurisdiction**

Section of Court Administration Act permitting judges to act in absence of transfer between courts does not serve to confer subject matter jurisdiction upon court otherwise lacking jurisdiction. Miller v. Woods (App. 9 Dist. 1994) 872 S.W.2d 343.

More specific statute, providing that county criminal court in Tarrant County does not have civil jurisdiction, prevailed over more general statute, providing that district or statutory county court judge may hear matter pending in any district or statutory county court in county regardless of whether matter is preliminary or

final or whether there is judgment in matter, for purposes of determining whether county criminal court lacked jurisdiction to grant occupational driver's license to criminal defendant who had driving while intoxicated (DWI) case pending in that court, but who had not yet been convicted of DWI. State ex rel. Curry v. Gilfeather (App. 2 Dist. 1996) 937 S.W.2d 46, rehearing overruled.

## § 74.095. Repealed by Acts 1987, 70th Leg., ch. 674, § 2.13, eff. Sept. 1, 1987

### Historical and Statutory Notes

The repealed section, provided that rules adopted under this chapter did not authorize a judge to act in a case over which his own court did not have jurisdiction under the constitution and laws of this state and was derived from:

Acts 1985, 69th Leg., ch. 732, § 2.
Acts 1987, 70th Leg., ch. 148, § 2.93a, (b)(4).
Acts 1987, 70th Leg., ch. 674, § 1.15.
Vernon's Ann.Civ.St. art. 200a-1, § 5.005.

## § 74.096. Terms of Court

The terms of all courts covered by this subchapter begin on the first Monday in January and the first Monday in July of each year, except as may otherwise be provided by law. Each term of court continues until the next succeeding term begins.

Added by Acts 1987, 70th Leg., ch. 148, § 2.93(a), eff. Sept. 1, 1987.

### Historical and Statutory Notes

**Derivation:**
Acts 1985, 69th Leg., ch. 732, § 2.
Acts 1987, 70th Leg., ch. 148, § 2.93(b)(4).
Vernon's Ann.Civ.St. art. 200a-1, § 5.006.

### Cross References

Non-adjournment of term, see Vernon's Ann.Rules Civ.Proc., Rule 19.
Terms of court,
District courts, see V.T.C.A., Government Code § 24.012.
Terms of district courts, see V.T.C.A., Government Code § 24.302.

### Library References

Courts ⇐63, 65.
WESTLAW Topic No. 106.
C.J.S. Courts §§ 111 to 114, 120.

[Sections 74.097 to 74.100 reserved for expansion]

## SUBCHAPTER E. COURT COORDINATORS

### Library References

Courts ⇐55, 78.
C.J.S. Courts §§ 140 et seq., 170.



ClibPDF - www.fastio.com

while assigned under this chapter, a former judge
and money appropriated by the legislature the sam
penses that the regular judge is entitled to recei
for those services. The presiding judge of th
county and the state the services rendered unde
and the share to be paid by the state. The amoun
ate's share shall be paid from an item in the Judici
he General Appropriations Act for the payment o
idges.

e, constitutional county, or statutory county coun
court outside his own district or county, the judge
uthorized by law, is entitled to receive his actua
his assignment and his actual living expenses while
e assignment. The county in which the duties are
he general fund of the county on accounts certified
e administrative region for that county.

, constitutional county, or statutory county court
court outside his own district or county, the judge,
expenses authorized by law, is entitled to receive a
a day that the judge spends outside his district or
nder the assignment. The state shall pay the per
judge's salary on certificates of approval by the
administrative region in which the judge resides.

eme court, the court of criminal appeals, or a court
is not entitled to receive any additional compensa-
t of appeals justice assigned to a court outside his
the supreme court, or a judge of the court of
tual expenses in going to and returning from
e in the performance of duties under the assign-
e performed shall pay the expenses out of the
d and approved by the presiding judge of the

alary from the state of a retired judge or justice
ro rata on the sum of the regular judge's salary

tate on August 31, 1997; or

lary from the state, or a greater percentage of
stablished by the General Appropriations Act for

ary from the state of a former judge or justice
rata on the greater of:

ate on August 31, 1997; or

ary from the state, or a greater percentage of
ablished by the General Appropriations Act for

ept. 1, 1999.

Statutory Notes

fiscal year"; and in subsec. (i)(2), after "state" inserted ", or a greater percentage of that salary, not to exceed 100 percent, as established by the General Appropriations Act for any fiscal year".



## SUBCHAPTER D. ADMINISTRATION BY COUNTY

### § 74.094. Hearing Cases

(a) A district or statutory county court judge may hear and determine a matter pending in any district or statutory county court in the county regardless of whether the matter is preliminary or final or whether there is a judgment in the matter. The judge may sign a judgment or order in any of the courts regardless of whether the case is transferred. The judgment, order, or action is valid and binding as if the case were pending in the court of the judge who acts in the matter. The authority of this subsection applies to an active, former, or retired judge assigned to a court having jurisdiction as provided by Subchapter C.[1]

(b) The judges shall try any case and hear any proceeding as assigned by the local administrative judge.

(c) The clerk shall file, docket, transfer, and assign the cases as directed by the local administrative judge in accordance with the local rules.

(d) Judges of district courts and statutory county courts may serve as masters and magistrates of courts, other than their own, subject to other provisions of law and court rules.

(e) A judge who has jurisdiction over a suit pending in one county may, unless objected to by any party, conduct any of the judicial proceedings except the trial on the merits in a different county.

(f) A pretrial judge assigned to hear pretrial matters in related cases under Rule 11, Texas Rules of Judicial Administration, may hold pretrial proceedings and hearings on pretrial matters for a case to which the judge has been assigned in:

(1) the county in which the case is pending; or

(2) a county in which there is pending a related case to which the pretrial judge has been assigned.

Amended by Acts 1999, 76th Leg., ch. 1551, § 1, eff. Sept. 1, 1999.

1 V.T.C.A., Government Code § 74.041 et seq.

#### Historical and Statutory Notes

**1999 Legislation**

Acts 1999, 76th Leg., ch. 1551 added subsecs. (e) and (f).

Section 2 of Acts 1999, 76th Leg., ch. 1551 provides:

"(a) This Act takes effect September 1, 1999.

"(b) Subsection (e), Section 74.094, Government Code, as added by this Act, applies only to a suit filed on or after the effective date of this Act. A suit filed before the effective date of this Act is covered by the law in effect when the suit was filed, and the former law is continued in effect for that purpose.

"(c) Subsection (f), Section 74.094, Government Code, as added by this Act, applies to a suit pending or filed on or after the effective date of this Act."

#### Notes of Decisions

In general ½

**½. In general**

Order dismissing firearm possession charges with prejudice, signed by district judge from another judicial district, was not void on its face; district judge could hold court for another district when expedient, and nothing on the face of order showed that judge lacked power to adjudicate when he signed appellant's motion to dismiss. McBee v. State (App. 1 Dist. 1998) 981 S.W.2d 694, petition for discretionary review refused.

**1. Subject matter jurisdiction**

Judge of county court at law was authorized to preside over and sign the judgment in retaliatory discharge case that was pending in district court in same county, even though amount in controversy placed case outside his court's subject matter jurisdiction. Texas Animal Health Com'n v. Garza (App. 4 Dist. 1998) 980 S.W.2d 776.

Pursuant to statutory and constitutional exchange-of-benches provisions, district court judge was acting for court of continuing, exclusive jurisdiction when he entered order "retaining jurisdiction" over divorce proceedings related to custody and support of children, where judge was in same county as court of continuing jurisdiction and judge was assigned suit affecting the parent-child relationship (SAPCR) by centralized, rotating docket system. In re Garza (App. 4 Dist. 1998) 981 S.W.2d 438.

Statutory and constitutional exchange-of-benches provisions authorize any district judge in