United States District Court
Southern District of Texas
FILED

FEB 1 4 2000

Michael N. Milby, Clerk

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAVIER ALONZO, ET AL., | § | |
| | § | |
| | § | |
| v. | § | CIVIL CAUSE NO. C-00-006 |
| | § | |
| | § | |
| HONORABLE JOHN A. POPE, III, | § | |
| ARNULFO GUERRA, FRANK R. NYE, | § | |
| HORACIO P. GUERRA, III, | § | |
| AND ELDA CASTILLO | § | |

## PLAINTIFFS' RESPONSE TO DEFENDANT ARNULFO GUERRA'S MOTION TO DISMISS

TO THE HONORABLE JUDGE HAYDEN W. HEAD, JR:

COME NOW, Plaintiffs Javier Alonzo, Jose Luis Alonzo, Javier Alonzo, Jr., Jose Luis Alonzo, Jr., Coronado Alonzo, Gregory Castillo, Eduardo Castillo, and Rosbel Castillo file their response to said defendant's motion to dismiss, and in doing so asks this Court to deny Defendant Arnulfo Guerra's (Defendant Guerra) motion to dismiss for failure to state a claim.

### INTRODUCTION

1. Plaintiffs sued Defendant Pope, on December 7, 1999, for acting totally and completely outside the jurisdiction for which he was assigned contrary to Articles 5, § 7 of the Texas Constitution and established case law. *See Mellon Service Co. v. Touche Ross & Co.,* 946 S.W.2d 862 (Civ. App.–Houston [14th Dist.] 1997, no writ). Additionally, Plaintiffs sued Arnulfo Guerra in the same cause of action for conspiring with Defendant Pope to deny Plaintiffs due process in violation of 42 U.S.C. 1983.

Page 1 of 15

2.  To fully understand the thrust of Plaintiffs' cause of action one must be at all times cognizant of the fact that Pope was a visiting judge to the 229th District Court of Duval County, Texas, as a result of an assignment made by the administrative judge of the Fifth Administrative Judicial Region, Honorable Judge Darrell Hester (Judge Hester), under the provisions of Government Code §74.052.  TEXAS. GOV'T CODE ANN. §74.052 (Vernon 1999).  Judge Hester assigned Defendant Pope to the case of *Librado Amador et al. vs. Alamo Concrete Products Limited et al.*, Cause No. 16696, pending in the 229th Judicial District, Duval County, Texas. *See* Pl. Resp. to Def. Pope's Mtn to Dis. "Exhibit A".  An example of when a presiding judge seeks to extend the jurisdiction of his assignment is an order drafted like that of "Exhibit A". *Id.* In contrast, an example of an order giving broader jurisdictional powers to a visiting judge is shown by an order of assignment similar to the one in "Exhibit B ".  *See* Pl. Resp. to Def. Pope's Mtn to Dis. "Exhibit B".  The difference between the two assignments clearly demonstrate that when a presiding judge assigns a visiting judge to hear matters in multiple counties, the multi-county jurisdiction is plainly and boldly stated.

3.  Defendant's filed a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  In their motion Defendant Guerra argues that the allegations against Defendant Pope do not state a cause of action under federal or state law and hence do not state a claim upon which relief can be granted.  *See* Defendant Guerras' motion, p. 2, ¶4.  Additionally, Defendant Guerra claims there are no factual allegations to support the pleading of conspiracy.  *See* Defendant Guerras' motion, p. 2, ¶5.  In his motion Defendant Guerra alleges that plaintiffs have not alleged they have been denied due process and that plaintiffs can not assert such a claim.  *See* Defendant Guerras' motion, p. 3, ¶6.  Finally,

Defendant Guerra argues that plaintiffs have suffered no damage and have not been deprived of any liberty or of any property. *See* Defendant Guerras' motion, p. 3, ¶7.

4. Defendants Pope and Castillo, in their motion, argue that Defendant Pope is immune from suit in his individual capacity and did not act in complete absence of all jurisdiction. *See* Defendant Pope's motion, p.3, ¶1,2. Similarly, defendants argue that Defendant Pope's actions were taken in his judicial capacity. See Defendant Popes' motion, p.5, ¶1. Finally, defendants argue that plaintiffs allegations fail to state a claim for which relief can be granted. *See* Defendant Popes' motion, p.7, ¶3.

5. Respecting the time limitations of this Honorable Court, plaintiffs will respond to each of the defendants arguments in the order that defendants have submitted them in their motion to dismiss.

## RESPONSE TO DEFENDANT'S ARGUMENTS

7. When considering defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to plaintiff. *In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399, 1403 (9th Cir. 1996); *Doe v. Hillsboro ISD,* 81 F.3d 1395, 1401 (5th Cir. 1996). Only if no possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendant's motion. *Hishon v. King Spalding,* 467 U.S. 69, 73 (1984); *Conley v. Gibson,* 355 U.S. 41, 45-56 (1957). If the factual allegations in plaintiff's complaint support any legal theory that entitles plaintiff to some relief, the court should overrule defendant's motion.

**A. Plaintiffs have clearly alleged unauthorized conduct of Judge Pope**

**1. Defendant Pope is not immune from suit in his individual capacity.**

7. The issue correctly stated in this case is whether Defendant Pope acted in his judicial

capacity as visiting Judge to the 229th Judicial District Court, Duval County over Cause No.

16696, *Librado Amador, et al. v. Alamo Concrete Products Limited, et. al.*, when he ruled

adversely to the plaintiffs in such case in Starr County. The 229th District Court is a multi-county

district court composed of Duval, Jim Wells, and Starr Counties. TEX. GOV'T. CODE ANN.

§24.276. Defendant Pope's jurisdictional authority in Duval County is by assignment to Duval

County and not to the entire district. Additionally, Defendant Pope's jurisdictional authority in

Duval County court is not derived either by appointment or by election. Defendant Pope is not the

elected judge of the 229th District Court. The Texas Constitution requires that a judge be elected

to a district to have jurisdictional authority. *See Manry v. McCall,* 22 S.W.2d 348

(Civ.App–Beaumont 1929). As stated in *Manry*:

> "[i]t is provided by section 7 of article 5 of the Texas state
> Constitution that: [t]he state shall be divided into as many judicial
> districts as may now or hereafter be provided by law, which may be
> increased or diminished by law. For each district there shall be **elected**
> by the qualified voters thereof, at a general election, a judge, who shall
> be a citizen...who shall hold his office for a period of four years...."

*Manry v. McCall,* 22 S.W.2d 348, 351 (Civ.App–Beaumont 1929).

Likewise, Defendant Pope is not the appointed judge of the 229th District Court. The Texas

Supreme Court ruled in *Lytle v. Halff & Bro.* that the only way a judge can have concurrent

jurisdiction in two counties is to be either appointed or elected. 12 S.W. 610 (1889). Defendant

Pope is the Judge "assigned" to the 229th Court to hear the case of these Plaintiffs in Duval

County. He is, therefore, a visiting judge. Therefore, absent the assignment of Defendant Pope

by Judge to hear the *Amador* case, Defendant Pope would not have jurisdiction to conduct

hearings, hold proceedings or issue orders in the *Amador* case. *See* Exhibit A. The express terms

Page 4 of 15

and language of his assignment "[t]o the 229[th] District Court of Duval County, Texas" limited Defendant Pope's judicial conduct to Duval County, Texas. *See* Exhibit A. This assignment is similar to the limitations imposed on the district judges of Nueces County, Texas; a county where, in some instances, there is only one court not sitting in a multi-county district. In these courts the judges are limited by the fact that they are elected to be judges of a district court in Nueces County, Texas. Likewise, in the *Amador* case, Defendant Pope was not elected or appointed to the district but rather he was assigned to Duval County, Texas; he was not assigned to the district as a whole. Defendant Pope had no authority to rule in Starr County on a matter filed in Duval County and, therefore, acted in his individual capacity and in complete absence of all jurisdiction.

8. Judicial immunity is not an absolute right of the judiciary. *See Mireles v. Waco*, 502 U.S. 9 (1991). The *Mireles* court establishes "judicial immunity can only be overcome by two sets of circumstances: (1) a judge is not immune from liability for non-judicial actions and (2) a judge is not immune for actions taken in absence of all jurisdiction." The first prong of the test is whether the act complained of was a "normal judicial function". *Halloway v. Walker*, 765 F.2d 517, 524 (5th Cir. 1985). The United States Supreme Court plainly states that a judges actions "though judicial in nature...taken in the complete absence of all jurisdiction" is not immune from suit in his individual capacity. *Id.* at 12.

**2. Defendant Pope acted in complete absence of all jurisdiction.**

9. The Tyler appellate court ruled in *Duncan v. Texas* that "[i]n order for a court to act, it is a fundamental principal that it must first have jurisdiction to do so." 6 S.W.3d 756, 758 (Tex. App.–Tyler 1999). Subject matter jurisdiction is a fundamental principal of our court system. *See In re Buckles et al.*, 53 S.W.2d 1055 (Mo. 1932). The Supreme Court of Missouri declared "[i]t

is a universal principle as old as the law that the proceedings of a court without jurisdiction are a nullity and its judgment without effect either on the person or property". *Id.* at 1057. The United States Supreme Court concurs with the Missouri court and states that "[w]here there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible". *See Stump et al. v. Sparkman et vir.*, 435 U.S. 349, 356 (1978). Similarly, the *Duncan* court ruled "subject matter jurisdiction relates to the portion of the judicial power assigned to a tribunal...which it is authorized to consider and determine." *Duncan*, 6 S.W.3d at 758. In a recent Texas case out of the 14[th] District Court of Appeals in Houston, the appellate court held that a visiting trial judge who conducted a hearing in a different county other than the one where the case was pending violated Article 5, § 7 of the Texas Constitution and ruled the judge's order in the case void. *Mellon Service Co. v. Touche Ross & Co.*, 946 S.W.2d 862 (Civ.App.–Houston [14[th] Dist.] 1997, no writ). While not binding, the Missouri Supreme Court stated that "[w]ith the exception of certain inherent powers which of right belong to all courts unless the power or authority of a court to perform a contemplated act can be found in the constitution [of the state] or the law enacted thereunder, it is without jurisdiction and its acts are without validity". *Buckles,* 53 S.W.2d at 1057. The court in *Duncan* stated that judicial power to consider and determine controversies is "allocated by the Constitution [Texas] and by statutes enacted pursuant to it." *Duncan*, S.W.3d at 758; TEX. CONST. Art. V, §§ 1, 8, 16,19. The Texas Constitution states, in part, "[t]he court shall conduct its proceedings at the county seat of the county in which the case is pending, except otherwise provided by law." Texas Constitution, Art. 5, § 7. This article of the Constitution requires the district court to conduct proceedings only

at the county seat of the county in which the case is pending. See *Howell v. Mauzy*, 899 S.W.2d 690 (Civ.App.–Austin 1994, error denied, rehearing overruled). The term "county seat" for the purposes of this article, means the place where the county courthouse is located. *Id.* A district court has no jurisdiction to conduct proceedings outside the county in which suit is pending and such a judgment or order is void. *See Id.* This defect in jurisdiction may not be remedied by consent or agreement of the parties. See *Id.* Furthermore, the constitutional provision is mandatory and non-waivable so that no harm analysis need be done. *See Stine v. Texas*, 908 S.W.2d 429 (Crim.App. 1995, rehearing denied). Defendant Pope conducted hearings and issued orders regarding *Librado Amador, et al. v. Alamo Concrete Products, Limited, et al.*, Cause No. 16696, (filed in the 229th Judicial District of Duval County, Texas), in Starr County, Texas on May 9, 1997, January 8, 1998, August 21, 1998, and September 17, 1998. As the weight of authority states, these rulings and orders are void because the hearings in question were required to be held in San Diego, Duval County, Texas, pursuant to the provisions of Article 5, § 7 of the Texas Constitution. Therefore, Defendant Pope acted in his individual capacity and in complete absence of all jurisdiction.

### a. New Texas Law Directly on Point

10. Recently, the 1999 Texas State 76th Legislature amended Government Code §74.094, with Senate Bill 1436, to allow "[a] visiting judge who has jurisdiction over a suit pending in one county may, unless objected to by any party, conduct any of the judicial proceedings except the trial on the merits in a different county." TX. GOV. CODE ANN. §74.094(e) (Vernon 1999). This statute took effect on September 1, 1999. *Id.* Additionally, this act only applies to a suit filed on or after the September 1, 1999 date and therefore does not apply to the *Amador* case. *Id.*

As this statute plainly illustrates, a visiting judge of multiple counties <u>did not previously</u> [emphasis added] have statutory authority to conduct any judicial proceedings in a county in which the case was not pending.  Emphatically, the proviso that "unless objected to by any party" indicates that this statute is not all inclusive and that consent from the parties involved is required.  Plaintiffs in *Amador* repeatedly objected to Defendant Pope's actions of conducting judicial proceedings in Starr County on the Duval County case.  As a result, this new statute confirms our argument that Defendant Pope acted in complete absence of all jurisdiction and even if it applied to the *Amador* case it would not be a safe harbor for Defendant Pope's actions because plaintiffs objected to the proceedings.

### 3.  Judge Pope's actions were not taken in his judicial capacity.

11.  Judicial immunity attaches only to actions undertaken in a judicial capacity.  *See Forrester v. White,* 484 U.S. 218, 227-229 (1988).  Moreover, even if the act is *judicial,* immunity does not attach if the judge is acting in the *clear absence of all jurisdiction.  See Stump v. Sparkman,* 435 U.S. 719, 736-7 (1980).  The issue of judges acting outside their judicial capacity has been with our common law judiciary since the Queen's Bench of England.  *See Bradley v. Fisher,* 80 U.S. 335, 349 (1871).  The court in that decision noted that judicial immunity has been a problem for the courts extending all the way back to the time of Lord Coke of England.  Lord Coke was one of the great proponents of judicial immunity and "established the general proposition that no action will lie against a judge for any acts done or words spoken in his judicial capacity in a court of justice." *Id.* at 349.  Continuing their analysis, though, the court ruled "that with reference to judges of limited...authority...that they were protected only when they acted within their jurisdiction...." *Id.* at 350.  Furthermore, the court stated that "where

there is clearly no jurisdiction...any authority exercised is a usurped authority...when the want of jurisdiction is known...no excuse is permissible." *Id.* at 352. The court explicitly delineates between a court acting in excess of jurisdiction and in the absence of jurisdiction by saying that excess of jurisdiction is when a court has subject matter jurisdiction but exceeds jurisdiction in some procedural manner unknown to the court and that absence of jurisdiction is when the court knew that it had no subject matter jurisdiction from the outset. *Id.* at 353-4. The court gave an example to illustrate the difference by saying that a probate court that rules on criminal matters would be without subject matter jurisdiction and would not be immune from liability for his action but on the other hand if a criminal court convicted a person of a non-existent crime then it would be acting in excess of its jurisdiction and would therefore be acting in it's judicial capacity and immune from suit. *Id.* at 352. Similarly, the El Paso Court of Appeals decided that when a State officials commit ultra vires acts or "exceeds the authority conferred on him by statute on his own volition...that the plaintiff's suit had to be brought against the individual officials who had allegedly violated his [plaintiff] rights. *Camacho, et al. v. Samaniego,* 954 S.W.2d 811, 818 (Civ.App.–El Paso 1997 *rehearing overruled*) The *Camacho* court reasoned that this was necessary because "an official who takes actions outside his legal authority does not act on behalf of the State". *Id.* at 818-9. The Fifth Circuit Court stated that "[a] judge, of whatever status in the judicial hierarchy, is immune for suit for damages resulting from any act performed in the judicial role...and shields judges unless they act either in 'the clear absence of all jurisdiction over the subject matter' or in a nonjudicial capacity." *Brewer, et al. v. Blackwell,* 692 F.2d 387, 397 (5th Cir. 1982).

12. In the present instance, Defendant Pope was acting in complete absence of

Page 9 of 15

jurisdiction. Defendant Pope claims that he had jurisdiction under Government Code §24.017. *See* Defendant Pope's motion p.4, ¶ 2. This is an erroneous assertion because §24.017 applies only to the replacement of an elected judge of a multi-county judicial district by an assigned judge to the entire district. TEX. GOV'T. CODE ANN. §24.017. Defendant Pope's assignment was not general in nature to replace an elected judge of a multi-county district, rather it was merely an assignment to Duval County to hear the *Amador* case only. *See* "Exhibit A". It logically follows that an assigned judge to a specific case would not have jurisdiction over all other cases filed in the district court for which he was not assigned. Likewise, as a result of this limited assignment it would be equally illogical to impute the authority to act as the elected judge with jurisdiction over the entire multi-county district for which he was not assigned.

13. In conclusion on this point, absent any statutory authority granting subject matter jurisdiction, Defendant Pope acted in complete absence of all jurisdiction. Absent jurisdiction, Defendant Pope could not have the judicial capacity to act and any actions taken would not be in his judicial capacity and therefore no judicial immunity exists. More importantly, public policy demands that a judge should not use a position of such complete power as to deny plaintiffs the opportunity to be heard by a fair and impartial justice. This is not a case of "sour grapes" by the plaintiffs to seek unfettered revenge on an honorable judge because the outcome of the case was not favorable to the plaintiffs. On the contrary, this is an honorable endeavor of the plaintiffs to seek impartial justice afforded every citizen of Texas under the Texas Constitution and the United States Constitution. Additionally, this cause of action if allowed would not open the flood gates of lawsuits against the judiciary because this is a very fact specific instance when a judge, in his haste to offend notions of fair play and justice for personal reasons, took improper actions against the plaintiffs in complete absence of all jurisdiction.

**B. Plaintiffs have been denied due process as a result of the conspiracy between Defendant Pope and Defendant Guerra.**

    **1. Plaintiffs' allegations state a claim for which relief can be granted.**

    14. A plaintiff may amend its complaint once, as a matter of right, before the defendant files a responsive pleading. FED. R. CIV. P., Rule 15(a). A 12(b)(6) motion to dismiss is not a responsive pleading; therefore, a plaintiff may amend its complaint subsequent to a 12(b)(6) motion. Accordingly, concurrent with this response, plaintiffs submit Plaintiffs' First Amended Original Complaint

    15. The Texas Government Code, Title 5 Open Government; Ethics, Subtitle B; Ethics, Chapter 572; Personal Financial Disclosure, Standards of Conduct, and Conflict of Interest, Subchapter B; Personal Financial Statement requires in part that a "state officer, a partisan or independent candidate for an office as an elected officer, and a party chairman shall file with the commission a verified financial statement complying with Sections 572.022 through 572.025. Section 572.022 states the following:

> "The individual filing the statement shall report a description of real property by the number of lots or number of acres, as applicable, in each county, the name of the county, and the names of all persons retaining an interest in the property, excluding an interest that is severed mineral rights."

§ 572.022(c), TEX. GOV'T. CODE (1999).

Furthermore, an elected official must disclose all financial activity by the individual candidate, individual's spouse and dependent children. §572.023(a), TEX. GOV'T. CODE (1999). Finally, an elected officer of the State of Texas must make the following disclosure:

> "identification by description of all beneficial interests in real property and business entities held or acquired, and if sold, the category of the amount of the net gain or loss realized from the sale."

§ 572.023(b)(6), TEX. GOV'T. CODE (1999).

16.  Plaintiffs plead more fully in their amended complaint that Defendant Pope failed to make required and appropriate disclosures to inform the parties to the Duval County suit that he and certain defense counsel in the case owned property together.  *See* Plaintiffs amended complaint, pgs. 5-6 ¶11.  This joint ownership raises the specter of partiality toward defense counsel and the defendants.  This lack of candor and impartiality ultimately lead to numerous decisions against plaintiffs denying them of their right to a fair and impartial trial on the merits of their case.  Additionally, Defendant Pope conducted himself in the complete absence of all jurisdiction to the harm of the plaintiffs.  The amended pleading is specific as to plaintiffs allegations.  Furthermore, plaintiffs have provided the relevant statute that Defendant Pope is required to reveal real property activities.   This is one of many assertions made by plaintiffs in their amended complaint filed concurrently with this response; however, on the basis of this one statute, plaintiffs have stated a claim for which relief can be granted.

**2.  Specific Allegations by Plaintiff against Defendant.**

17.  Plaintiffs specific allegations have been more fully developed in Plaintiffs First Amended Complaint; however, Plaintiffs will succinctly state them as follows:

a.  Defendant Arnulfo Guerra worked jointly with Defendant Pope on prior cases.

b.  Defendant Arnulfo Guerra has/had joint ownership in real property.

c. Defendant Arnulfo Guerra has participated with Defendant Pope in concealing the true nature of the property owned by Defendant Pope:

(1) real property taken as a legal fee is community property and should be taken as such, but the property was taken as the sole property of Defendant Pope.

Page 12 of  15

(2) Defendant Arnulfo Guerra went along with Defendant Pope in his misrepresentation of the true nature of the property mentioned in (1).

**C. Plaintiffs have suffered damages as a result of being denied due process and the direct conspiratorial actions of Defendant Pope and Defendant Guerra.**

18. It is important to note that as a result of this ongoing wrongful and conspiratorial conduct of the defendants, Defendant Pope at the motion of Defendant Guerra dismissed all the plaintiffs claims in the Duval County case based on a summary judgement filed by one (1) defendant after allowing Plaintiffs' former counsel of record to withdraw just five minutes before said ruling, and without allowing Plaintiffs time to obtain other counsel.

19. As a direct and proximate result of the wrongful conduct of Defendants, as alleged in Plaintiffs First Amended Complaint, Plaintiffs have been deprived of their constitutional rights of due process and equal protection under the law. Plaintiffs' right to redress in state district court for the wrongful conduct of the defendants in the Duval County case *(Amador)* has been deprived and prejudiced by the Defendants actions. Plaintiffs, therefore, seek equitable and monetary damages and relief from the United States District Court for the Defendant's illegal activities. Plaintiffs have further incurred unnecessary and unreasonable expenses due to the Defendants unfair, wrongful, and illegal conduct.

20. The Plaintiffs would further show the Court and jury that the conduct of the defendants as described in Plaintiffs First Amended Complaint was willful, wanton, intentional, and done with conscious disregard for the rights and welfare of the Plaintiffs. As such, Plaintiffs seek punitive or exemplary damages from the Defendants to punish them for their unfair, wrongful and illegal conduct.

Page 13 of 15

## CONCLUSION

21.  Plaintiffs' have cited substantially to case law, the Government Code, rules of civil procedure and the Texas Constitution to show that Defendant Pope acted outside his judicial capacity.  Judge Pope in no way had the authority under the Constitution, the governing statutes or case law to act adversely or favorably to the Plaintiffs in a county in which the case was not pending because Judge Pope's only basis of authority over the *Amador* case was that of assignment.  Defendants claim to jurisdiction and authority rests in the Texas Government Code §24.017, but the controlling law of Texas requires that before the broad authority to act in several counties can be assumed, the people of the State of Texas must either elect or appoint the judge to the entire district and a limited assignment in jurisdiction will not grant the assigned judge sufficient authority to act contrary to the assignment. Finally, Plaintiffs have shown that a claim exists for which relief can be granted and that damages occurred as a result of Defendants' illegal conduct.  Therefore the Defendant's motion to dismiss for failure to state a claim is without merit and should be denied.

## PRAYER

22.  FOR THESE REASONS, Plaintiffs ask the court to deny Defendant's motion to dismiss for failure to state a claim upon which relief can be granted.  In the alternative, if the court determines plaintiff have failed to state a claim, Plaintiffs ask the Court to grant leave to amend.

Respectfully submitted,

WOOLSEY & SCHMIDT, L.L.P.

Attorneys at Law
500 N. Shoreline Blvd., Suite 1000
Corpus Christi, Texas 78471
Telephone (361) 884-8183
Telecopier (361) 884-7998

By:_____

William N. Woolsey
Texas State Bar No. 21990000
S.D. Bar No. 5675
Attorney-In-Charge for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing

document was sent to all counsel of record via certified mail return receipt requested and/or

facsimile transmission on this the _14th_ day of _February_, 2000.

_____

William N. Woolsey

Page 15 of 15

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| JAVIER ALONZO, ET AL., | § | |
| | § | |
| | § | |
| v. | § | CIVIL CAUSE NO. C-00-006 |
| | § | |
| | § | |
| HONORABLE JOHN A. POPE, III, | § | |
| ARNULFO GUERRA, FRANK R. NYE, | § | |
| HORACIO P. GUERRA, III, | § | |
| AND ELDA CASTILLO | § | |

---

## ORDER DENYING DEFENDANT ARNULFO GUERRA MOTION TO DISMISS

---

CAME ON TO BE CONSIDERED on this date the Defendant Arnulfo Guerra Motion to

Dismiss regarding the above-styled and numbered cause.

THE COURT, having considered said motion, is of the opinion that it should be DENIED.

IT IS THEREFORE, ORDERED that the Defendant Arnulfo Guerra's Motion To

Dismiss is hereby denied.

SIGNED, ENTERED AND ORDERED on this the _____ day of _____, 2000.


_____
H.W. HEAD, JR.
UNITED STATES DISTRICT JUDGE