IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

FEB 1 7 2000

Michael N. Milby, Clerk

| | | |
|---|---|---|
| JAVIER ALONZO, ET AL., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CAUSE NO.  C-00-006 |
| | § | |
| HON. JOHN A. POPE, ARNULFO GUERRA, | § | |
| FRANK R. NYE, HORACIO P. GUERRA, III, | § | |
| AND ELDA CASTILLO | § | |
| Defendant. | § | |

---

## DEFENDANTS POPE AND CASTILLO'S REPLY TO PLAINTIFFS' REMOTION TO DISMISS

---

TO THE HONORABLE JUDGE HAYDEN W. HEAD, JR:

COME NOW, Defendants Honorable John A. Pope and Elda Castillo, by and through their attorney of record, John Cornyn, the Attorney General of Texas and the undersigned Assistant Attorney General, and file this their Reply to Plaintiff's Response.  In support of said Reply, Defendants respectfully show this Court as follows:

### I. INTRODUCTION

1.      On January 13, 2000 Defendants Pope and Castillo filed a Motion to Dismiss under Fed. R Civ. P. 12(b) seeking the complete dismissal of Plaintiffs' claims based on absolute judicial immunity, derived judicial immunity and Plaintiffs' failure to state a claim.

2.      Plaintiffs filed their Response on February 8, 2000 simultaneously with a Motion for Leave.

3.      Defendants Pope and Castillo file this Reply to clarify the arguments presented in Plaintiffs' Response.

31.

## II. ARGUMENTS AND AUTHORITIES

**A. Defendant Pope did not act in complete absence of all jurisdiction.**

The dispositive issue in this case is whether Pope acted within his jurisdiction during the acts which form the basis of the complaint.[1] As explained below, it is clear that based on the Constitution of the State of Texas, the statutes enacted pursuant to the Constitution and the order by Judge Hester that Pope was clearly acting within his jurisdiction at all times in question.

Plaintiffs agree that Pope was assigned under TEX. GOV'T CODE ANN. 74.056. A presiding judge that is appointed TEX. GOV'T CODE ANN. 74.056 has all the rights, duties, and powers of the presiding judge. TEX. GOV'T CODE ANN. 74.056 (c), *see also* TEX. GOV'T CODE ANN. 74.059(a). Therefore, Pope has all the rights, duties, and powers of the presiding judge of the court he is assigned, in this case the 229th District Court.

Plaintiffs, however, conclusively assert that Pope has violated Article 5, Section 7 of the Texas Constitution. *See* Plaintiff's Response p. 2. That section expressly provides that a court "shall conduct its proceedings at the county seat of a county in which the case is pending, *except as otherwise provided by law.*" TEX. CONST. art. V, § 5.

Plaintiffs agree that the 229th District Court is a multi-county district composed of Duval, Jim Wells, and Starr counties. *See* Plaintiffs Response p. 4., *see also* TEX. GOV'T CODE ANN. §24.276. In multi-county districts, such as the 229th District, the Texas Government Code provides that the judge of a district court may, *in any county in his district*, hear and determine all preliminary and

---

[1]Plaintiffs concede the true issue involves jurisdiction. In their Response, Plaintiffs' judicial capacity argument does not dispute judicial capacity, but rather focuses on the theory of jurisdiction. (See Plaintiffs' Response §C, p. 8-11). Plaintiffs concede, as they must, that the acts are judicial in nature. Therefore, the sole inquiry with regards to judicial immunity is whether Pope acted "in a complete absence of jurisdiction" during the hearings that form the basis of this complaint.

2

interlocutory matters in which a jury may be demanded and sign all necessary orders and judgments in those matters. TEX GOV'T CODE ANN. §24.017 (b). Further, a district judge who is assigned to preside in a court of another judicial district may, *in the manner provided by this section for the regular judge*, hear, determine and enter the orders, judgments, and decrees in a case that is pending for trial or has been tried before the visiting judge. TEX. GOV'T CODE ANN. §24.017 (d).

The statute expressly contemplates cases that are pending for trial or have been tried by a visiting judge. *Id.* Plaintiffs agree that Pope is a visiting judge. *See* Plaintiff's Response page 4. Accordingly, under the controlling statute, enacted by the Legislature pursuant to the Texas Constitution, Pope may hear and determine all preliminary matters in which a jury may be demanded in any county in the 229th District, including Duval County.

**B.      Senate Bill 1436 is not controlling in multi-district counties for matters conducted within a judicial district.**

Senate Bill 1436 allows a visiting judge who has jurisdiction over a suit pending in one county to conduct any of the judicial proceedings except the trial on the merits in a different county, even a county outside the district. Tex. S.B. 1436, 76th Leg., R.S. (1999), codified at TEX. GOV'T CODE ANN. 74.094(e) (Vernon's Supp. 1999). Contrary to Plaintiff's response, this statute does not extend jurisdiction of visiting judges within a multi-county district to matters within the district. *See* Plaintiff's Response p. 8, ¶ 9. As noted above, this power was already granted to visiting judges in multi-county districts so long as the judge sits in a county that is located within the district. TEX GOV'T CODE ANN. §24.017 (d).

Senate Bill 1436 does, however, address the problem in the case cited in Plaintiff's Response. *Mellon Service Co. v. Touche Ross & Co.*, 946 S.W.2d 862 (Tex.Civ.App.- Houston[14th Dist.]

3

1997], no writ. (Check) In *Mellon*, the parties were located in the 333rd judicial district. The 333rd judicial district is a single county district composed of Harris County. *See* TEX. GOV'T. CODE ANN.§24.479. The contested hearing took place outside the District in Galveston County. *Mellon*, 946 S.W.2d at 863. While both parties agreed to the hearing, the court held that the hearing was void because the hearing was not held within the district and therefore the court did not have jurisdiction. *Id.* at 870. TEX. GOV'T CODE ANN. §24.017 was not controlling since the 333rd judicial district is not a multi-county district. Under the law as amended by Senate Bill 1436, the issue in *Mellon* would be decided by TEX. GOV'T CODE ANN. §74.094(e) and the court's order would stand. Since the 229th is a multi-county district and the contested hearings were held in a county that is a part of the district, Senate Bill 1436 has no application in this case.

The scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104-1105 (1978). Defendants have shown in their Motion to Dismiss and in this Reply that Pope has jurisdiction in this case by statute and therefore enjoys absolute judicial immunity. Accordingly, Plaintiff's claims against Pope must be dismissed.

**C. Defendant Elda Castillo is entitled to derived judicial immunity.**

Likewise, Plaintiffs conclusively assert that Defendant Castillo is not entitled to derived judicial immunity. Plaintiffs' argument is wholly without merit. Castillo is entitled to derived judicial immunity under *City of Houston v. Swindall* as well as the cases cited in Defendant's motion. *City of Houston v. Swindall*, 960 S.W.2d 413, 417 (Tex.App.- Houston [14thDist.] 1998), writ denied).

Plaintiffs cite TEX. R. CIV. P. 25 which provides:

4

"Each clerk shall keep a file docket which shall show in convenient for, the number of the suit, the names of the attorneys, the names of the parties to the suit, and the nature thereof, and, in brief form, the officer's return on the process, and all subsequent proceedings had in the case with the dates thereof."

TEX. R. CIV. P. 25

TEX. R. CIV. P. 25 does not impose any duty on Castillo to assist any counsel regarding information that counsel is provided through service of pleadings on motion and from orders of the court that are transmitted to counsel. Plaintiffs do not cite any authority which would require Castillo to supplement information that is provided through the regular service of pleadings. Castillo was acting at all times as an arm of the court. Accordingly, Castillo is entitled to derivative judicial immunity and Plaintiff's claims against her must be dismissed.

**D.     Plaintiffs' allegations fail to state a claim for which relief can be granted.**

Additionally, plaintiffs have failed to state a proper cause of action for which this court may grant relief. Instead, plaintiffs state in their Original Petition the "Defendant Judge and two of the Defendants were partners in a land transaction and continue to own real property together." *See* Plaintiffs Original Petition, p.5. In their response Plaintiffs cite the requirement of an elected official within the State of Texas to file a personal financial statement. *See* Response, p.13. Finally in Plaintiffs First Amended Complaint, Plaintiffs state that Pope "intentionally to make required and appropriate disclosure to inform the parties in the county suit that he and certain defense counsel in the case.... own property together." *See* Plaintiffs First Amended Complaint, p. 5,6.

The financial statement cited in Plaintiff's Response is to be filed with the Texas Ethics Commission. *See* TEXAS GOV'T CODE ANN. §572.021. However, Pope has filed his personal financial statement with the Texas Ethics Commission. A copy of the Popes' personal financial statement filed April 5, 1999 is attached as Exhibit 1.

5

Pope does not list any real property in which a person retains an interest. *See* Exhibit 1, Part 6A. Plaintiffs do not attach any evidence to the contrary, but rely on "information and belief." *See* Plaintiff's First Amended, p. 6. Under federal law, such allegations of conspiracy are not sufficient to overcome Pope's absolute judicial community. *See Holloway v. Walker,* 765 F.2d 517, 522 (5th Cir. 1985).

Further, the proper venue to challenge any alleged discrepancy in Pope's financial statement is the Texas Ethics Commission and not this honorable court. A violation of Chapter 572 is enforced by the Texas Ethics Commission. TEXAS GOV'T CODE ANN. §571.061(a)(1).[2] As stated in the footnote, the Commission has significant regulatory authority for any infractions.

In addition, the Commission has established a regulation procedure to process complaints received by the general public. *See* TEX. GOV'T CODE ANN. §571.121, et.al. If Plaintiffs believe the information in Exhibit 1 is incorrect, they may file a sworn complaint with the Commission. TEX. GOV'T CODE ANN. §571.122. The Commission has established a procedure for such a complaint that includes informal hearings (TEX. GOV'T CODE ANN. §571.127), formal hearings (TEX. GOV'T CODE ANN. §571.131), appeals (TEX. GOV'T CODE ANN. §571.133), as well as penalties for filing a bad-faith complaint (TEX. GOV'T CODE ANN. 571.176).

The State of Texas has established the Texas Ethics Commission to preside a complicated regulatory system of state law. Instead of proceeding through the regulatory system or properly

---

[2] The commission is authorized to enforce a civil penalty based on its finding. TEXAS GOV'T CODE ANN §572.037. In addition, a criminal penalty may be assessed if an elected officer "knowingly and willfully" fails to file a financial statement as required. TEXAS GOV'T CODE ANN. §572.034. The commission is authorized to enforce a civil penalty based on its finding. TEXAS GOV'T CODE ANN §572.037. In addition, a criminal penalty may be assessed if an elected officer "knowingly and willfully" fails to file a financial statement as required. TEXAS GOV'T CODE ANN. §572.034.

6

appealing the adverse rulings through a state appeal, Plaintiffs filed this lawsuit under 41. U.S.C.A.
§1983.  Plaintiffs have failed to state a claim for which relief can be granted.  Plaintiffs claim
regarding any proper filing is in fact a thinly veiled conspiracy claim against Pope.  The law is clear
that mere allegations that a judge performed acts pursuant to a conspiracy will not be sufficient to
avoid immunity. *Holloway*, 765 F.2d at 522. If the Plaintiffs believe they have a claim regarding the
validity of Pope's financial statement, that claim should be addressed to the Texas Ethics
Commission and not this court. *Buford v. Sun Oil*, 319 U.S. 315,63, 5.ct 1098 (1943), *Sierra Club
v. City of San Antonio*, 112 F3d 789, 795B (5th Cir. 1997).  Such an alleged claim should be
dismissed to prevent the improvident excuse of federal jurisdiction.

### III. CONCLUSION

Defendants have shown that Pope was acting within his jurisdiction under the statutes of
the State of Texas at all times during the events that form the basis of this complaint.  Plaintiffs
have failed to show that Pope's actions were taken in complete absence of jurisdiction.  In
addition, Plaintiffs have failed to show that Castillo is entitled to derived judicial immunity.

### IV. PRAYER.

WHEREFORE PREMISES CONSIDERED Defendants pray that this Courts deny all relief
requested by the Plaintiffs.  Further, Defendants request that this court grant Defendants' Motion to
Dismiss, dismiss Plaintiffs' claims against Defendants in their entirety and grant Defendants all
further relief at law and in equity to which they may be entitled.

7

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

LINDA S. EADS
Deputy Attorney General for Litigation

TONI HUNTER
Chief, General Litigation Division

BRYAN GANTT
Southern District of Texas Bar No. 23810
Texas Bar No. 24007219
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

ATTORNEYS FOR THE HONORABLE
JOHN A. POPE AND ELDA CASTILLO

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent via certified mail, return receipt requested on this the _16th_ day of February, 2000, to:

William N. Woolsey
500 N. Shoreline Blvd., Suite 1000
Corpus Christi, Texas   78471

8

Mr. John Skaggs
Skaggs and Garza
710 Laurel Ave.
P.O. Drawer 2285
McAllen, Texas   78502

Mr. Carl Hamilton
Atlas & Hall
P.O. Drawer 3725
McAllen, Texas   78502

Mr. Roger Reed
Reed, Carrera & McLain
P.O. Box 9702
McAllen, Texas   78502-9702

BRYAN GANTT
Assistant Attorney General

9

Case 2:00-cv-00006   Document 31   Filed in TXSD on 02/17/2000   Page 10 of 30

Texas Ethics Commission        P.O.   /2070        Austin,  Texas  78711-2070        (512) 463-5800        1-800-325-8506

# PERSONAL FINANCIAL STATEMENT

**FORM PFS**
**COVER SHEET**

Filed in accordance with Government Code Chapter 572.
For filings required in 1999, covering calendar year ending December 31, 1998.
Use FORM PFS--INSTRUCTION GUIDE when completing this form.

TOTAL NUMBER OF PAGES FILED.

**OFFICE USE ONLY**

**1  NAME**

TITLE   FIRST   MI
JUDGE   JOHN   A.
NICKNAME   LAST   SUFFIX
POPE,   III

Account #  32463
Date Received

**RECEIVED**
APR 0 5 1999
Texas Ethics Commission

**2  ADDRESS**

ADDRESS / PO BOX:   APT / SUITE #:   CITY:   STATE:   ZIP CODE
200 N. BRITTON AVENUE
RIO GRANDE CITY, TEXAS   78582

Receipt #

HD / PM  4/1/99  Amount

**3  TELEPHONE NUMBER**

AREA CODE   PHONE NUMBER   EXTENSION
( 956 )   487-1024

Date Processed
**ENTERED** APR 1 4 1999
Date Imaged

**4  REASON FOR FILING STATEMENT**

☐ CANDIDATE _____ (INDICATE OFFICE)

☒ ELECTED OFFICER  381ST JUDICIAL DISTRICT COURT _____ (INDICATE OFFICE)

☐ APPOINTED OFFICER _____ (INDICATE AGENCY)

☐ EXECUTIVE HEAD _____ (INDICATE AGENCY)

☐ FORMER OR RETIRED JUDGE SITTING BY ASSIGNMENT

☐ STATE PARTY CHAIR _____ (INDICATE PARTY)

☐ OTHER _____ (INDICATE POSITION)

**5**  Family members whose financial activity you are reporting (filer must report information about the financial activity of the filer's spouse or dependent children if the filer had actual control over that activity):

☒ SPOUSE  ANNA MARIA M. POPE

☒ DEPENDENT CHILD 1. MAYELA TERESA POPE

2. JOHN A. POPE, IV

3. _____

**EXHIBIT**
**1**

In Parts 1 through 15, you will disclose your financial activity during the preceding calendar year. In Parts 1 through 10, you are required to disclose not only your own financial activity, but also that of your spouse or a dependent child if you had actual control over that person's financial activity.

## COPY AND ATTACH ADDITIONAL PAGES AS NECESSARY

Printed on recycled paper        Revised 1/8/1999

Case 2:00-cv-00006   Document 31   Filed in TXSD on 02/17/2000   Page 11 of 30

# SOURCES OF OCCUPATIONAL INCOME

**PART 1A**

When reporting information about a dependent child's activity, indicate the child about whom you are reporting by providing the number under which the child is listed on the Cover Sheet.

**1  INFORMATION RELATES TO**    ☐ FILER    ☒ SPOUSE    ☐ DEPENDENT CHILD _____

**2  EMPLOYMENT**    NAME AND ADDRESS OF EMPLOYER / POSITION HELD

☒ EMPLOYED BY ANOTHER

MISSION HOSPITAL
900 S. BRYAN RD.
MISSION, TEXAS  78572

REGISTERED NURSE

☐ SELF-EMPLOYED    NATURE OF OCCUPATION

---

**INFORMATION RELATES TO**    ☐ FILER    ☐ SPOUSE    ☒ DEPENDENT CHILD _1_

**EMPLOYMENT**    NAME AND ADDRESS OF EMPLOYER / POSITION HELD

☒ EMPLOYED BY ANOTHER

ANA LIZA GARZA/ALVAREZ
ATTORNEY AT LAW
210 NORTHEAST STREET
RIO GRANDE CITY, TEXAS  78582

PART-TIME RECEPTIONIST

☐ SELF-EMPLOYED    NATURE OF OCCUPATION

---

**INFORMATION RELATES TO**    ☐ FILER    ☐ SPOUSE    ☐ DEPENDENT CHILD _____

**EMPLOYMENT**    NAME AND ADDRESS OF EMPLOYER / POSITION HELD

☐ EMPLOYED BY ANOTHER

☐ SELF-EMPLOYED    NATURE OF OCCUPATION

---

## COPY AND ATTACH ADDITIONAL PAGES AS NECESSARY

☺ Printed on recycled paper

Revised 1/8/1999

Texas Ethics Commission      P.O      12070      Austin, Texas 78711-2070      (512) 463-5800      1-800-325-8506

# RETAINERS                                                           PART **1B**

This section concerns fees received as a retainer by you, your spouse, or a dependent child (or by a business in which you, your spouse, or a dependent child have a "substantial interest") for a claim on future services in case of need, rather than for services on a matter specified at the time of contracting for or receiving the fee. Report information here only if the value of the work actually performed during the calendar year did not equal or exceed the value of the retainer. For more information, *see* FORM PFS—INSTRUCTION GUIDE.

When reporting information about a dependent child's activity, indicate the child about whom you are reporting by providing the number under which the child is listed on the Cover Sheet.

**1** FEE RECEIVED FROM                          NAME AND ADDRESS

NONE                                             NONE

**2** FEE RECEIVED BY                            NAME OF BUSINESS

NONE      ☐ FILER
          OR FILER'S BUSINESS _____ NONE

          ☐ SPOUSE
          OR SPOUSE'S BUSINESS _____

          ☐ DEPENDENT CHILD _____
          OR CHILD'S BUSINESS _____

**3** FEE AMOUNT
NONE      ☐ LESS THAN $5,000   ☐ $5,000–$9,999   ☐ $10,000–$24,999   ☐ $25,000–OR MORE

FEE RECEIVED FROM                                NAME AND ADDRESS
                                                 N/A
NONE

FEE RECEIVED BY                                  NAME OF BUSINESS

          ☐ FILER
          OR FILER'S BUSINESS _____ N/A

NONE      ☐ SPOUSE
          OR SPOUSE'S BUSINESS _____

          ☐ DEPENDENT CHILD _____
          OR CHILD'S BUSINESS _____

FEE AMOUNT      NONE      ☐ LESS THAN $5,000   ☐ $5,000–$9,999   ☐ $10,000–$24,999   ☐ $25,000–OR MORE

## COPY AND ATTACH ADDITIONAL PAGES AS NECESSARY

 Printed on recycled paper                          Revised 1/8/1999

---

...

Texas Ethics Commission     P.O.   12070     Austin, Texas 78711-2070     (512) 463-5800     1-800-325-8506

# BONDS, NOTES, AND OTHER COMMERCIAL PAPER     PART 3

List all bonds, notes, and other commercial paper held or acquired by you, your spouse, or a dependent child during the calendar year. If sold, indicate the category of the amount of the net gain or loss realized from the sale. For more information, *see* FORM PFS–INSTRUCTION GUIDE.

When reporting information about a dependent child's activity, indicate the child about whom you are reporting by providing the number under which the child is listed on the Cover Sheet.

**1**
**DESCRIPTION OF INSTRUMENT**     ELSA STATE BANK & TRUST CO.
STARR BANKING CENTER, RIO GRANDE CITY, TEXAS
CERTIFICATE OF DEPOSITS

**2**
**HELD OR ACQUIRED BY**     [X] FILER     [ ] SPOUSE     [ ] DEPENDENT CHILD _____

**3**
**IF SOLD**
[ ] NET GAIN     [ ] LESS THAN $5,000   [ ] $5,000–$9,999   [ ] $10,000–$24,999   [X] $25,000–OR MORE
[ ] NET LOSS

**DESCRIPTION OF INSTRUMENT**     CITIZENS STATE BANK
ROMA, TEXAS
CERTIFICATE OF DEPOSIT

**HELD OR ACQUIRED BY**     [X] FILER     [X] SPOUSE     [ ] DEPENDENT CHILD _____

**IF SOLD**
[ ] NET GAIN     [ ] LESS THAN $5,000   [ ] $5,000–$9,999   [ ] $10,000–$24,999   [X] $25,000–OR MORE
[ ] NET LOSS

**DESCRIPTION OF INSTRUMENT**

**HELD OR ACQUIRED BY**     [ ] FILER     [ ] SPOUSE     [ ] DEPENDENT CHILD _____

**IF SOLD**
[ ] NET GAIN     [ ] LESS THAN $5,000   [ ] $5,000–$9,999   [ ] $10,000–$24,999   [ ] $25,000–OR MORE
[ ] NET LOSS

## COPY AND ATTACH ADDITIONAL PAGES AS NECESSARY

 Printed on recycled paper

Revised 1/8/1999

Texas Ethics Commission          P.O. Box 12070          Austin, Texas 78711-2070  ───  (512) 463-5800          1-800-325-8506

# INCOME FROM INTEREST, DIVIDENDS, ROYALTIES, AND RENTS                 PART **4**

List each source of income you, your spouse, or a dependent child received *in excess of $500* that was derived from interest, dividends, royalties, and rents during the calendar year and indicate the category of the amount of the income. For more information, *see* FORM PFS–INSTRUCTION GUIDE.

When reporting information about a dependent child's activity, indicate the child about whom you are reporting by providing the number under which the child is listed on the Cover Sheet.

**1 SOURCE OF INCOME**

NAME AND ADDRESS

PENNZOIL ENERGY EXPLORATION & PRODUCTION L.L.C.
P.O. BOX 416
HOUSTON, TEXAS  77210-4616

**2 RECEIVED BY**

[X] FILER          [ ] SPOUSE          [ ] DEPENDENT CHILD _____

**3 AMOUNT**

[X] $500–$4,999     [ ] $5,000–$9,999     [ ] $10,000–$24,999     [ ] $25,000–OR MORE

**SOURCE OF INCOME**

NAME AND ADDRESS

SANCHEZ O'BRIEN OIL & GAS CORP.
P.O. BOX 2986
LAREDO, TEXAS  78040

**RECEIVED BY**

[X] FILER          [ ] SPOUSE          [ ] DEPENDENT CHILD _____

**AMOUNT**

[X] $500–$4,999     [ ] $5,000–$9,999     [ ] $10,000–$24,999     [ ] $25,000–OR MORE

**SOURCE OF INCOME**

NAME AND ADDRESS

MORTIMER EXPLORATION CO.
8700 CROWNHILL BLVD.
SAN ANTONIO, TEXAS  78209

**RECEIVED BY**

[X] FILER          [ ] SPOUSE          [ ] DEPENDENT CHILD _____

**AMOUNT**

[ ] $500–$4,999     [X] $5,000–$9,999     [ ] $10,000–$24,999     [ ] $25,000–OR MORE

## COPY AND ATTACH ADDITIONAL PAGES AS NECESSARY

Printed on recycled paper                 Revised 1/8/1999

Texas Ethics Commission     P.O. Box 12070     Austin, Texas 78711-2070     (512) 463-5800     1-800-325-8506

# INCOME FROM INTEREST, DIVIDENDS, ROYALTIES, AND RENTS

## PART 4

List each source of income you, your spouse, or a dependent child received *in excess of $500* that was derived from interest, dividends, royalties, and rents during the calendar year and indicate the category of the amount of the income. For more information, *see* FORM PFS–INSTRUCTION GUIDE.

When reporting information about a dependent child's activity, indicate the child about whom you are reporting by providing the number under which the child is listed on the Cover Sheet.

---

**1**  SOURCE OF INCOME

NAME AND ADDRESS

KEBO OIL & GAS CO.
607 RAILROAD
PORTLAND, TEXAS

---

**2**  RECEIVED BY

[X] FILER     [ ] SPOUSE     [ ] DEPENDENT CHILD _____

---

**3**  AMOUNT

[X] $500–$4,999     [ ] $5,000–$9,999     [ ] $10,000–$24,999     [ ] $25,000–OR MORE

---

SOURCE OF INCOME

NAME AND ADDRESS

DUER WAGNER & CO.

FORT WORTH, TEXAS

---

RECEIVED BY

[X] FILER     [ ] SPOUSE     [ ] DEPENDENT CHILD _____

---

AMOUNT

[X] $500–$4,999     [ ] $5,000–$9,999     [ ] $10,000–$24,999     [ ] $25,000–OR MORE

---

SOURCE OF INCOME

NAME AND ADDRESS

SAVINGS/CD
ELSA STATE BANK & TRUST CO.
STARR BANKING CENTER
RIO GRANDE CITY, TEXAS   78582

---

RECEIVED BY

[X] FILER     [ ] SPOUSE     [ ] DEPENDENT CHILD _____

---

AMOUNT

[X] $500–$4,999     [ ] $5,000–$9,999     [ ] $10,000–$24,999     [ ] $25,000–OR MORE

---

## COPY AND ATTACH ADDITIONAL PAGES AS NECESSARY

Case 2:00-cv-00006   Document 31   Filed in TXSD on 02/17/2000   Page 17 of 30

# PERSONAL NOTES
# AND LEASE AGREEMENTS

## PART 5

Identify each guarantor of a loan and each person or financial institution to whom you, your spouse, or a dependent child had a total financial liability *of more than $1,000* in the form of a personal note or notes or lease agreement at any time during the calendar year and indicate the category of the amount of the liability. For more information, *see* FORM PFS–INSTRUCTION GUIDE.

When reporting information about a dependent child's activity, indicate the child about whom you are reporting by providing the number under which the child is listed on the Cover Sheet.

**1 PERSON OR INSTITUTION HOLDING NOTE OR LEASE AGREEMENT**

ELSA STATE BANK & TRUST CO.
STARR BANKING CENTER, RIO GRANDE CITY, TEXAS

**2 LIABILITY OF**

[X] FILER     [X] SPOUSE     [ ] DEPENDENT CHILD _____

**3 GUARANTOR**

NONE

**4 AMOUNT**

[ ] $1,000–$4,999   [ ] $5,000–$9,999   [ ] $10,000–$24,999   [X] $25,000–OR MORE

**PERSON OR INSTITUTION HOLDING NOTE OR LEASE AGREEMENT**

ELSA STATE BANK & TRUST CO.
STARR BANKING CENTER, RIO GRANDE CITY, TEXAS

**LIABILITY OF**

[ ] FILER     [X] SPOUSE     [ ] DEPENDENT CHILD _____

**GUARANTOR**

**AMOUNT**

[ ] $1,000–$4,999   [ ] $5,000–$9,999   [ ] $10,000–$24,999   [X] $25,000–OR MORE

**PERSON OR INSTITUTION HOLDING NOTE OR LEASE AGREEMENT**

ELSA STATE BANK & TRUST CO
STARR BANKING CENTER, RIO GRANDE CITY, TEXAS

**LIABILITY OF**

[ ] FILER     [ ] SPOUSE     [ ] DEPENDENT CHILD _____

**GUARANTOR**

A. MATA-CATTLE FOREMAN
200 N. BRITTON AVENUE, RIO GRANDE CITY, TEXAS

**AMOUNT**

[ ] $1,000–$4,999   [X] $5,000–$9,999   [ ] $10,000–$24,999   [ ] $25,000–OR MORE

## COPY AND ATTACH ADDITIONAL PAGES AS NECESSARY

Printed on recycled paper

Revised 1/8/1999

Case 2:00-cv-00006   Document 31   Filed in TXSD on 02/17/2000   Page 18 of 30

Texas Ethics Commission    P.O. Box 12070    Austin, Texas 78711-2070    (512) 463-5800    1-800-325-8506

# INTERESTS IN REAL PROPERTY     PART 6A

Describe all beneficial interests in real property held or acquired by you, your spouse, or a dependent child during the calendar year. If the interest was sold, also indicate the category of the amount of the net gain or loss realized from the sale. For an explanation of "beneficial interest" and other specific directions for completing this section, *see* FORM PFS--INSTRUCTION GUIDE.

When reporting information about a dependent child's activity, indicate the child about whom you are reporting by providing the number under which the child is listed on the Cover Sheet.

**1** HELD OR ACQUIRED BY    [X] FILER    [ ] SPOUSE    [ ] DEPENDENT CHILD _____

**2** DESCRIPTION    NUMBER OF LOTS OR ACRES AND NAME OF COUNTY WHERE LOCATED
[X] LOTS    3 LOTS–HOME, 3 LOTS–RENT HOME
[X] ACRES   1 LOT EMPTY
            1000 + ACRES RANCH

**3** STREET ADDRESS    STREET ADDRESS, INCLUDING CITY, COUNTY, AND STATE
[ ] NOT APPLICABLE
108 N. POPE ST., RIO GRANDE CITY, TEXAS
112 N. POPE ST., RIO GRANDE CITY, TEXAS
200 E. WATER ST., RIO GRANDE CITY, TEXAS
PORCION NO. 90, CAMARGO, JURISDICTION, STARR CO.

**4** NAMES OF PERSONS RETAINING AN INTEREST
[ ] NOT APPLICABLE (SEVERED MINERAL INTEREST)

**5** IF SOLD
[ ] NET GAIN    [ ] LESS THAN $5,000   [ ] $5,000–$9,999   [ ] $10,000–$24,999   [ ] $25,000–OR MORE
[ ] NET LOSS

HELD OR ACQUIRED BY    [ ] FILER    [ ] SPOUSE    [ ] DEPENDENT CHILD _____

DESCRIPTION    NUMBER OF LOTS OR ACRES AND NAME OF COUNTY WHERE LOCATED
[ ] LOTS
[ ] ACRES

STREET ADDRESS    STREET ADDRESS, INCLUDING CITY, COUNTY, AND STATE
[ ] NOT APPLICABLE

NAMES OF PERSONS RETAINING AN INTEREST
[ ] NOT APPLICABLE (SEVERED MINERAL INTEREST)

IF SOLD
[ ] NET GAIN    [ ] LESS THAN $5,000   [ ] $5,000–$9,999   [ ] $10,000–$24,999   [ ] $25,000–OR MORE
[ ] NET LOSS

## COPY AND ATTACH ADDITIONAL PAGES AS NECESSARY

Printed on recycled paper                                    Revised 1/8/1999

Case 2:00-cv-00006    Document 31    Filed in TXSD on 02/17/2000    Page 19 of 30

Texas Ethics Commission        P.O. P⌐  2070        Austin, Texas 78711-2070        (512) 463-5800        1-800-325-8506

# INTERESTS IN BUSINESS ENTITIES                    PART **6B**

Describe all beneficial interests in business entities held or acquired by you, your spouse, or a dependent child during the calendar year.  If the interest was sold, also indicate the category of the amount of the net gain or loss realized from the sale.  For an explanation of "beneficial interest" and other specific directions for completing this section, *see* FORM PFS--INSTRUCTION GUIDE.

When reporting information about a dependent child's activity, indicate the child about whom you are reporting by providing the number under which the child is listed on the Cover Sheet.

**1** HELD OR ACQUIRED BY        ☒ FILER        ☐ SPOUSE        ☐ DEPENDENT CHILD _____

**2** DESCRIPTION        NAME AND ADDRESS

VALLE RANCH

(CATTLE & GOAT SALES)

**3** IF SOLD
   ☐ NET GAIN        ☐ LESS THAN $5,000    ☒ $5,000–$9,999    ☐ $10,000–$24,999    ☐ $25,000–OR MORE
   ☐ NET LOSS

HELD OR ACQUIRED BY        ☐ FILER        ☐ SPOUSE        ☐ DEPENDENT CHILD _____

DESCRIPTION        NAME AND ADDRESS

IF SOLD
   ☐ NET GAIN        ☐ LESS THAN $5,000    ☐ $5,000–$9,999    ☐ $10,000–$24,999    ☐ $25,000–OR MORE
   ☐ NET LOSS

HELD OR ACQUIRED BY        ☐ FILER        ☐ SPOUSE        ☐ DEPENDENT CHILD _____

DESCRIPTION        NAME AND ADDRESS

IF SOLD
   ☐ NET GAIN        ☐ LESS THAN $5,000    ☐ $5,000–$9,999    ☐ $10,000–$24,999    ☐ $25,000–OR MORE
   ☐ NET LOSS

## COPY AND ATTACH ADDITIONAL PAGES AS NECESSARY

♻ Printed on recycled paper                                        Revised 1/8/1999

Case 2:00-cv-00006   Document 31   Filed in TXSD on 02/17/2000   Page 20 of 30

| Texas Ethics Commission | P.O. Box 12070 | Austin, Texas 78711-2070 | (512) 463-5800 | 1-800-325-8506 |

# GIFTS

NONE

# PART 7

Identify any person or organization that has given a gift *worth more than $250* to you, your spouse, or a dependent child, and describe the gift. Do not include: 1) expenditures required to be reported by a person required to be registered as a lobbyist under Government Code Chapter 305, 2) political contributions reported as required by law, or 3) gifts given by a person related to the recipient within the second degree by consanguinity or affinity. For more information, *see* FORM PFS–INSTRUCTION GUIDE.

When reporting information about a dependent child's activity, indicate the child about whom you are reporting by providing the number under which the child is listed on the Cover Sheet.

**1**
**DONOR**
NAME AND ADDRESS

**2**
**RECIPIENT**  ☐ FILER  ☐ SPOUSE  ☐ DEPENDENT CHILD _____

**3**
**DESCRIPTION OF GIFT**

**DONOR**
NAME AND ADDRESS

**RECIPIENT**  ☐ FILER  ☐ SPOUSE  ☐ DEPENDENT CHILD _____

**DESCRIPTION OF GIFT**

**DONOR**
NAME AND ADDRESS

**RECIPIENT**  ☐ FILER  ☐ SPOUSE  ☐ DEPENDENT CHILD _____

**DESCRIPTION OF GIFT**

## COPY AND ATTACH ADDITIONAL PAGES AS NECESSARY

Texas Ethics Commission     P.O. .  ,2070     Austin, Texas 78711-2070     (512) 463-5800     1-800-325-8506

# TRUST INCOME                                                    PART **8**

**NONE**

Identify each source of income received by you, your spouse, or a dependent child as beneficiary of a trust and indicate the category of the amount of income received. Also identify each asset of the trust from which the beneficiary received *more than $500* in income, if the identity of the asset is known. For more information, *see* FORM PFS--INSTRUCTION GUIDE.

When reporting information about a dependent child's activity, indicate the child about whom you are reporting by providing the number under which the child is listed on the Cover Sheet.

**1**
SOURCE                                                 NAME OF TRUST

**2**
BENEFICIARY          ☐ FILER          ☐ SPOUSE          ☐ DEPENDENT CHILD _____

**3**
INCOME          ☐ LESS THAN $5,000   ☐ $5,000--$9,999   ☐ $10,000--$24,999   ☐ $25,000--OR MORE

**4**
ASSETS FROM WHICH
OVER $500 WAS RECEIVED

☐ UNKNOWN

SOURCE                                                 NAME OF TRUST

BENEFICIARY          ☐ FILER          ☐ SPOUSE          ☐ DEPENDENT CHILD _____

INCOME          ☐ LESS THAN $5,000   ☐ $5,000--$9,999   ☐ $10,000--$24,999   ☐ $25,000--OR MORE

ASSETS FROM WHICH
OVER $500 WAS RECEIVED

☐ UNKNOWN

SOURCE                                                 NAME OF TRUST

BENEFICIARY          ☐ FILER          ☐ SPOUSE          ☐ DEPENDENT CHILD _____

INCOME          ☐ LESS THAN $5,000   ☐ $5,000--$9,999   ☐ $10,000--$24,999   ☐ $25,000--OR MORE

ASSETS FROM WHICH
OVER $500 WAS RECEIVED

☐ UNKNOWN

## COPY AND ATTACH ADDITIONAL PAGES AS NECESSARY

♲ Printed on recycled paper                                          Revised 1/8/1999

Texas Ethics Commission     P.O. Box 12070     Austin, Texas 78711-2070     (512) 463-5800     1-800-325-8506

# CORPORATE & PARTNERSHIP
# ASSETS     NONE

**PART 9A**

Describe all assets of each corporation or partnership in which you, your spouse, or a dependent child held, acquired, or sold 50 percent or more of the outstanding ownership and indicate the category of the amount of the assets. For more information, *see* FORM PFS--INSTRUCTION GUIDE.

When reporting information about a dependent child's activity, indicate the child about whom you are reporting by providing the number under which the child is listed on the Cover Sheet.

**1**
**CORPORATION**
**OR PARTNERSHIP**

NAME AND ADDRESS

**2**
**HELD, ACQUIRED,**
**OR SOLD BY**     ☐ FILER     ☐ SPOUSE     ☐ DEPENDENT CHILD _____

**3**
**ASSETS**     DESCRIPTION     CATEGORY

☐ LESS THAN $5,000     ☐ $5,000–$9,999
☐ $10,000–$24,999     ☐ $25,000–OR MORE

☐ LESS THAN $5,000     ☐ $5,000–$9,999
☐ $10,000–$24,999     ☐ $25,000–OR MORE

☐ LESS THAN $5,000     ☐ $5,000–$9,999
☐ $10,000–$24,999     ☐ $25,000–OR MORE

☐ LESS THAN $5,000     ☐ $5,000–$9,999
☐ $10,000–$24,999     ☐ $25,000–OR MORE

☐ LESS THAN $5,000     ☐ $5,000–$9,999
☐ $10,000–$24,999     ☐ $25,000–OR MORE

☐ LESS THAN $5,000     ☐ $5,000–$9,999
☐ $10,000–$24,999     ☐ $25,000–OR MORE

☐ LESS THAN $5,000     ☐ $5,000–$9,999
☐ $10,000–$24,999     ☐ $25,000–OR MORE

☐ LESS THAN $5,000     ☐ $5,000–$9,999
☐ $10,000–$24,999     ☐ $25,000–OR MORE

## COPY AND ATTACH ADDITIONAL PAGES AS NECESSARY

 Printed on recycled paper

Revised 1/8/1999

Texas Ethics Commission       P.O.  ⌐ 12070       Austin,  Texas  78711-2070  ⌐      (512) 463-5800       1-800-325-8506

# CORPORATE & PARTNERSHIP
# LIABILITIES          NONE                                    PART 9B

Describe all liabilities of each corporation or partnership in which you, your spouse, or a dependent child held, acquired, or sold 50 percent or more of the outstanding ownership and indicate the category of the amount of the liabilities.  For more information, *see* FORM PFS–INSTRUCTION GUIDE.

When reporting information about a dependent child's activity, indicate the child about whom you are reporting by providing the number under which the child is listed on the Cover Sheet.

| 1 | | |
|---|---|---|
| CORPORATION OR PARTNERSHIP | NAME AND ADDRESS | |

| 2 | | | |
|---|---|---|---|
| HELD, ACQUIRED, OR SOLD BY | ☐ FILER | ☐ SPOUSE | ☐ DEPENDENT CHILD _____ |

**3 LIABILITIES**

| DESCRIPTION | CATEGORY |
|---|---|
| | ☐ LESS THAN $5,000   ☐ $5,000–$9,999   ☐ $10,000–$24,999   ☐ $25,000–OR MORE |
| | ☐ LESS THAN $5,000   ☐ $5,000–$9,999   ☐ $10,000–$24,999   ☐ $25,000–OR MORE |
| | ☐ LESS THAN $5,000   ☐ $5,000–$9,999   ☐ $10,000–$24,999   ☐ $25,000–OR MORE |
| | ☐ LESS THAN $5,000   ☐ $5,000–$9,999   ☐ $10,000–$24,999   ☐ $25,000–OR MORE |
| | ☐ LESS THAN $5,000   ☐ $5,000–$9,999   ☐ $10,000–$24,999   ☐ $25,000–OR MORE |
| | ☐ LESS THAN $5,000   ☐ $5,000–$9,999   ☐ $10,000–$24,999   ☐ $25,000–OR MORE |
| | ☐ LESS THAN $5,000   ☐ $5,000–$9,999   ☐ $10,000–$24,999   ☐ $25,000–OR MORE |
| | ☐ LESS THAN $5,000   ☐ $5,000–$9,999   ☐ $10,000–$24,999   ☐ $25,000–OR MORE |

## COPY AND ATTACH ADDITIONAL PAGES AS NECESSARY

Printed on recycled paper                                    Revised 1/8/1999

Texas Ethics Commission      P.O. Box 12070      Austin, Texas 78711-2070      (512) 463-5800      1-800-325-8506

# BOARDS AND EXECUTIVE POSITIONS                    PART 10

**NONE**

List all boards of directors of which you, your spouse, or a dependent child are a member and all executive positions you, your spouse, or a dependent child hold in corporations, firms, partnerships, or proprietorships, stating the name of the organization and the position held. For more information, *see* FORM PFS—INSTRUCTION GUIDE.

When reporting information about a dependent child's activity, indicate the child about whom you are reporting by providing the number under which the child is listed on the Cover Sheet.

**¹ ORGANIZATION**

**² POSITION HELD**

**³ POSITION HELD BY**      ☐ FILER      ☐ SPOUSE      ☐ DEPENDENT CHILD _____

**ORGANIZATION**

**POSITION HELD**

**POSITION HELD BY**      ☐ FILER      ☐ SPOUSE      ☐ DEPENDENT CHILD _____

**ORGANIZATION**

**POSITION HELD**

**POSITION HELD BY**      ☐ FILER      ☐ SPOUSE      ☐ DEPENDENT CHILD _____

**ORGANIZATION**

**POSITION HELD**

**POSITION HELD BY**      ☐ FILER      ☐ SPOUSE      ☐ DEPENDENT CHILD _____

**ORGANIZATION**

**POSITION HELD**

**POSITION HELD BY**      ☐ FILER      ☐ SPOUSE      ☐ DEPENDENT CHILD _____

## COPY AND ATTACH ADDITIONAL PAGES AS NECESSARY

♻ Printed on recycled paper                    Revised 1/8/1999

Texas Ethics Commission        P.O.    12070    Austin, Texas  78711-2070        (512) 463-5800    1-800-325-8506

# EXPENSES ACCEPTED UNDER
# HONORARIUM EXCEPTION        NONE        PART 11

Identify any person who provided you with necessary transportation, meals, or lodging, as permitted under Penal Code section 36.07(b), in connection with a conference or similar event in which you rendered services, such as addressing an audience or participating in a seminar, that were more than perfunctory.  Also provide the amount of the expenditures on transportation, meals, or lodging.  You are not required to include items you have already reported as political contributions on a campaign finance report, or expenditures required to be reported by a lobbyist under the lobby law (Government Code Chapter 305).  For more information, *see* FORM PFS—INSTRUCTION GUIDE.

**1**
PROVIDER                                          NAME AND ADDRESS

**2**  AMOUNT

PROVIDER                                          NAME AND ADDRESS

AMOUNT

PROVIDER                                          NAME AND ADDRESS

AMOUNT

PROVIDER                                          NAME AND ADDRESS

AMOUNT

## COPY AND ATTACH ADDITIONAL PAGES AS NECESSARY

 Printed on recycled paper                                          Revised 1/8/1999

Texas Ethics Commission     P.O. Box 12070     Austin, Texas 78711-2070     (512) 463-5800     1-800-325-8506

# INTEREST IN BUSINESS
# IN COMMON WITH LOBBYIST      NONE                    PART 12

Identify each partnership, joint venture, or other business association, other than a publicly-held corporation, in which you and a person registered as a lobbyist under Government Code Chapter 305 both have an interest.  For more information, *see* FORM PFS–INSTRUCTION GUIDE.

**1**   BUSINESS ENTITY                                    NAME AND ADDRESS

BUSINESS ENTITY                                    NAME AND ADDRESS

BUSINESS ENTITY                                    NAME AND ADDRESS

BUSINESS ENTITY                                    NAME AND ADDRESS

BUSINESS ENTITY                                    NAME AND ADDRESS

BUSINESS ENTITY                                    NAME AND ADDRESS

BUSINESS ENTITY                                    NAME AND ADDRESS

## COPY AND ATTACH ADDITIONAL PAGES AS NECESSARY

 Printed on recycled paper                                    Revised 1/8/1999

Texas Ethics Commission    P.O. 12070    Austin, Texas 78711-2070    (512) 463-5800    1-800-325-8506

# FEES RECEIVED FOR SERVICES RENDERED
# TO A LOBBYIST OR LOBBYIST'S EMPLOYER    PART 13

Report any fee you received for providing services to or on behalf of a person required to be registered as a lobbyist under Government Code Chapter 305, or for providing services to or on behalf of a person you actually know directly compensates or reimburses a person required to be registered as a lobbyist. Report the name of each person or entity for which the services were provided, and indicate the category of the amount of each fee. For more information, *see* FORM PFS--INSTRUCTION GUIDE.

**1** PERSON OR ENTITY
FOR WHOM SERVICES
WERE PROVIDED    **NONE**

**2** FEE CATEGORY    ☐ LESS THAN $5,000   ☐ $5,000–$9,999   ☐ $10,000–$24,999   ☐ $25,000–OR MORE

PERSON OR ENTITY
FOR WHOM SERVICES
WERE PROVIDED

FEE CATEGORY    ☐ LESS THAN $5,000   ☐ $5,000–$9,999   ☐ $10,000–$24,999   ☐ $25,000–OR MORE

PERSON OR ENTITY
FOR WHOM SERVICES
WERE PROVIDED

FEE CATEGORY    ☐ LESS THAN $5,000   ☐ $5,000–$9,999   ☐ $10,000–$24,999   ☐ $25,000–OR MORE

PERSON OR ENTITY
FOR WHOM SERVICES
WERE PROVIDED

FEE CATEGORY    ☐ LESS THAN $5,000   ☐ $5,000–$9,999   ☐ $10,000–$24,999   ☐ $25,000–OR MORE

PERSON OR ENTITY
FOR WHOM SERVICES
WERE PROVIDED

FEE CATEGORY    ☐ LESS THAN $5,000   ☐ $5,000–$9,999   ☐ $10,000–$24,999   ☐ $25,000–OR MORE

PERSON OR ENTITY
FOR WHOM SERVICES
WERE PROVIDED

FEE CATEGORY    ☐ LESS THAN $5,000   ☐ $5,000–$9,999   ☐ $10,000–$24,999   ☐ $25,000–OR MORE

## COPY AND ATTACH ADDITIONAL PAGES AS NECESSARY

Case 2:00-cv-00006   Document 31   Filed in TXSD on 02/17/2000   Page 28 of 30

# REPRESENTATION BY LEGISLATOR BEFORE STATE AGENCY

**PART 14**

*This section applies only to members of the Texas Legislature.* A member of the Texas Legislature who represents a person *for compensation* before a state agency in the executive branch must provide the name of the agency, the name of the person represented, and the category of the amount of the fee received for the representation. For more information, *see* FORM PFS--INSTRUCTION GUIDE.

**1** STATE AGENCY

NONE

**2** PERSON REPRESENTED

**3** FEE CATEGORY     ☐ LESS THAN $5,000     ☐ $5,000–$9,999     ☐ $10,000–$24,999     ☐ $25,000–OR MORE

STATE AGENCY

PERSON REPRESENTED

FEE CATEGORY     ☐ LESS THAN $5,000     ☐ $5,000–$9,999     ☐ $10,000–$24,999     ☐ $25,000–OR MORE

STATE AGENCY

PERSON REPRESENTED

FEE CATEGORY     ☐ LESS THAN $5,000     ☐ $5,000–$9,999     ☐ $10,000–$24,999     ☐ $25,000–OR MORE

STATE AGENCY

PERSON REPRESENTED

FEE CATEGORY     ☐ LESS THAN $5,000     ☐ $5,000–$9,999     ☐ $10,000–$24,999     ☐ $25,000–OR MORE

STATE AGENCY

PERSON REPRESENTED

FEE CATEGORY     ☐ LESS THAN $5,000     ☐ $5,000–$9,999     ☐ $10,000–$24,999     ☐ $25,000–OR MORE

## COPY AND ATTACH ADDITIONAL PAGES AS NECESSARY

Texas Ethics Commission      P.O.      2070      Austin, Texas 78711-2070      (512) 463-5800      1-800-325-8506

# BENEFITS DERIVED FROM FUNCTIONS
# HONORING PUBLIC SERVANT

## PART 15

Penal Code Section 36.10 provides that the gift prohibitions set out in Penal Code Section 36.08 do not apply to a benefit derived from a function in honor or appreciation of a public servant required to file a statement under Government Code Chapter 572 or Election Code Title 15 if the benefit and the source of any benefit over $50 in value are: 1) reported in the statement and 2) the benefit is used solely to defray expenses that accrue in the performance of duties or activities in connection with the office which are nonreimbursable by the state or a political subdivision. If such a benefit is received and is not reported by the public servant under Election Code Title 15, the benefit is reportable here. For more information, *see* FORM PFS—INSTRUCTION GUIDE.

**1**   SOURCE OF BENEFIT              NAME AND ADDRESS

NONE

**2**   BENEFIT

SOURCE OF BENEFIT              NAME AND ADDRESS

BENEFIT

SOURCE OF BENEFIT              NAME AND ADDRESS

BENEFIT

SOURCE OF BENEFIT              NAME AND ADDRESS

BENEFIT

## COPY AND ATTACH ADDITIONAL PAGES AS NECESSARY

 Printed on recycled paper

Revised 1/8/1999

| Texas Ethics Commission | P.O. Box 12070 | Austin, Texas 78711-2070 | (512) 463-5800 | 1-800-325-8506 |

# PERSONAL FINANCIAL STATEMENT AFFIDAVIT

The law requires the personal financial statement to be verified. The verification page must have the signature of the individual required to file the personal financial statement, as well as the signature and stamp or seal of office of a notary public or other person authorized by law to administer oaths and affirmations. Without proper verification, the statement is not considered filed.

I swear, or affirm, that my financial statement is true and correct and includes all information required to be reported by me under Chapter 572, Government Code.

_____
Signature of Filer

AFFIX NOTARY STAMP / SEAL ABOVE

Sworn to and subscribed before me, by the said  JOHN  A.  POPE,  III _____ , this the ___31__ day of __March__ , 19 _99_ , to certify which, witness my hand and seal of office.



_____
Signature of officer administering oath

ELDA C. CASTILLO
Print name of officer administering oath

NOTARY PUBLIC
Title of officer administering oath

ELDA C. CASTILLO
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-29-2002

Printed on recycled paper

Revised 1/8/1999