UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

FEB 22 2000

Michael N. Milby, Clerk

| | | |
|---|---|---|
| JAVIER ALONZO, ET AL | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. C-00-006 |
| | § | |
| HON. JOHN A. POPE, ET AL | § | |

### ARNULFO GUERRA'S REPLY TO PLAINTIFF'S RESPONSE TO ARNULFO GUERRA'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

Arnulfo Guerra, one of the defendants in this cause, replies to the Plaintiffs Response to Arnulfo Guerra's Motion to Dismiss and Motion for Summary Judgment and says:

1.  Since this defendant filed a motion to dismiss and motion for summary judgment, plaintiffs through new counsel William Woolsey, have filed an amended complaint and a response to Arnulfo Guerra's Motion to Dismiss and Motion for Summary Judgment. In such response, the plaintiffs contend that because they have filed an amended complaint there are now allegations sufficient to defeat the motion to dismiss and motion for summary judgment. Arnulfo Guerra disagrees.

2.  Arnulfo Guerra has heretofore filed a reply to the Plaintiffs' response to Judge Pope's Motion to Dismiss. In that response, Arnulfo Guerra points out the applicable statutes that gave Judge Pope jurisdiction to hear Duval County matters in Starr County, so that argument will not be repeated herein. Because plaintiffs' entire argument is predicated on lack of jurisdiction, and because Judge Pope did have jurisdiction to act in Starr County, plaintiffs' argument fails. In addition, the statement in

1

32.

Plaintiffs' response that in *Lytle v. Halff & Bros.* the Supreme Court ruled that the only way a judge could ever have concurrent jurisdiction in two counties was either be appointed or elected is not correct. That is not the holding of that case. The holding of that case was that legislature had constitutional power to divide Bexar county into two judicial districts. Thus, to the extent that the plaintiffs' argument is based upon an erroneous statement of a court's holding, the Plaintiffs' argument fails.

3. Neither plaintiffs amended complaint nor plaintiffs' responses to the motions of Arnulfo Guerra are sufficient to defeat Arnulfo Guerra's motion to dismiss and motion for summary judgment. The amended complaint is essentially the same as the original petition filed in state court with a few minor additions which are not relevant and one significant addition. The significant addition is the last sentence in paragraph 15. After Arnulfo Guerra pointed out in his motions that there was no pleading of any agreement to conspire with anyone, Plaintiffs, in somewhat cavalier fashion, added to paragraph 15, "Upon information and belief there was an underlying conspiratorial agreement between defendant Pope and the other defendants to deprive plaintiffs of their rights described above." This allegation violates Rule 11 of the Federal Rules of Civil Procedure, which require the pleading to be based upon the plaintiffs "...knowledge, information and belief formed after an inquiry reasonable under the circumstances." Rule 11 also requires that the allegations have "...evidentiary support or, if specifically so identified, are likely to have evidence support after reasonable opportunity for further investigation or discovery." There is no allegation that the so called "conspiratorial agreement" is based upon any inquiry reasonable under the circumstances, nor are there any facts identified

2

which are likely to have evidentiary support after discovery. If there was any support for the allegation, the plaintiffs could have filed an affidavit in rebuttal to the affidavit filed by Arnulfo Guerra. The plaintiffs failed to do so because plaintiffs have no support for the allegation.

  4.  Plaintiffs also allege that <u>one</u> defendant filed a motion for summary judgment in the *Amador* case and that the court heard the motion <u>without any notice</u> to the plaintiffs. Such allegations are false. Attached hereto as Exhibit "A" and made a part hereof for all purposes is the motion for summary judgment filed by all defendants (not just one) in the *Amador* case, the letter of transmittal to the district clerk showing a copy to Jack Modesett, the attorney for the plaintiffs, and a copy of the green card showing that Jack Modesett's office received the motion for summary judgment. Attached hereto as Exhibit "B" and made a part hereof for all purposes is a Rule 11 Agreement wherein the parties agreed to continue the motion for summary judgment from January 3 to a later date in January. Attached hereto is Exhibit "C" and "D" and made a part hereof for all purposes are the court's order setting the motion for summary judgment for January 21, 2000, in Duval County (Exhibit "C"), and the clerk's letter to Jack Modesett advising him of such hearings (Exhibit "D"). The clerk erroneously referred to the motion for summary judgment as a "partial summary judgment." Jack Modesett appeared at the hearing on January 21, 2000 and advised the court that he had filed a motion to withdraw but that Hector Gonzalez had been advised of the hearing and would either be present or would send someone. Hector Gonzalez was the attorney of record in the *Amador* case initially and Jack Modesett was substituted as plaintiffs'

3

attorney in October, 1999. At the summary judgment hearing, another attorney named Marshall Meredith announced to the court that he was there for Hector Gonzalez as an observer. Thus, plaintiffs had notice of hearing on the motion for summary judgment. Attached hereto is Exhibit "E" is the court's order granting the motion for summary judgment to which the plaintiffs filed no response.

     5.    Neither the plaintiffs' amended complaint nor their responses state factually how the plaintiffs are deprived of the state court appellate process and how the plaintiffs have been injured. As a matter of law, plaintiffs have not been deprived of any appellate process and the appellate process is adequate to give the plaintiffs relief if they are entitled to anything. (See Arnulfo Guerra's motion for summary judgment and motion to dismiss.)

     6.    Plaintiffs allege that Judge Pope and the defendants owned property together, that Judge Pope failed to make appropriate disclosures of his real estate holdings, that the economic and profit involvement with defense counsel should have been disclosed, that defendants and Judge Pope were, in effect, partners in some businesses, and that some defendant provided utilities for an office used by Judge Pope, all of which constituted some sort of conspiracy and that plaintiff was denied a right for their proceedings to be held before a fair and impartial judge. These same allegations were made in a motion to recuse Judge Pope filed in the *Amador* case and in the case of *Javier Benavides v. Magic Valley Concrete, Inc. et al* by Hector Gonzalez. Attached hereto is Exhibit "F" is a true and correct copy of Plaintiffs' Motion to Recuse Judge Pope in the *Benavides* case which also has attached a copy of the previous motion filed

in the *Benavides* and *Amador* cases. Such motion contained essentially the same allegations that plaintiffs make in this case. The motion to recuse Judge Pope in the *Amador* case was heard by Judge Terry Canales and denied. The motion to recuse Judge Pope in the *Benavides* case was heard by Judge Darrell Hester and denied. Thus, the issue of whether Judge Pope should be recused or disqualified for the same reasons which plaintiffs now assert before this court has already been adjudicated in the state court and plaintiffs have their right to complain about the ruling on appeal. Plaintiffs now attempt to collaterally attack the judgment of the state district court by asking this court to find that Judge Pope cannot be fair and impartial because of such alleged prior relationships with this defendant.

7. Plaintiffs argue in their response that the allegations against this defendant are that he worked jointly with defendant Pope on prior cases, has had joint ownership in real property with Judge Pope and participated with Judge Pope in concealing the true nature of property owned by Judge Pope, even if such allegations are true, such allegations do not constitute a conspiracy to deny the plaintiffs their constitutional rights and plaintiffs have made no showing to this effect.

8. Plaintiffs contend that by their amended complaint and responses that they have shown that state court post-deprivation remedies are inadequate to provide relief for the conduct of which plaintiffs complain. Such statement is a conclusion unsupported by any factual allegations. Plaintiffs have also failed to show the court wherein the specific rights which plaintiffs claim defendants violated are protected by 42 U.S.C. §1983. Specifically, the plaintiffs allege (in addition to the claim about the court hearing

the right to be free from ex parte communications between the Judge and defense counsel, the right of equal access to court personnel, the right to fair enforcement of discovery rules and the right to fair notice of hearing dates. Plaintiffs have failed to show where such claims are protected by federal statute or the state or federal constitutions and have failed to show why their remedies by way of appeal in the state court system is inadequate and deprives them of any rights.

9. Attached hereto is the affidavit of O.C. Hamilton, Jr., one of the attorneys of record in both the *Amador* case and the *Benavides* cases. Such affidavit relates to the exhibits filed and the action of the court in those cases.

WHEREFORE, PREMISES CONSIDERED, Arnulfo Guerra prays that the court dismiss the plaintiffs' suit against him and that all costs incurred herein be adjudged the plaintiffs.

Respectfully submitted,

_____
O. C. Hamilton, Jr.
State Bar No. 08847000
USDC No. 2253
P. O. Box 3725
McAllen, Texas  78502-3725
Telephone:  (956) 632-8247
Facsimile:  (956) 686-6109
Attorney for Defendant Arnulfo Guerra

OF COUNSEL:

Atlas & Hall, L.L.P.
P. O. Box 3725
McAllen, Texas  78502-3725
Telephone:  (956) 682-5501
Facsimile:  (956) 686-6109

6

## CERTIFICATE OF SERVICE

I do hereby certify that I have mailed a true and correct copy of the foregoing document to the following on this the /8th day of February, 2000:

William M. Woolsey
WOOLSEY & SCHMIDT, L.L.P.
500 North Shoreline Boulevard, Suite 1000
Corpus Christi, Texas  78471

John Skaggs
SKAGGS & GARZA, LLP
P.O. Drawer 2285
710 Laurel
McAllen, Texas 78502-2285

Bryan Gantt
Attorney General's Office of Texas
PO Box 12548
Austin, Texas 78711-2548

Roger Reed
Reed, Carrera & McLain
PO Box 9702
McAllen, Texas 78502

_____
O. C. Hamilton, Jr.

STATE OF TEXAS §
§
COUNTY OF HIDALGO §

### AFFIDAVIT OF O. C. HAMILTON, JR.

BEFORE ME, THE UNDERSIGNED AUTHORITY, on this day personally O. C. HAMILTON, JR., who after being duly sworn upon oath deposed and stated as follows:

1. Affiant is over eighteen (18) years of age; has never been convicted of a felony; is competent to make this affidavit and has personal knowledge of all facts stated herein.

2. Affiant is one of the attorneys of record in the cases of *Librado Amador, et al, v. Alamo Concrete Products Limited, et al, Cause No., 16696, In the 229th Judicial District Court of Duval County,* and *Javier Benavides, et al v. Magic Valley Concrete, Inc., Cause No. DC-96-89, In the District Court, 381st Judicial District, Starr County, Texas.* Exhibits "A" through "F" are true and correct copies of the correspondence, motions, a rule 11 agreement, and orders relating to the above-referred to lawsuits pending in Duval and Starr counties.

3. In connection with the motions to recuse Judge John Pope the plaintiffs in the *Amador,* case who are the same plaintiffs in this suit, filed two motions to recuse Judge Pope. Both motions were heard by Judge Terry Canales and denied. In the *Benavides* case plaintiffs differ from the current plaintiffs but are represented by the same lawyer, Hector Gonzalez, who filed three motions to recuse Judge Pope, the last of which is Exhibit "F." That motion was heard by Judge Darrell Hester on February 1, 2000 and was denied by Judge Hester.

8

Signed this 18th day of February, 2000.

_____
O. C. Hamilton, Jr.


SWORN TO AND SUBSCRIBED BEFORE me by O. C. HAMILTON, JR. on this _18th_ day of February, 2000.

_____
Notary Public in and for the State of Texas



ALICIA GARZA
Notary Public, State of Texas
My Comm. Expires Sept. 24, 2000

9