United States District Court
Southern District of Texas
FILED

MAR 0 6 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAVIER ALONZO, ET AL. | § § § | |
| v. | § | CIVIL CAUSE NO. C-00-006 |
| HON. JOHN A. POPE, ET AL. | § § | |

## JOINT REPORT OF MEETING OF THE PARTIES

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, the parties, all Plaintiffs and all Defendants, and file this Joint Report of Meeting of the Parties, pursuant to Federal Rules of Civil Procedure 26(f) and the Court's Order for Conference filed January 6, 2000, and for such respectfully show as follows:

1. Meeting of the parties was held February 24, 2000 in McAllen, Texas, with all parties present by and through counsel in person or by telephone; the same being: W. N. Woolsey, counsel for Plaintiffs; O. C. Hamilton, Jr. counsel for Defendant Arnulfo Guerra; Bryan Gantt, counsel for Defendants John A. Pope and Elda Castillo, John Skaggs, counsel for Defendant Frank R. Nye; and Roger Reed, counsel for Defendant H. P. Guerra, III.

2. The only cases related to the present case pending in any state or federal court are the cases of Amador v. Alamo Concrete Co., No. 16696 in the 229th District Court, Duval County and Benevides, et al. V. Magic Valley Concrete, et al, No. D.C. 96-89 pending in the 381st District Court of Starr County, Texas.

34.

3. This case is a suit for damages against Defendants alleging conspiracy under color of law between them to deprive Plaintiffs of due process of law.

4. The case was removed by Defendants on the basis of the existence of a federal question. Defendants believe the Court has unquestioned jurisdiction.

5. Plaintiffs believe the Court has no subject matter jurisdiction by virtue of the case being inextricably intertwined with the state court's summary judgment and other orders of that court. This Honorable Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine.

6. These parties did agree that there are no additional parties to be included.

7. These parties agree that interventions are unlikely and no intervenors are now known.

8. These parties agree there are no class-action issues.

9. Arrangements have been made by the parties that initial disclosures will be completed by the parties on March 10, 2000.

10. A. The parties agree that disclosures will be completed by all parties March 10, 2000, as above stated; that discovery will be needed upon the issues of conspiracy under color of law and elements thereof and damages sustained by the Plaintiffs; that discovery should be concluded by September 1, 2000 as provided in the court's scheduling Order; that discovery can, in reasonable probability, be completed under the limitations of the Federal Rules of Civil Procedure; and that no orders are needed under Rule 16 (b) and (c).

2

B. The parties have agreed not to commence discovery until the court has ruled upon the Motions pending before the Court, including Motion for Substitution of Counsel, Motions to Dismiss and Motion for Summary Judgement. Plaintiffs anticipate they will send interrogatories to each Defendant.

C. Defendants will or may send interrogatories to all Plaintiffs. In both instances, Plaintiffs and Defendants, such interrogatories will be sent shortly after the Court's ruling upon now pending motions.

D. Plaintiffs anticipate taking oral depositions of all Defendants following receipt of interrogatory responses and, following such depositions, may take depositions of some persons with knowledge as designated.

E. Defendants anticipate taking oral depositions of all Plaintiffs, and of some persons with knowledge as designated by Plaintiffs.

F. At present it is not anticipated that Plaintiffs or Defendants will require expert testimony in the trial of this case.

G. See F above.

H. See F above. In this connection, the parties agree that should it be believed by any party that expert testimony will be required such party will immediately so advise the Court and other parties and request an order permitting the use of such testimony for good cause and setting out the schedule of development thereof for the Court's approval or rejection. All parties reserve the right to respond to such motion.

11. The parties are agreed upon the discovery plan.

12. No discovery has yet occurred.

13. Discovery can be completed by September 1, 2000 in accord with the Court's scheduling order.

14. At their meeting the parties discussed settlement or other resolution of the case and concluded that no reasonable possibility of such exists due to the nature of the case and no middle ground being available.

15. All parties are agreed to go forward with the present suit on as expeditious a basis as possible.

16. The parties find no ADR technique appropriate to the case.

17. The parties jointly have not agreed to trial by magistrate.

18. Jury demand was timely made.

19. No more time than three days will be required to present the parties' evidence.

20. All pending motions could be ruled upon at the initial pre-trial and scheduling order, i.e., Motions of Plaintiffs for Substitution of Counsel; Motion of Defendants to Dismiss and Defendants' Motion for summary Judgment.

21. None.

22. From Plaintiffs' viewpoint, alone, attention of the Court could be given to the timing of the sought withdrawal of Plaintiffs' former counsel and substitution of other counsel as same affected the timely filing of documentary evidence in support of Plaintiffs' Response to Defendants' Motion to Dismiss and for Summary Judgment.

23. All parties certify they have timely filed their respective Disclosure of Interested Parties as follows:

> Plaintiffs filed February 8, 2000;
> Defendant Randall Nye filed January 21, 2000;
> Defendant Arnulfo Guerra filed January 12, 2000;
> Defendant H. P. Guerra filed January 24, 2000; and
> Defendants John A. Pope and Elda Castillo filed January 21, 2000.

No amendments to the above original filing has been made by any party.

24. The names, bar numbers, addresses and telephone numbers of all counsel are as follows:

| **Plaintiffs** | **Counsel** |
|---|---|
| Javier Alonzo | Hector Gonzalez |
| Jose Luis Alonzo | Texas Bar No. 08127000 |
| Javier Alonzo, Jr. | Law Offices of Hector Gonzalez |
| Jose Luis Alonzo, Jr. | P. O. Box 3728 |
| Corando Alonzo | Alice, Texas 78333 |
| Gregorio Castillo | 361.668.0325 |
| Eduardo Castillo | William N. Woolsey |
| Rosbel Castillo | Texas Bar No. 21990000 |
| | Federal Bar No. 5675 |
| | Woolsey & Schmidt, L.L.P. |
| | 500 N. Shoreline Blvd, Suite 1000 |
| | Corpus Christi, Texas 78471 |
| | 361.884.8183 |

| **Defendants** | |
|---|---|
| Frank R. Nye | John Skaggs |
| | Texas Bar No. 18452500 |
| | Federal No.    1225 |
| | Skaggs & Garza |
| | P. O. Drawer 2285 |
| | 710 Laurel |
| | McAllen, Texas 78502-2285 |
| | 956.687.8203 |

5

| | |
|---|---|
| Arnulfo Guerra | O. C. Hamilton, Jr.<br>Texas Bar No. 08847000<br>Federal No.    2253<br>Atlas & Hall<br>P. O. Box 3725<br>818 Pecan<br>McAllen, Texas 78502-3725<br>956.632.8299 |
| Horacio P. Guerra, III | Roger Reed<br>Texas Bar No. 16687200<br>Federal No.    6407<br>Reed, Carrera & McLain<br>P. O. Box 9702<br>McAllen, Texas 78502<br>956.631.5444 |
| Judge John A. Pope, III<br>Elda Castillo | Bryan Gantt<br>Texas Bar No. 24007219<br>Federal No.    23810<br>Attorney General's Office of Texas<br>P. O. Box 12548<br>Austin, Texas 78711-2548<br>512.463.2120 |

6

Respectfully submitted this 6th day of March 2000 by undersigned counsel.

*/s/ William N. Woolsey*
William N. Woolsey
Attorney for Plaintiffs

*/s/ John Skaggs* by WNW w/ permission
John Skaggs
Attorney for Frank R. Nye

*/s/ O. L. Hamilton* by WNW w/ permission
O. C. Hamilton, Jr.
Attorney for Arnulfo Guerra

*/s/ Roger Reed* by WNW w/ permission
Roger Reed
Attorney for Horacio P. Guerra, III

*/s/ Bryan Gantt* by WNW w/ permission
Bryan Gantt
Attorney for Judge John A. Pope, III and
Elda Castillo

7

Respectfully submitted this 6th day of March 2000 by undersigned counsel.

---

William N. Woolsey
Attorney for Plaintiffs

---

John Skaggs
Attorney for Frank R. Nye

---

O. C. Hamilton, Jr.
Attorney for Arnulfo Guerra

---

Roger Reed
Attorney for Horacio P. Guerra, III

*/s/ Bryan Gantt*
Bryan Gantt
Attorney for Judge John A. Pope, III and
Elda Castillo

7