UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 3 2000

MICHAEL N. MILBY CLERK

JAVIER ALONZO, ET AL          §
                              §
V.                            §          CIVIL ACTION NO. C-00-006
                              §
HON. JOHN A. POPE, ET AL      §

MOTION TO DISMISS FILED BY DEFENDANT
FRANK R. NYE, INCLUDING MEMORANDUM
OF AUTHORITIES

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

1.   This Motion is filed by Frank R. Nye, Defendant.

2.   Said Defendant prays that all causes of action asserted
against him in this action should be dismissed.

3.   Defendant Nye's position in this suit, as well as the
allegations against him are identical to those issues pertinent to
Defendant's H.P. Guerra and Arulfo Guerra.  With the exception of
"judicial immunity" defenses, Defendant Nye's position is also
identical to that of Judge John Pope.

4.   The basis for dismissal as to each of the Defendants in this
action has already been thoroughly briefed and submitted to the
Court for consideration.  Defendant Nye joins the said Co-
Defendants in asserting that this matter should be dismissed as to
all Defendants on the following grounds:

    A.  Defendant Nye does not act under color of state law in the
context of the allegations contained in Plaintiffs' complaint.

    B.   The Plaintiffs' complaint does not state a claim upon
which relief can be granted.  Defendant's alleged behavior could
not be the cause of Plaintiffs' claimed damages.  Appellate review

36.

is adequate to protect Plaintiffs in the underlying action.

C.   Plaintiffs' pleadings alleging conspiracy are purely conclusory, with no corresponding factual allegation in support of the alleged claim.

D.   No sufficient factual basis for Plaintiffs' claimed damages is alleged.

5.   Rather than "re-invent the wheel", Defendant Nye proposes to incorporate all prior briefing in this action by reference.   In order to satisfy any procedural requirements that incorporated documents be physically attached to a pleading, Defendant Nye attaches hereto the following exhibits which should be deemed incorporated at this point by reference:   Exhibits "A", "B", and "C".   The briefing and arguments contained in said exhibits are hereby incorporated at this point by reference, and are adopted in whole by Defendant Nye insofar as said arguments and briefing are pertinent to Defendant Nye's prayer for dismissal herein.

WHEREFORE, PREMISES CONSIDERED, Defendant Frank R. Nye prays that the pending action against him be dismissed.

Respectfully Submitted,

John Skaggs
P.O. Drawer 2285
710 Laurel
McAllen, Texas 78502-2285
Phone (956) 687-8216
Fax (956) 630-6570

_____
JOHN SKAGGS
State Bar No. 18452500
Federal I.D. No. 1225
Attorney in Charge for
Frank R. Nye

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on opposing counsel on this the 10 day of MARCH , 2000:

Mr. O. C. Hamilton, Jr.
ATLAS & HALL
818 Pecan
McAllen, Texas 78502-3725

Mr. Hector P. Gonzalez
P. O. Box 3728
Alice, Texas 78333

Mr. Bryan Gantt
Attorney General's Office
P. O. Box 12548
Austin, Texas 78711-2548

Mr. Roger Reed
P. O. Box 9702
McAllen, Texas 78502

Mr. William N. Woolsey
WOOLSEY  & SCHMIDT
500 North Shoreline Blvd., Suite 1000
Corpus Christi, Texas 78471-0002

John Skaggs

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Javier ALONZO, *et al.*, | § | |
| plaintiffs, | § | |
| | § | |
| *v.* | § | |
| | § | CIVIL ACTION NO. C-00-006 |
| Hon. John A. POPE, III, Arnulfo | § | |
| GUERRA, Frank R. NYE, Horacio P. | § | |
| GUERRA, III, and Elda CASTILLO, | § | |
| defendants | § | |

## MOTION TO DISMISS OF H.P. GUERRA, III

1.   **H.P. GUERRA, III,** one of the defendants in this action, moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that the plaintiffs have failed to state a claim upon which relief can be granted.

2.   The alleged factual basis for all of the claims of the plaintiffs is a purported conspiracy between the defendant Texas State District Judge, Hon. John A. Pope, III, Judge Pope's court coordinator, Elda Castillo, and the three other defendants (H.P. Guerra, III, Arnulfo Guerra, and Frank Randall Nye, Jr.), each of whom is an attorney in private practice. According to the plaintiffs' original petition, this supposed conspiracy resulted in Judge Pope making rulings adverse to these plaintiffs in a pending civil case, *Amador v. Alamo concrete Products, Ltd.,* wherein they also are plaintiffs and in which three of the present defendants, H.P. Guerra, III, Arnulfo Guerra, and Frank Randall Nye, Jr., represent

---

*Alonzo v. Pope,* Motion to Dismiss of H.P. Guerra -- p. 1 of 6 pgs.

EXhiBit A

various defendants. The alleged legal basis for the plaintiffs' claims in this case is a violation of 42 U.S.C. §1983.

3.    As set forth in the motion to dismiss of defendants Pope and Castillo, they are immune from suit under the doctrine of judicial immunity. With respect to H.P. Guerra, III, and  the other two defendants, the only conduct alleged is:

a.    That these defendants provided utilities for an office used by the defendant Judge Pope for conduct of his personal business;

b.    That, prior to becoming a judge, John A. Pope, III, was involved in professional and business arrangements with these defendant lawyers where they shared fees, jointly held title to land, and were partners in various business ventures;

c.    That, after John A. Pope, III, became a judge, the defendant lawyers ". . . continued to work together and conspire under color of law to aid Judge Pope in concealing his relationship with them and withholding information that should have been available to plaintiffs herein and his counsel"; and

d.    That these defendants did conceal the foregoing alleged information about themselves and Judge Pope from the plaintiffs and their counsel.

4.    Defendant H.P. Guerra, III, a licensed attorney practicing in Judge Pope's court, does not act under color of law by reason of his capacity as a representative of a client and by virtue of being an officer of the court. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct.

---

*Alonzo v. Pope*, Motion to Dismiss of H.P. Guerra -- p. 2 of 6 pgs.

445 (1981). Hence, for H.P. Guerra, III, to be liable, there must be allegations that the state actors (Judge Pope and Elda Castillo) conspired with him to deprive the plaintiffs of their constitutional or legal rights and that, in furtherance of such conspiracy, one or both of the state actors (Judge Pope and/or court coordinator Castillo) did in fact deprive the plaintiffs of their constitutional or legal rights.

5.   As pointed out in the Texas Attorney General's motion to dismiss on behalf of Judge Pope and Elda Castillo, the allegations against them do not state a cause of action under federal or state law and hence do not state a claim upon which relief can be granted. In addition, the plaintiffs have failed to plead that the available post-deprivation procedures, *to wit*, appellate review, was constitutionally inadequate. *Parrat v. Taylor*, 451 U.S. 527 (1981); *Hudson v. Palmer*, 468 U.S. 517 (1984); *Collins v. King*, 743 F.2d 248 (5th Cir. 1984).

6.   There are no factual allegations to support the plaintiffs' purely conclusory pleading of conspiracy. To adequately state a conspiracy claim, the pleading must allege *facts* that suggest an agreement between private defendants and state officials to commit an illegal act, and there must be allegations of an actual deprivation of constitutional or legal rights. As pointed out in *Cinel v. Connick*, 15 F.3d 1338 (5th Cir. 1994), without an agreement between the private actors (defendants H.P. Guerra, III, Arnulfo Guerra, and Frank R. Nye, Jr.) and the state actors (Judge Pope and Elda Castillo), joint action involving private parties is not actionable under Section 1983. The plaintiffs' pleadings consist merely

---

*Alonzo v. Pope*, Motion to Dismiss of H.P. Guerra -- p. 3 of 6 pgs.

of recitals of alleged relationships between the three lawyer-defendants and the defendant judge before he became a judge and of unspecified improper judicial activities which have occurred in the judge's courtroom or chambers.

7.    The plaintiffs have not alleged wherein they have been denied due process. Whatever pretrial rulings Judge Pope has made in *Amador v. Alamo Concrete Products, Ltd.*, pending in the 229th Judicial District Court of Duval County, Texas, such rulings are subject to review by appeal or, in appropriate instances, by mandamus, in the appellate courts. Section 22.201, Government Code of Texas, §51.012, Civil Practice & Remedies Code of Texas, and Texas Rules of Appellate Procedure. The plaintiffs have not alleged and, indeed, they cannot truthfully allege, that the appellate procedures of Texas are inadequate and therefore deprive them of due process.

8.    The plaintiffs have no allegations to support any damages except a conclusory allegation that they have been damaged. As of the filing of this motion, the case of *Amador v. Alamo Concrete Products, Ltd.*, is pending before the 229th Judicial District Court in Duval County, Texas. Until that case is concluded by a final, non-appleable judgement, the plaintiffs have suffered no damage as a matter of law. In short, there are no allegations that plaintiffs have been deprived of any liberty or of any property.

### REQUEST FOR RELIEF

Defendant, H.P. Guerra, III, requests that he be dismissed as a defendant on the ground that the plaintiffs have failed to state a claim upon which relief can be granted. Such

_____

*Alonzo v. Pope*, Motion to Dismiss of H.P. Guerra -- p. 4 of 6 pgs.

defendant further requests that, if he is dismissed as a defendant in this action, the claims against him be severed, unless the action is dismissed as to all of the defendants. Finally, reserving his right to seek by separate motion his reasonably attorney's fees and other sanctions against the plaintiffs and their attorney pursuant to FED.R.CIV.P.11(c), defendant H.P. Guerra, III, requests that all costs of court be taxed to the plaintiffs.

Respectfully submitted,

_____
Roger Reed
State Bar of Texas No. 16687200
U.S. District Court No. 6407

**REED, CARRERA & MCLAIN, L.L.P.**
1 Paseo del Prado, Bldg. 101
Edinburg, TX 78539

----------

P.O. Box 9702
McAllen, TX 78502-9702
Tel.: (956) 631-5444
Fax: (956) 631-9187

**ATTORNEY-IN-CHARGE FOR
DEFENDANT H.P. GUERRA, III**

_____
*Alonzo v. Pope*, Motion to Dismiss of H.P. Guerra -- p. 5 of 6 pgs.

# CERTIFICATE OF SERVICE

I certify that on January 24, 2000, a copy of the foregoing instrument was sent via postage-prepaid, first-class U.S. mail to:

Mr. Hector P. Gonzalez
P.O. Box 3728
Alice, TX 78333

**ATTORNEY FOR PLAINTIFFS**

Mr. Bryan Gantt
**ASSISTANT ATTORNEY GENERAL**
P.O. Box 12548
Austin, TX 78711-2584

**ATTORNEY FOR DEFENDANTS**
**JOHN A. POPE, III,** and **ELDA CASTILLO**

Mr. O. Carl Hamilton, Jr.
**ATLAS & HALL, L.L.P.**
P.O. Box 3725
McAllen, TX 78502-3725

**ATTORNEY FOR DEFENDANT**
**FRANK R. NYE**

Mr. John Skaggs
**SKAGGS & GARZA, L.L.P.**
P.O. Drawer 2285
McAllen, TX 78502-2285

**ATTORNEY FOR DEFENDANT**
**ARNULFO GUERRA, JR.**

_____
Roger Reed

---

*Alonzo v. Pope*, Motion to Dismiss of H.P. Guerra -- p. 6 of 6 pgs.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISI DIVISION**

JAVIER ALONZO, ET AL                       §
                                           §
vs.                                        §          CIVIL ACTION NO. C-00-006
                                           §
HON. JOHN A. POPE, ET AL                   §

### ARNULFO GUERRA'S MOTION TO DISMISS

Arnulfo Guerra, one of the defendants in the above styled and numbered cause files this motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, and says:

1.    The basis for this motion is that the plaintiffs have failed to state a claim upon which any relief can be granted against this defendant.

2.    The legal basis for plaintiffs' alleged cause of action is that conduct and a conspiracy under color of state law deprived plaintiffs of due process of law in violation of 42 U.S.C. §1983. The factual basis for the alleged cause of action is various acts of judicial conduct on the part of State District Judge John Pope for which there can be no liability because of judicial immunity, all as pointed out in his motion to dismiss. The only allegations of any conduct on the part of this defendant are:

a.    that defendants provided utilities for an office used by the defendant judge for conduct of his personal business;

b.    prior to becoming a judge, John Pope was involved in professional and business arrangements with defendant lawyers where they shared fees, held title to land and were partners in various business ventures. After John Pope became a judge the defendant lawyers "...continued to work together and conspire under color of law to aid Judge Pope in concealing his relationship with them and withholding information that should have been available to plaintiffs herein and his counsel.";

c.    defendants' purpose was to conceal information that the judge shared an office space with one of the defendants; that one such defendant was paying for the lighting, heating and air conditioning of the judge's private office; that two

EXHIBIT B

defendants were partners in a land transaction and continued to own real property together;

       d.    that the result of all such conduct was to conceal from plaintiffs the bias and prejudice of the defendant judge;

       e.    that by reason of such conspiracy under color of law, plaintiffs' right to due process of law has been completely subverted and denied.

    3.    Defendant Arnulfo Guerra, a licensed, practicing attorney practicing in Judge Pope's court, does not act under color of law by reason of his capacity as a representative of a client and by virtue of being an officer of the court. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445 (1981). Hence, for this defendant to be liable there must be allegations that the state actor (Judge Pope) committed some act that deprived the plaintiffs of their constitutional or legal rights and that this defendant (Arnulfo Guerra) conspired with Judge Pope to deprive the plaintiffs of their constitutional or legal rights.

    4.    As pointed out in Judge Pope's motion to dismiss, the allegations against Judge Pope do not state a cause of action under federal or state law and hence do not state a claim upon which relief can be granted. In addition, plaintiffs have failed to plead that the alleged unauthorized conduct of Judge Pope was part of state procedure (as distinguished from a random and unauthorized act) and that post deprivation procedures, to wit, rights of appeal, were constitutionally inadequate. *Parrat v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981); *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194 (1984); *Collins v. King*, 743 F2d 248 (5th Cir. 1984). Such inadequate pleading makes the pleading fail to state a claim upon which relief can be granted and warrants dismissal.

    5.    There are no factual allegations to support the conclusory pleading of conspiracy. To support a conspiracy claim, the pleading must allege facts that suggest an agreement between the defendants herein and Judge Pope to commit an illegal act and there must be allegations of an actual deprivation of constitutional or legal rights. As pointed out in *Cinel v. Connick*, 15 F3d 1338 (5th Cir. 1994), without an agreement between the private actors (defendants herein) and the state actor (Judge Pope) joint action involving private parties is not actionable under §1983. There are no allegations in the petition of any agreement between this defendant and Judge Pope. The

CitaPDF - www.texita.com

allegations are mere recitals of relationships between the defendants and the judge before he became a judge and activities which have occurred in the judge's courtroom.

6.     Plaintiffs have not alleged wherein they have been denied due process and indeed they cannot make such allegations. Whatever rulings Judge Pope has made in the case of *Amador v. Alamo Concrete Products, Ltd.* pending in the 229th Judicial District Court of Duval County, Texas are subject to review on appeal by the appellate courts. Section 22.201, Government Code of Texas, §51.012, Civil Practice & Remedies Code of Texas, and Texas Rules of Appellate Procedure. Plaintiffs have not alleged and indeed they cannot allege that the appellate procedures of Texas are inadequate and therefore deprive them of due process.

7.     Plaintiffs have no allegations to support any damages except a conclusory allegation that they have been damaged. As of the filing of this motion, the case of *Amador v. Alamo Concrete Products, Ltd.* is still pending before the 229th Judicial Court in Duval County, Texas, and until the case is finally disposed of, plaintiffs have suffered no damage as a matter of law. There are no allegations that plaintiffs have been deprived of any liberty or of any property.

WHEREFORE PREMISES CONSIDERED and based upon the authorities above cited this defendant prays that the court grant this motion and dismiss the plaintiffs' suit against this defendant, Arnulfo Guerra.

Respectfully submitted,

O. Carl Hamilton, Jr.
Texas State Bar No. 08847000
USDC No. 2253
P.O. Box 3725
McAllen, Texas 78502-3725
Telephone: (956) 632-8299
Facsimile: (956) 686-6109
Attorney for Defendant Arnulfo Guerra

Of counsel:
Atlas & Hall, L.L.P.
PO Box 3725
McAllen, Texas 78502-3725
Telephone: (956) 682-5501
Facsimile: (956) 686-6109

## CERTIFICATE OF SERVICE

I do hereby certify that I have mailed a true and correct copy of the foregoing document to the following on this the ⁷/ⁿˢ day of January, 2000:

Hector P. Gonzalez
LAW OFFICES OF HECTOR P. GONZALEZ
P.O. Box 3728
Alice, Texas  78333

John Skaggs
SKAGGS & GARZA, LLP
P.O. Drawer 2285
710 Laurel
McAllen, Texas 78502-2285

Bryan Gantt
Attorney General's Office of Texas
PO Box 12548
Austin, Texas 78711-2548

Roger Reed
Reed, Carrera & McLain
P.O. Box 9702
McAllen, Texas 78502

_____
O. C. Hamilton, Jr.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| JAVIER ALONZO, ET AL. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. C-00-006 |
| | § | |
| HON. JOHN A. POPE, ET AL. | § | |

## NOTICE OF SUBMISSION

To:  **Hector Gonzalez**
**Law Offices of Hector Gonzalez**
**P. O. Box 3728**
**Alice, Texas 78333**

Please take notice that the motion for summary judgment and motion to dismiss filed by Arnulfo Guerra in the above styled and numbered cause will be brought on for submission before the court in accordance with Rule 6 of the Local Rules for the Southern District of Texas.

O. Carl Hamilton, Jr.
Texas State Bar No. 08847000
USDC No. 2253
P.O. Box 3725
McAllen, Texas 78502-3725
Telephone: (956) 632-8299
Facsimile: (956) 686-6109
Attorney for the Defendant
Arnulfo Guerra

Of counsel:
Atlas & Hall, L.L.P.
PO Box 3725
McAllen, Texas 78502-3725
Telephone: (956) 682-5501
Facsimile: (956) 686-6109

## CERTIFICATE OF SERVICE

I do hereby certify that I have mailed a copy of the foregoing document to the following on this the _21st_ day of January, 2000:

Hector P. Gonzalez
LAW OFFICES OF HECTOR P. GONZALEZ
P.O. Box 3728
Alice, Texas  78333

John Skaggs
SKAGGS & GARZA, LLP
P.O. Drawer 2285
710 Laurel
McAllen, Texas 78502-2285

Bryan Gantt
Attorney General's Office of Texas
P.O. Box 12548
Austin, Texas 78711-2548

Roger Reed
Reed, Carrera & McLain
P.O. Box 9702
McAllen, Texas 78502

O. C. HAMILTON, JR.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAVIER ALONZO, ET AL., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CAUSE NO.  C-00-006 |
| | § | |
| HON. JOHN A. POPE, ARNULFO GUERRA, | § | |
| FRANK R. NYE, HORACIO P. GUERRA, III, | § | |
| AND ELDA CASTILLO | § | |
|     Defendant. | § | |

---

## DEFENDANTS POPE AND CASTILLO'S MOTION TO DISMISS

---

TO THE HONORABLE JUDGE HAYDEN W. HEAD, JR:

COME NOW, Defendants Honorable John A. Pope and Elda Castillo, by and through their attorney of record, John Cornyn, the Attorney General of Texas and the undersigned Assistant Attorney General, and file this motion to dismiss under Federal Rule of Civil Procedure 12 (b)(6) and in doing so would show the court as follows:

### I. INTRODUCTION

Plaintiffs Javier Alonzo, Jose Luis Alonzo, Javier Alonzo Jr., Luis Alonzo Jr., Coronado Alonzo, Gregory Castillo, Eduardo Castillo, and Rosbel Castillo ("Plaintiffs") filed their original petition in the 229th Judicial District Court in Duval County, Texas, on December 7, 1999. Plaintiffs served the Honorable John A. Pope by certified mail, return receipt requested on December 21, 1999. Plaintiffs did not obtain service on Elda Castillo, Court Coordinator for the 381st District Court in

EXHIBIT C

Starr County.[1]  Defendant Arnulfo Guerra removed this lawsuit to this Court on January 6, 2000, based on 28 U.S.C. §1441.[2]  Defendants Pope and Castillo filed their consent to removal on January 12, 2000.

The Plaintiffs in this lawsuit are the plaintiffs in an underlying case, Cause No. 16696, *Amador, et al v. Alonzo Concrete Products Limited, et. al.,* filed in the 229th District Court, Duval County, Texas.  The Presiding Administrative Law Judge, State District Judge Darrell Hester, assigned this case to Judge John Pope. *See* Plaintiffs' petition p. 3.

In this case, Plaintiffs allege that Judge Pope acted without jurisdiction on several unspecified rulings against the plaintiffs. *See* Plaintiffs' Petition p.3, ¶1.  In addition, Plaintiffs complain that the District Court Court Coordinator, Elda Castillo, did not treat Plaintiff in a fair and equitable manner on certain undocumented occasions. *See* Plaintiffs' petition  p.4, ¶ 2.  Finally, plaintiffs allege a conspiracy between District Court Judge John Pope and the attorneys in this action based on unspecified "professional and business arrangements." *See* Plaintiffs' Petition, p.5, ¶ 3.

Defendants bring this motion to dismiss since no substantive cause of action has been alleged against the Honorable John Pope or Elda Castillo.  Moreover, even if a clear set of facts upon which to base a cause of action has been presented, the claims against Judge John Pope and Elda Castillo must be dismissed because Judge Pope and Elda Castillo are entitled to absolute judicial immunity.  Accordingly, Judge John Pope and Elda Castillo file this motion to dismiss pursuant to FED. R. CIV. P. 12 (b)(6).

---

[1] Although she has not been served properly in this matter, Elda Castillo waives service in this matter and joins in this motion to dismiss pursuant to FED. R. CIV. P.12(b)(6)

[2] Defendants timely file this answer pursuant to FED. R. CIV. P. 81(c) and FED. R. CIV. P. 6(a).

## II. ARGUMENTS AND AUTHORITIES

### A. Defendant Pope is immune from suit in his individual capacity.

For over 100 years, federal courts have recognized a judge is entitled to judicial immunity from suit in his individual capacity when his actions are taken in his judicial capacity. *Bradley v. Fisher*, 13 Wall. 335, 351 (1872). The Fifth Circuit has identified a number of reasons for absolute judicial immunity: (1) a judge must be free to act on his own convictions, without fear of personal consequences to himself; (2) the competing interest of the parties appearing before the judge might make it more likely that the losing party may assert that the judge had the wrong motives; (3) judges faced with the possibility of causes of action for damages would be forced to keep rigorous records that would burden the judicial process; (4) other remedies, such as appeal and impeachment, reduce the need for rights of action against judges; (5) the ease of alleging bad faith would make qualified "good faith" immunity worthless; and (6) the need for finality of judgment. *Holloway v. Walker*, 765 F.2d 517, 522-23 (5th Cir. 1985)(citing *Bradley v. Fisher*, 13 Wall. 335(1872)).

Judicial immunity can only be overcome by two sets of circumstances: (1) a judge is not immune from liability for nonjudicial actions and (2) a judge is not immune for actions taken in absence of all jurisdiction. *Mireles v. Waco* 502 U.S. 9, 112 S.Ct. 286 (1991).

### B. Defendant Pope did not act in complete absence of all jurisdiction.

The necessary inquiry in determining whether a judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104-1105 (1978). Because some of the most difficult questions which a judicial officer is called upon to consider and determine relate to his jurisdiction, the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of

*Defendants Pope and Castillo's Motion to Dismiss*                              *Page 3*

the judge. *Id.* Plaintiffs allege that Judge Pope acted "completely outside of his jurisdiction" by allegedly ruling and coordinating hearings on motions in the *Amador* case while in Starr County.[3] Even if the Plaintiffs could specify the orders at issue, Judge Pope clearly maintained jurisdiction over the case under the provisions of the Texas Government Code.

The Duval county case *Amador v. Alamo Concrete* was filed in the 229th District Court in Duval County. The 229th District Court is a multi-county district court composed of Duval, Jim Hogg, and Starr counties. TEX. GOV'T CODE ANN. §24.276. Judge Pope was assigned the case by the Presiding Administrative Judge, State District Judge Darrell Hester. Plaintiffs' petition, page 3,¶ 2. Under Texas law, a judge of a district court in a judicial district that is composed of more than one county may hear and determine all preliminary and interlocutory matters in which a jury may not be demanded, and sign all necessary orders and judgments in the case in *any* county in the district. TEX. GOV'T CODE ANN. § 24.017 (a) (emphasis added). Further, the Texas Government Code provides that a judge may sign an order or decree in any case pending for trial in any county in the district that is convenient to the judge and forward the order to the clerk for filing. TEX. GOV'T CODE ANN. § 24.017 (c). Finally, these powers are granted to judges who hear the matters as visiting judges assigned to the court. TEX. GOV'T CODE ANN. § 24.017 (d); *see also* TEX. GOV'T CODE ANN. § 74.059 (stating a judge assigned has all the powers of the judge of the court in which he is assigned).

Plaintiffs original petition alleges that these hearings were held in Starr county. Starr county

---

[3]Plaintiffs do not plead specifically which hearings and orders involving the Duval County case were allegedly conducted in Starr County. For the reasons stated in this motion, it is irrelevant what rulings were held in which county. Alternatively, Defendants respectfully request an order under FED. R. CIV. P. 7(a) requiring Plaintiff to plead "with particularity" the actions that he believes are outside the scope of immunity. *Schultea v. Wood,* 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc).

*Defendants Pope and Castillo's Motion to Dismiss*                                    *Page 4*

is located within the 229th Judicial District. TEX. GOV'T CODE ANN. §24.276. In addition, Plaintiffs' original petition alleges that "Judge Pope was presiding under appointment as visiting judge". Plaintiffs' petition, p.3, ¶ 2. Accordingly, Judge Pope maintained proper jurisdiction over the case at all times during the events that form the basis of this complaint.

## C. Judge Pope's actions were taken in his judicial capacity.

The alleged actions in Plaintiff's petition were clearly taken in Judge Pope's judicial capacity. The Fifth Circuit has devised a four-prong test to determine which actions are "judicial" actions:

(1) Whether the act complained of was a normal judicial function;
(2) Whether the events involved occurred in the courtroom or adjunct spaces, such as the Judge's chambers;
(3) Whether the controversy centered around a case pending before the judge; and,
(4) Whether the act arose directly and immediately out of a visit to the judge in his official capacity.

*Holloway v. Walker*, 765 F.2d 517, 524 (5th Cir. 1985).

The specific acts complained of in the instant case satisfy each of the elements of this test. First, although the petition does not state what hearings and orders are in issue, it is clear that the rulings are the basis for the complaint. Plainly, a judicial ruling is a normal judicial function. *See* TEX. R. CIV. P. 166(i), TEX. R. CIV. P. 87. Second, all of the alleged acts occurred within the courtroom or the judge chambers. *See* Plaintiffs' petition ¶ 2, page 3(stating "such hearings in the Duval County action held in Starr County"). Third, the *Amador* matter was pending before the judge at the time of the alleged acts. *Id.* (stating "Defendant John A. Pope as presiding judge in such case.") Finally, the alleged acts arose directly and immediately out of a visit with the judge in his official capacity. Specifically, Plaintiffs' petition states the judge ruled against them on several

unspecified motions. *Id.* Instead of proceeding through the appropriate appellate steps provided by the Texas Rules of Civil Procedure, Plaintiffs filed this lawsuit alleging an undocumented conspiracy.

Under federal law, when a judge's absolute immunity would protect him from liability for the performance of particular acts, mere allegations that he performed those acts pursuant to a conspiracy will not be sufficient to avoid immunity. *Holloway*, 765 F.2d at 522 (citing *Sparks v. Duval Ranch Co.* 604 F.2d 976 (5th Cir. 1979)(enbanc)), *aff'd sub nom*, *Dennis v. Sparks*, 449 U.S. 24, 101 S.Ct. 183 (1980). The federal civil rights laws do not provide a vehicle to attack state court judges for actions taken within the scope of their judicial authority. *Bogney v. Jones*, 904 F.2d 272, 274 (5th Cir. 1990). Judge Pope was acting in his judicial capacity and maintained jurisdiction of the Duval County case during the events that gave rise to this lawsuit. Accordingly, Plaintiffs' claims against Defendant Judge John Pope should be dismissed in their entirety.

## D. Defendant Elda Castillo as Court Coordinator for the 381st District Court shares in Judicial Immunity

Defendant Elda Castillo is the Court Coordinator for the 381st Judicial District Court. *See* Plaintiff's Petition p.2, ¶ 5. "Offices of the court who are integral parts of the judicial process, such as court clerks, law clerks, bailiffs, constables issuing writs, and court appointed receivers and trustees are entitled to judicial immunity if they function as an arm of the court." *Delcourt v. Silverman,* 919 S.W.2d 777, 781 (Tex. App-Houston [14th Dist.] 1996, writ denied); *Balcock v. Tyler*, 884 F.2d 497 (9th Cir. 1989) *cert. denied*, 493 U.S. 1072, 110 S. Ct. 1118 (1990); *see also Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991). This type of immunity is referred to as "derived judicial immunity" because it protects participants in judicial and other adjudicatory

positions. *See Clements v Bornes,* 834 S.W. 2d 45, 46 (Tex 1992). The underlying policy of this type of immunity prevents "the harassment and intimidation that might otherwise result if disgruntled litigants could vent their anger by suing either the person who presented the decision maker with adverse information, or the person or persons who rendered an adverse opinion." *See Mitchell,* 944 F.2d at 230 (citing *Delenbach v. Letsinger,* 889 F.2d 755 at 763(7th Cir. 1989)), *cert. denied,* 494 U.S. 1085, 110 S.Ct. 1821 (1990), *Johnson v. Kegans,* 870 F.2d 992, 996-997 (5th Cir. 1989).

At all times relevant to this complaint, Elda Castillo was acting as the Court Coordinator for the 381st District Court and is thus entitled to derived judicial immunity. Plaintiffs do not allege any facts in their complaint that overcome Defendant Castillo's entitlement to derived judicial immunity. Accordingly, Plaintiffs' claims against Defendant Castillo should be dismissed under FED. R. CIV. P. 12(b)(6).

E.    **Plaintiffs' allegations fail to state a claim for which relief can be granted.**

Plaintiffs state "for further cause of action," that Judge Pope "was involved in professional and business arrangements" with the co-defendants in this action. *See* Plaintiffs' petition, p.5, ¶3. Plaintiffs assert that Judge Pope and these attorneys "conspired" against the Plaintiffs. *Id.*

Without more, Plaintiffs have failed to state a cause of action under federal or state law. "A complaint must contain either direct allegations on every material point necessary to sustain a recovery or . . . contain allegations from which an inference can fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975(5th Cir. 1995). Conclusory allegations or legal conclusions masquerading as factual conclusions will not survive a motion to dismiss. *Fernandez- Montes v. Allied Pilot's Ass'n ,*987 F.2d 278, 284

(5th Cir. 1993).

Even if the Plaintiffs' claims were true, they have utterly failed to state a claim. Texas law does not contemplate filing a document disclosing real property owned by a judge. Neither do the Texas Rules of Civil Procedure contemplate recusal for any of the allegations stated in Plaintiffs' original petition. *See* TEX. R. CIV. P. 18b(2). Plaintiffs' counsel does not and cannot cite any statutory authority for the proposition that any of the acts plead, if true, would violate any duty owed by the Honorable John Pope. Accordingly, Plaintiffs' claims must be dismissed in their entirety.

### III. CONCLUSION

Plaintiffs' have failed to state a claim for which relief can be granted. In addition, the Honorable John Pope was acting in his judicial capacity and within his jurisdiction during all events that form the basis of Plaintiffs' petition. Accordingly, the Honorable John Pope is entitled to absolute judicial immunity, barring all Plaintiffs' claims against Pope. In addition, Plaintiffs' claims against Elda Castillo are barred by derived judicial immunity, as she was working as an arm of the court during all events that form the basis of Plaintiffs' petition. For these reasons, Plaintiffs' claims against Defendants Pope and Castillo must be dismissed in their entirety.

### IV. PRAYER.

WHEREFORE PREMISES CONSIDERED Defendants pray that this Courts deny all relief requested by the Plaintiff. Further, Defendants request that this court grant Defendants' Motion to Dismiss, dismiss Plaintiffs' claims against Defendants in their entirety and grant Defendants all further relief at law and in equity to which Defendants may be entitled.

*Defendants Pope and Castillo's Motion to Dismiss*                    *Page 8*

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

LINDA S. EADS
Deputy Attorney General for Litigation

TONI HUNTER
Chief, General Litigation Division

_Bryan Gantt_

BRYAN GANTT
Southern District of Texas Bar No. 23810
Texas Bar No. 24007219
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

ATTORNEYS FOR THE HONORABLE JOHN A.
POPE AND ELDA CASTILLO

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent via
certified mail, return receipt requested on this the _12th_ day of January, 2000, to:

Hector P. Gonzalez
3884 E. Hwy 44
P.O. Box 3728
Alice, Texas   78333

Mr. John Skaggs
Skaggs and Garza
710 Laurel Ave.

_Defendants Pope and Castillo's Motion to Dismiss_                              _Page 9_

P.O. Drawer 2285
McAllen, Texas    78502

Mr. Carl Hamilton
Atlas & Hall
P.O. Drawer 3725
McAllen, Texas    78502

Mr. Roger Reed
Reed, Carrera & McLain
P.O. Box 9702
McAllen, Texas    78502-9702

BRYAN GANTT
Assistant Attorney General

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JAVIER ALONZO, ET AL

V.                                          CIVIL ACTION NO. C-00-006

HON. JOHN A. POPE, ET AL

## ORDER SETTING HEARING

IT IS ORDERED, that the above and foregoing Motion to Dismiss

Filed by Defendant Frank R. Nye, Including Memorandum of

Authorities is set for hearing at _____ o'clock ____.m. on the _

_____ day of _____, 2000.

SIGNED this _____ day of _____, 2000.

_____
JUDGE PRESIDING

COPIES TO:

     Mr. John Skaggs
     SKAGGS & GARZA, L.L.P.
     P. O. Drawer 2285
     McAllen, Texas  78502-2285

     Mr. Hector P. Gonzalez
     3884 E. Hwy 44
     P. O. Box 3728
     Alice, Texas 78333

     Mr. O. C. Hamilton, Jr.
     ATLAS & HALL
     818 Pecan
     McAllen, Texas 78502-3725

     Mr. Bryan Gantt
     Attorney General's Office
     P. O. Box 12548
     Austin, Texas 78711-2548

     Mr. Roger Reed
     P. O. Box 9702
     McAllen, Texas 78502

**Mr. William N. Woolsey**
**WOOLSEY  & SCHMIDT**
**500 North Shoreline Blvd., Suite 1000**
**Corpus Christi, Texas 78471-0002**

CVAPDF – www.fastio.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JAVIER ALONZO, ET AL

V.                                        CIVIL ACTION NO. C-00-006

HON. JOHN A. POPE, ET AL

ORDER GRANTING "MOTION TO DISMISS FILED
BY DEFENDANT FRANK R. NYE, INCLUDING
MEMORANDUM OF AUTHORITIES"

BE IT REMEMBERED that on this date came on for consideration the above-referenced Motion. Said Motion is granted. Those causes of action asserted against Defendant Frank R. Nye are hereby ordered dismissed.

DONE AT CORPUS CHRISTI, TEXAS this _____ day of _____, 2000.

_____
H.W. HEAD, JR.
UNITED STATES DISTRICT JUDGE